THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

UNITED STATES OF AMERICA

v.                                                        Cr. No. 19-cr-142-01-LM


NATHAN CRAIGUE

## DEFENDANT'S SECOND MOTION TO DISMISS OR IN THE ALTERNATIVE COMPEL THE GOVERNMENT TO ELECT BETWEEN MULTIPLICITOUS COUNTS

The defendant, Nathan Craigue, through his counsel, Dorothy E. Graham, AFPD, respectfully moves,  pursuant to Rule 12 of the Federal Rules of Criminal Procedure to dismiss the multiplicitous counts of 18 U.S.C. § 1001 in the indictment, or, in the alternative, to compel the government to elect between the multiplicitous counts.  The two statements made by Craigue, identified in counts one and two, are essentially identical and were made to the same agent.  The second statement, which was a repetition of the first, did nothing to further impair or hinder the agent's investigation.

OFFENSE

Mr. Craigue has been charged with two counts of violating 18 U.S.C. § 1001(a)(2), which makes it a crime to knowingly and willfully make any materially false, fictitious,

or fraudulent statement or representation in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States.

Count One alleges:

> That on or about August 28, 20018, Craigue did knowingly and willfully make a materially false, fictitious and fraudulent statement and representation, by stating to an OSHA Compliance Safety & Health Officer that KM . . . was a subcontractor and was not an employee of the defendant or his business, when, in truth and in fact, as the defendant then and there knew, KM had been an employee and not a subcontractor.

Count Two alleges:

> that on or about October 24, 2018, Craigue "did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation, by stating to an OSHA Compliance Safety & Health Officer that KM . . . was not an employee of the defendant or his business, specifically when the Officer asked him whether CE and KM were employees of his company, the defendant stated, 'I've always treated them – they would come and go as they please, so I would always treat them as not employees,' when, in truth and in fact, as the defendant then and there knew, KM had been an employee and not a subcontractor."

<u>FACTS</u>[1]

In the summer of 2018, Craigue was contracted to do exterior work on a building located at 280 Pleasant Street in Concord.  On August 28, Craigue had two individuals, Kenneth McKenna and Nicholas Ford, tasked with the project.   On that day, Concord Police and Fire Rescue were called to the location because McKenna

---

[1] The facts were obtained from the discovery provided by the government.

had apparently fallen off a ladder while installing siding and suffered a fatal injury. Compliance Safety and Health Officer Scott Kelly, an investigator from OSHA, proceeded to the jobsite to investigate.

Kelly spoke with Ford, who described the accident and explained he was getting paid by the job and would get a check once the project was over.[2]   Craigue eventually arrived at the jobsite and also spoke with Kelly and other investigators. Craigue purportedly explained that Ford and McKenna were subcontractors.  Craigue became emotional about McKenna's death and ended the conversation after answering more of Kelly's questions.

On August 30, 2018, Chris Erickson sent an email to OSHA, reporting that he had worked for Craigue & Sons Siding, and about a month prior had fallen off a ladder, fracturing his hip.   Erickson further explained that McKenna had been his roommate and both had worked for Craigue.  On August 31, 2018 and September 20, 2018 OSHA interviewed Erickson, who stated that he was not a subcontractor, was paid by the hour, and worked about 4 to 5 roofing jobs a year for Craigue.

On September 11, 2018 NH Labor Board Inspector Philip Martineau interviewed Craigue at the NH Worker's Compensation office in Concord.  Prior to determining whether or not Craigue was responsible for labor violations, Martineau

---

[2] Ford provided another statement to OSHA on October 31, 2018, stating that he was actually paid by the hour "under the table" and that he "never lied, [he] just withheld information the first time. When he was talking to [Kelly]." 19R48_OSHA-01142-43.

asked Craigue a series of questions to determine if McKenna and Erickson were independent contractors or employees of Craigue's company.

On September 12, 2018, Kelly, as part of his OSHA investigation, interviewed Martineau regarding Craigue's interview the previous day. Martineau told Kelly that his agency considered McKenna and Erickson to be employees of Craigue and would be issuing citations to Craigue for not providing worker's compensation for them.

On October 24, 2019 Kelly conducted a second interview of Craigue. This time it was recorded. The interview consisted of approximately 69 questions concerning various aspects of Craigue's business. The following excerpt is relevant to Count Two of the indictment:

Kelly:      And it's very hard. And I'm sure it's still hard. But I mean, you know, we have to know – I've got to have the truth.

Craigue:    Yes.

Kelly:      Really, honestly. So I'm just asking you again, I know I asked you there. Is Christopher and [McKenna], are they employees?

Craigue:    I've always treated them – they would come and go as they please, so I would always treat them as not employees.

19R48_OSHA-1037.

