UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:19-cr-142-01-LM |
| | ) | |
| NATHAN CRAIGUE, | ) | |
| | ) | |
| Defendant | ) | |

### GOVERNMENT'S OBJECTION TO DEFENDANT'S SECOND MOTION TO DISMISS OR IN THE ALTERNATIVE COMPEL THE GOVERNMENT TO ELECT BETWEEN MULTIPLICITOUS COUNTS

The United States of America, by Scott W. Murray, United States Attorney for the District of New Hampshire, objects as follows to the Defendant's Second Motion to Dismiss or in the Alternative Compel the Government to Elect Between Multiplicitous Counts (ECF No. 19, filed Feb. 16, 2020):

**I.   INTRODUCTION**

Defendant Nathan Craigue ("Craigue") was indicted on July 10, 2019, on two counts of making a false statement to a federal agent, in violation of 18 U.S.C. § 1001(a)(2). Craigue now moves to dismiss the indictment on the ground of multiplicity, or, in the alternative, to compel the government to elect between the two counts. *See* Fed. R. Crim. P. 12(b)(3)(B)(ii) (requiring pretrial motion objecting to indictment for "charging the same offense in more than one count (multiplicity)" if basis for motion is reasonably available and motion can be determined without trial on merits).

In his motion, Craigue cites Ninth Circuit authority for the proposition that when a defendant makes identical false statements in response to identical questions, he commits only one offense, not two. (ECF No. 19 at 5.) Further, according to Craigue, in determining whether an indictment is multiplicitous where false statements form the basis of multiple counts, courts conduct a two-part inquiry: (1) whether the declarant was asked the same question and gave the same answer; and (2) whether the later false statement further impaired the operations of the government. (ECF No. 19 at 5-6 (citing *United States v. Salas-Camacho*, 859 F.2d 788, 791 (9th Cir. 1988).) Craigue contends that although the two false statements alleged in the indictment were separated by nearly two months, the statements were made to the same OSHA inspector and pertained to the same issue (whether KM was an employee and not a subcontractor), and the October 24 statement did nothing to "further impair" the OSHA investigation. (ECF No. 19 at 6-7.) According to Craigue, the indictment is therefore multiplicitous, and he is entitled either to dismissal, or in the alternative to have the government elect between the counts. (ECF No. 19 at 7.)

For the reasons stated below, the government objects.

## II.  THE INDICTMENT

Count 1 of the indictment alleges that on August 28, 2018, in an investigation by the Occupational Safety and Health Administration ("OSHA") of the U.S. Department of Labor, defendant Craigue knowingly and willfully made a material false statement "by stating to an OSHA Compliance Safety & Health Officer that

2

KM, who had died as a result of a workplace accident earlier that day, was a subcontractor and was not an employee of the defendant or his business," when in truth, as Craigue knew, "KM had been an employee and not a subcontractor." (ECF No. 1 at 1.)

Count 2 charges that on October 24, 2018, again in an OSHA investigation, Craigue again made a materially false statement to the OSHA Compliance Safety and Health Officer:  that KM "was not an employee of the defendant or his business, specifically, when the Officer asked him whether CE and KM were employees of his company, the defendant stated, 'I've always treated them – they could come and go as they please, so I would always treat them as not employees,'" even though Craigue knew that "KM had been an employee and not a subcontractor." *Id.*

### III.   ARGUMENTT

**The Indictment Is Not Multiplicitous Because (1) The "Unit of Prosecution" For Section 1001(a)(2) Is The Defendant's False "Statement" And Not A Scheme Or Course Of Conduct, And (2) Requiring The Government To Charge In A Single Count Two Statements Made Two Months Apart Would Result in Duplicity and Adversely Affect A Defendant's Jury Trial Rights. Alternatively, Even If Craigue's Multiplicity Challenge Is Potentially Well-Founded, This Court Should Defer Resolving It Until After The Trial.**

Craigue is not entitled to dismissal or an election at this pretrial juncture, and is at most entitled to renew his motion post-trial, when this Court is in the best position to resolve it.  In general, an indictment is multiplicitous when it charges a defendant more than once for what is essentially a single crime. *United States v. Chiaradio*, 684 F.3d 265, 272 (1st Cir. 2012).  The prohibition against multiplicitous

3

prosecutions is derived from the Fifth Amendment's Double Jeopardy Clause, which bars multiple punishments for the same offense. *United States v. Gordon*, 875 F.3d 26, 32 (1st Cir. 2017). When a defendant raises a multiplicity claim, the court must determine whether there is a sufficient factual basis to treat each count as separate. *See United States v. Stefanidakis*, 678 F.3d 96, 100-01 (1st Cir. 2012). That determination depends on whether Congress intended to punish separately each of the alleged violations. *Id.*

