UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>United States</u>

    v.                                                  Criminal No. 19-cr-142-LM
                                                          Opinion No. 2020 DNH 031

<u>Nathan Craigue</u>

## **O R D E R**

The defendant, Nathan Craigue, is charged with two counts of making a false statement to a federal agent in violation of 18 U.S.C. § 1001(a)(2). Craigue moves to dismiss the indictment under Federal Rule of Criminal Procedure 12(b)(3)(B). The government objects. The court heard argument on the motion at a hearing on February 20, 2020.

## **STANDARD OF REVIEW**

Federal Rule of Criminal Procedure 12(b)(1) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Specifically, a motion claiming a defect in the indictment, such as lack of specificity or the failure to state an offense, must be raised in a pretrial motion when the basis for the motion is "reasonably available" and the motion can be determined without a trial on the merits.

Fed. R. Crim. P. 12(b)(3)(B); see also United States v. Rodriguez-Rivera, 918 F.3d 32, 34 (1st Cir. 2019).  When considering a motion to dismiss under Rule 12(b), the court must accept the factual allegations in the indictment as true.  See United States v. Guerrier, 669 F.3d 1, 4 (1st Cir. 2011); United States v. Bohai Trading Co., 45 F.3d 577, 578 n.1 (1st Cir. 1995).

## BACKGROUND[1]

Craigue is the owner and operator of Craigue & Sons Home Exteriors, which is a siding and home exterior company.  In the summer of 2018, the company was hired to perform work on a property located in Concord, New Hampshire.  Craigue tasked two individuals, Kenneth McKenna and Nicholas Ford, with the project.  On August 28, 2018, McKenna had an accident at the job site.  He later died from his injuries.

The day of the accident, an officer from the Occupational Safety and Health Administration ("OSHA") visited the job site and questioned Craigue.  In response to the OSHA officer's

---

[1] To the extent the following facts are not alleged in the indictment, the court has drawn them from the parties' pleadings.  These facts are not dispositive of the pending motion and are recited only to provide context.

questioning, Craigue stated that McKenna and Ford were subcontractors, not employees.

In October 2018, the OSHA officer interviewed Craigue again about the accident. The officer asked Craigue whether McKenna and Ford were employees. Craigue replied "I've always treated them—they would come and go as they please, so I would always treat them as not employees." Doc. no. 1 at 2.

In 2019, a grand jury indicted Craigue on two counts of making a false statement to a federal agent in violation of 18 U.S.C. § 1001(a)(2). Count one alleges that Craigue knowingly and willfully made a materially false statement to the OSHA officer on the day of the accident by stating that McKenna was a subcontractor, not an employee. Count two alleges that Craigue knowingly and willfully made a second materially false statement to the OSHA officer when he stated in October 2018 that "I've always treated them—they would come and go as they please, so I would always treat them as not employees." Doc. no. 1 at 2. In essence, both counts allege that Craigue lied to the OSHA officer by representing that McKenna was not his employee.

## DISCUSSION

Craigue moves to dismiss the indictment on three grounds: (1) both counts in the indictment lack specificity because they

do not inform him of the applicable definition of "employee"; (2) count two fails to state an offense; and (3) 18 U.S.C. § 1001(a)(2) is void for vagueness as applied to him. The court will address each argument in turn.

I.  Lack of Specificity

Craigue first argues that the court should dismiss the indictment because it lacks specificity. The Constitution states that a defendant cannot "be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury" and that he has the right "to be informed of the nature of the cause of the accusation." United States v. Stepanets, 879 F.3d 367, 372 (1st Cir. 2018) (quoting U.S. Const. amend. V, VI). Consistent with these constitutional mandates, Federal Rule of Criminal Procedure 7(c)(1), requires that an indictment contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1).

"An indictment need not say much to satisfy these requirements—it need only outline the elements of the crime and the nature of the charge so that the defendant can prepare a defense and plead double jeopardy in any future prosecution for the same offense." Stepanets, 879 F.3d at 372 (internal quotation marks omitted). This means that an indictment that

4

tracks the statute's terms is legally sufficient if it is accompanied by a statement of the facts and circumstances that adequately informs the defendant of the specific offense with which he is charged. See id.; United States v. Savarese, 686 F.3d 1, 6 (1st Cir. 2012).

Craigue argues that the indictment lacks specificity because it does not advise him of the definition of "employee" that will be used to evaluate whether his statements were true or false. However, he has not cited, nor has the court found, any authority requiring an indictment to define a term used in a defendant's allegedly false statement in order to provide the defendant sufficient notice. Moreover, applying the standard outlined above, the indictment is adequately specific.

Both counts one and two outline the elements of the crime of making a false statement to a federal agent. "In order to convict a defendant of making a false statement under 18 U.S.C. § 1001, the prosecution must prove that the defendant, in a matter within the jurisdiction of the United States government, knowingly made a material statement to the government which was false." United States v. Dwyer, 238 F. App'x 631, 649 (1st Cir. 2007); see also 18 U.S.C. § 1001(a)(2). Both counts one and two satisfactorily allege each of these elements.

Both counts also identify enough factual context to notify Craigue of the specific offense alleged in each count. Count one explains that the false statement at issue is Craigue's statement to the OSHA officer on the day of the accident that McKenna was a subcontractor, not an employee. Similarly, count two clearly identifies the alleged false statement at issue as Craigue's October 2018 statement that he "always treated" McKenna as "not an employee." The indictment's recitation of the statutory elements and the factual context is sufficient to put Craigue on notice of the nature of the charges against him and enable him to prepare a defense. See United States v. Guthartz, 573 F.2d 225, 227 (5th Cir. 1978) (holding indictment charging violation of § 1001 sufficient when it set out elements of the offense and advised defendant of the manner in which he violated the statute); see also Rodriguez-Rivera, 918 F.3d at 34-35 (holding indictment for aggravated identity theft sufficient when it tracked the statutory language and fairly identified alleged criminal conduct).