On November 15, 2018 the NH Department of Labor issued a decision seeking penalties in the amount of $39,000 and $54,700 for various violations, including failure to provide workers' compensation coverage and failure to keep true and accurate records of hours worked by two employees. On December 7, 2018, the

U.S. Department of Labor, OSHA, issued citations and notification of penalty to Craigue for violating safety and health regulations.   On July 10, 2019, the government obtained a grand jury indictment against Craigue.

## LAW AND ARGUMENT

"A prosecution is multiplicitious when it charges a defendant more than once 'for what is essentially a single crime.'"  *United States v. Smith*, 919 F.3d 1, 15 (1st Cir. 2019)(quoting *United States v. Chiaradio*, 684 F.3d 265, 272 (1st Cir. 2012)).  The Fifth Amendment's Double Jeopardy Clause prohibits such a prosecution. *See United States v. Gordon,* 875 F.3d 26, 32 (1st Cir. 2017).   When a claim of multiplicity is made, a "court must determine whether there is a sufficient factual basis to treat each count as separate.  Such a determination depends on whether Congress intended to punish separately each of the alleged violations." *Smith,* 919 F.3d. at 15 (internal citation and quotations omitted).

"[W]here identical false statements, in either oral or written form, are made in response to identical questions, the declarant may be convicted only once."  *United States v. Stewart*, 420 F.3d 1007, 1013 (9th Cir. 2005)(quoting *United States v. Olsowy*, 836 F.2d 439, 443 (9th Cir. 1987).  Where false statements form the basis of multiple counts, courts conduct a two part inquiry when determining whether those counts are multiplicitous.  *See United States v. Long*, 2007 WL 218592, at *3 (W.D. VA, Jan. 29, 2007).  Courts have considered whether the "declarant was asked the same question

and gave the same answer" and "whether the later false statement further impaired the operations of the government." *United States v. Salsa-Camacho*, 859 F.2d 788, 791 (9th Cir. 1988); see *United States v. Graham*, 60 F.3d 463, 467 (8th Cir. 1995)("creating a unitary harm rule whereby repetition of a false statement which does not constitute an additional impairment of . . . governmental functions, should not be charged separately in an indictment." (internal quotations and citations omitted); *Long*, 2007 WL 218592, at *3 (where defendant lied to the grand jury and then repeated the lie the same day and there was no additional harm to the government, the government failed to show that conduct was truly separate offenses). This Court has the discretion to require the government to make an election between counts before trial. *See United States v. Eichholz*, 2009 WL 10688080, at 8 (S.D., GA, Dec. 14, 2009)(while recognizing courts have reserved determination after the presentation of evidence, "[r]equiring such an election prior to trial will bring clarity to the indictment and eliminate any threat of prejudice to [the defendant] resulting from the multiplicity of charges.").

In this case, Kelly was the agent who questioned Craigue at the jobsite on August 28, 2018 concerning his work relationship with McKenna. After conducting a number of other interviews, including the interview of DOL Officer Martineau, Kelly brought Craigue in for a recorded interview to ask him the same question he had already asked two months prior. *Compare United States v. Salsa-Camacho*, 859 F.2d 788, 791 (9th Cir. 1988) (false statements made to two different customs inspectors who

had different duties could be prosecuted separately if "the repetition of the statement constituted an additional impairment of the operations of the government."). Although the statements were made at two different times, Kelly was acting in the same role and with the same objective – to investigate violations of the occupational safety and health act.  As demonstrated in the transcript of the October 24th interview, Kelly states, "**So I'm just asking you again, I know I asked you there**.  Is Christopher and [McKenna], are they employees?" (emphasis added).  The second statement did nothing to further impede or impair Kelly's investigation.  *See United States v. Stewart*, 420 F.3d 1007, 1014 (9th Cir. 2005).  Furthermore, the same evidence for count 1 – facts describing McKenna's work relationship with Craigue – would be the same for count 2 to prove the falsity of the statements.  *See Graham*, 60 F.3d at 467.  Accordingly, Counts 1 and 2 are multiplicitous.

This is a dispositive motion and so concurrence was not sought, pursuant to Local Rule 7.1(c).

No separate memorandum of law is attached as all points and authorities are contained herein.

Wherefore the defendant through counsel respectfully moves the Court to schedule a hearing, and after hearing dismiss the indictment or in the alternative compel the government to elect between the multiplicitous counts, and for such other relief as may be deemed just.

Respectfully submitted,

Date: February 16, 2020                    /s/ Dorothy E. Graham

Respectfully submitted,

Dorothy E. Graham
Assistant Federal Defender
22 Bridge Street
Concord, NH
603.226-7360

E-mail: Dorothy_Graham@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that the above document was served on the following person on February 16, 2020and in the manner specified herein: electronically served through CM/ECF to AUSA John Davis and AUSA Anna Dronzek.

/s/Dorothy E. Graham

Dorothy E. Graham