Here, for at least two reasons, Craigue is wrong to claim that his two false statements, separated in time by nearly two months, constitute a single crime. First, and most fundamentally, the text of the statute does not support Craigue's reading. Section 1001(a)(2) penalizes the making of "any materially false, fictitious, or fraudulent statement or representation," suggesting that its "unit of prosecution" is transactional, like mail fraud or wire fraud. *See United States v. Newall*, 658 F. 3d 1, 25-26 (1st Cir. 2011). That is, § 1001(a)(2) does not proscribe a scheme, course of conduct, or some other kind of continuing offense that could encompass a time period as substantial as two months; instead, it prohibits "any" false "statement."[1] In this way, § 1001(a)(2) is distinct from § 1001(a)(1), which criminalizes any "trick, scheme, or device," all of which can occur over time. But the plain language of § 1001(a)(2) allows for no such temporal flexibility. Accordingly, this Court should

---

[1] The version of section 1001 at issue in *Salas-Camacho* was slightly different than the current one, in that it prohibited the making of false "statements," suggesting that the appropriate unit of prosecution could encompass multiple statements in a single substantive count. The word "statement" was used in the singular when the statute was amended in 1996. *See generally Brogan v. United States*, 522 U.S. 398 (1998).

distinguish *Salas-Camacho* (two statements made on same day to different customs inspectors during attempted entry from Mexico) and decline to follow *United States v. Stewart*, 420 F.3d 1007, 1010 n.1 (9th Cir. 2005) (two false statements to FBI agent separated by nearly two months), since the statutory language cannot plausibly be stretched as far as Craigue wishes to take it.

Second, Craigue's suggested construction of the statute would seriously undermine a defendant's Sixth Amendment jury trial rights, since it would encourage duplicity in indictments. That is, if distinct false statements separated by many weeks were required to be joined in a single count, a risk of "serious unfairness" would arise in conditions in which "jurors disagree among themselves as to just which offenses the evidence supports," so that a defendant may "wind up convicted because the jurors agree that the evidence showed that he had committed *an* offense, even if it was ambiguous as to which one." *Newall*, 658 F.3d at 27. Moreover, if the government is permitted to bundle multiple instances of the same offense in a single count, there is a real danger that the defendant will be subject to punishment "over and above what the government's proof actually sustains." *Id.* This Court should deny Craigue's motion, and thereby encourage precision, not sloppiness, in the drafting of charging instruments, for such precision better protects a defendant's trial rights.

Moreover, assuming for argument's sake that the *Salas-Camacho* rule applies in the First Circuit to false statements made nearly two months apart, *cf. Salas-Camacho*, 859 F.2d at 789, this Court should defer resolution of Craigue's

5

motion until after the trial. *United States v. Hubbell*, 177 F.3d 11, 14 (D.C. Cir. 1999) ("[M]ultiplicity claims are better sorted out post-trial."). Such a deferral would not prejudice Craigue's trial rights, since evidence of both of his false statements would be admissible, regardless of how the indictment is constructed. *See United States v. Shea*, 211 F.3d 658, 673 (1st Cir. 2000) (noting, in response to multiplicity challenge to separate firearms convictions, that "it is clear enough that the government is entitled to get both theories before the jury, whether in one count or two"). And it would permit the Court to hear evidence on and resolve essential preliminary issues of fact, including (1) whether the questions asked by the OSHA investigator on two separate occasions were "identical"; (2) whether Craigue's responsive statements were also "identical"; and (3) whether, and to what degree, the later false statement "further impaired" the government's operations. Because deferral until after the trial would allow it to make a fully informed determination of Craigue's multiplicity motion without adversely affecting his rights, this Court should follow that course. *See United States v. Manafort*, 313 F. Supp. 3d 311, 316 (D.D.C. 2018) (following circuit guidance and deferring determination of multiplicity challenge where complained-of duplication did not significantly affect overall "heft" of indictment and any harm from existence of multiple charges could be ameliorated with proper jury instructions, and where allowing potentially multiplicitous charges to go to jury would provide opportunity for appeal of first-impression multiplicity question).

## IV. CONCLUSION

For the reasons stated, this Court should deny Craigue's Second Motion to Dismiss or in the Alternative Compel the Government to Elect Between Multiplicitous Counts, or, in the alternative, defer resolution of the motion until after the trial.

Date: February 26, 2020     Respectfully submitted

SCOTT W. MURRAY
United States Attorney

By: /s/ John S. Davis
John S. Davis
Anna Dronzek
Assistant U.S. Attorneys
53 Pleasant Street, 4th Floor
Concord, NH 03301
(603) 225-1552