## II. Failure to State an Offense

Craigue next argues that count two fails to state an offense because the statement identified in count two is not false. Count two alleges that the following statement was

false: "I've always treated them—they would come and go as they please, so I would always treat them as not employees." Doc. no. 1 at 2. Craigue asserts that, if a statement can be interpreted in several ways, the government must prove beyond a reasonable doubt that the statement is false under any reasonable interpretation. He argues that one reasonable interpretation of his statement is that it was not an assertion of fact, but an expression of his subjective viewpoint, so it cannot be false.

The court is not persuaded. In a prosecution for making a false statement, the government bears the burden of negating "any reasonable interpretation" of defendant's statement that would make it "factually correct." United States v. Gatewood, 173 F.3d 983, 988 (6th Cir. 1999) (internal quotation marks omitted); see also United States v. Diogo, 320 F.2d 898, 907 (2d Cir. 1963). Importantly, this standard identifies the government's burden at trial—not at the motion to dismiss phase. See Gatewood, 173 F.3d at 988 (finding insufficient evidence to support verdict when, at trial, government failed to rebut reasonable interpretation of defendant's statement that would make it factually correct). Thus, Craigue's reliance on this case law is inapposite at this stage of the proceedings.

7

Craigue also relies on United States v. Hatch, 434 F.3d 6 (1st Cir. 2006) in support of his argument that count two fails to state an offense. Hatch stands for the proposition that when the question that a defendant was asked is open to several interpretations, the government must prove that the defendant's answer was false under any reasonable interpretation of the question. See id. at 5-6. Craigue is not arguing that the question he was asked in count two was ambiguous, but that his answer was. His reliance on Hatch is therefore misplaced.

In any case, the rule stated in Hatch relates to the government's burden of proof at trial, not its burden of pleading a sufficient indictment. See id. As such, this argument would be better placed in a Rule 29 motion for judgment of acquittal, not a motion to dismiss the indictment. Ultimately, whether Craigue's statement alleged in count two is true or false is a question for the jury. See Guerrier, 669 F.3d at 4 ("[C]ourts routinely rebuff efforts to use a motion to dismiss as a way to test the sufficiency of the evidence behind an indictment's allegations.").

III. Vagueness

Finally, Craigue argues that the court should dismiss the indictment because 18 U.S.C. § 1001(a)(2) is void for vagueness

as applied to him.  He asserts that whether someone is an "employee" is a complex question of fact and law and therefore the statute failed to provide him with adequate notice that his statements were unlawful.

"The Fifth Amendment's Due Process Clause requires that a criminal statute provide adequate notice to a person of ordinary intelligence that his contemplated conduct is illegal."  United States v. Zhen Zhou Wu, 711 F.3d 1, 13 (1st Cir. 2013) (internal quotation marks omitted).  This "void for vagueness doctrine" has two aims: (1) to ensure that "regulated parties . . . know what is required of them so they may act accordingly;" and (2) to prevent a lack of precision in the law that enables those enforcing the law to apply it in an arbitrary or discriminatory way.  Id. (internal quotation marks omitted).

Outside the First Amendment context, the court must consider "whether a statute is vague as applied to the particular facts at issue."  Id. at 15 (internal quotation marks and emphasis omitted).  In other words, the court need only determine whether Craigue "in fact had fair notice that the statute . . . proscribed [his] conduct."  Id. (internal quotation marks omitted).  This is so because a defendant "who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct

of others."  Id. (quoting Holder v. Humanitarian Law Project, 561 U.S. 1, 18-19 (2010)).

In the context of this case, the vagueness inquiry hinges on whether Craigue in fact had fair notice of the relevant definition of "employee" and notice that it would be unlawful for him to make a false statement to a federal agent about someone's status as an employee or non-employee.  Because this vagueness inquiry depends on whether Craigue in fact had fair notice that his conduct was prohibited, it would be premature for the court to resolve it at this time.  See United States v. Harris, No. CR 09-10243-MLW, 2012 WL 2402788, at *3 (D. Mass. June 26, 2012) (denying as premature defendant's motion to dismiss the indictment for unconstitutional vagueness); United States v. Caputo, 288 F. Supp. 2d 912, 917 (N.D. Ill. 2003) (same); see also United States v. Turner, 842 F.3d 602, 605 (8th Cir. 2016) (holding that district court erred by ruling on pretrial motion to dismiss indictment for unconstitutional vagueness instead of deferring ruling until trial); United States v. Reed, 114 F.3d 1067, 1070 (10th Cir. 1997) (same).  Resolution of Craigue's vagueness challenge will depend on the facts adduced at trial.  Accordingly, the court denies the

motion to dismiss on this theory without prejudice to Craigue's ability to raise the issue at the appropriate time.[2]

**CONCLUSION**

For the foregoing reasons, Craigue's motion to dismiss the indictment (doc. no. 15) is denied as to grounds (1) and (2) and denied without prejudice as to ground (3).

SO ORDERED.

_____
Landya McCafferty
United States District Judge

March 3, 2020

cc: Counsel of Record
    U.S. Probation
    U.S. Marshal

---

[2] The court notes, however, that the fact that 18 U.S.C. § 1001(a)(2) prohibits only "willfully" made false statements minimizes the likelihood that the statute will be unconstitutionally vague as applied. See Zhen Zhou Wu, 711 F.3d at 15 ("Where a statute explicitly provides that a criminal violation of its terms must be willful, the void-for-vagueness doctrine is especially inapposite since the statute itself ensures that good-faith errors are not penalized." (internal quotation marks, brackets, and citation omitted)).