IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ] | |
| ] | |
| v. ] | No. 19-cr-142-LM |
| ] | |
| NATHAN CRAIGUE ] | |

## DEFENDANT'S MOTION IN LIMINE #1

Nathan Craigue respectfully moves the Court to exclude any testimony or other evidence introduced through any prosecution witness on the law that applies to determining whether an individual is an employee or independent contractor (or subcontractor). Mr. Craigue further moves the Court to exclude any opinion testimony or other evidence that Kenny McKenna was an employee of Mr. Craigue or his business, or that Mr. McKenna was not an independent contractor (or subcontractor).

As grounds for this motion, it is stated:

A. <u>The Charges</u>

Mr. Craigue is charged in a two-count indictment with making false statements. Both counts allege that he knowingly made false statements concerning the status of Kenny McKenna as an employee or independent contractor (or subcontractor). Whether the statements were in fact false turns on Mr. McKenna's status.

B. <u>Testimony on definitions of independent contractor and employee is inadmissible</u>

"It is black-letter law that it is not for witnesses to instruct the jury as to applicable principles of law, but for the judge." *Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 99 (1st Cir. 1997) ("At least seven circuit courts have held that the Federal Rules of Evidence prohibit such testimony, and we now join them as to the general rule.") (collecting cases). With the exception of questions of foreign law, "[i]n our legal system, purely legal questions and instructions to the

1

jury on the law to be applied to the resolution of the dispute before them is exclusively the domain of the judge. Accordingly, expert testimony on such purely legal issues is rarely admissible." *Id*.

Here, instructing the jury as to the employment of status of Mr. McKenna is the Court's task. Because the jury does not decide what the law is, evidence concerning the applicable law is

> not helpful to the jury and so does not fall within the literal terms of Fed.R.Evid. 702, which allows expert testimony "[i]f scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue...." As the D.C. Circuit noted, "Expert testimony that consists of legal conclusions cannot properly assist the trier of fact in either respect...." This is because the judge's expert knowledge of the law makes any such assistance at best cumulative, and at worst prejudicial.

*Nieves-Villanueva v. Soto-Rivera,* 133 F.3d 92, 100 (1st Cir. 1997) (internal citations and some internal quotation marks omitted).

C. <u>Opinion testimony on applying independent contractor/ employee law is also inadmissible</u>

Determining whether Mr. McKenna was an employee or independent contractor involves applying the appropriate legal standard to particular facts. This is sometimes considered a "mixed question" of law and fact, and other times a question of law. *See generally Guerrero-Lasprilla v. Barr,* 140 S. Ct. 1062, 1067 ("The question that these … cases present is whether the phrase "questions of law" … includes the application of a legal standard to undisputed or established facts. We believe that it does."); *id*. at 1069 (We have sometimes referred to … a question … which has both factual and legal elements, as a 'mixed question of law and fact.'") Whatever the appropriate phrasing, this is a question for the jury, and opinion testimony – lay or expert – is inadmissible on it.

Admissibility of lay opinion testimony is controlled by Rule 701:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> (a) rationally based on the witness's perception;
>
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Here, whether Mr. McKenna was an employee or independent contractor is an ultimate issue in this case. Lay opinion testimony on an ultimate issue "rarely" meets the helpfulness standard of Rule 701(b) as it allows the witness to displace the jury. *United States v. Rodriguez-Adorno*, 695 F.3d 32, 39 (1st Cir. 2012) (error to permit testimony describing incident as a "carjacking"); *United States v. Vazquez-Rivera*, 665 F.3d 351, 358 (1st Cir. 2001) (error to permit testimony imputing observed online conduct to the defendant). Furthermore, any testimony about Mr. McKenna's status would be based on "specialized knowledge" of the law, and would therefore run afoul of Rule 701(c). Finally, such categorization testimony fails to satisfy Rule 701(a) because it is not based on the witness's perceptions, but instead requires the reasoned application of legal principles.

For two independent reasons, such testimony is also inadmissible as expert testimony. First, the government has made no expert disclosure whatsoever in this case, as required by Federal Rule of Criminal Procedure 16(G) and Local Criminal Rule 16.1(b)(3). In fact, the government has indicated in its recent status report that it is not calling any experts. Second, such testimony would be inadmissible even if it had been properly disclosed.

The First Circuit has cited with approval the Second Circuit's conclusion that expert testimony that an FAA regulation was violated should be excluded. *Nieves-Villanueva v.*

*Soto-Rivera,* 133 F.3d 92, 100 (1st Cir. 1997) (*citing In re Air Disaster at Lockerbie, Scotland on December 21, 1988*, 37 F.3d 804, 826–27 (2d Cir.1994)).

> Pan Am's next contention has greater merit. It declares that plaintiffs' witnesses improperly offered legal opinions as to ACSSP ["Air Carrier Standard Security Program," the FAA regulations at issue in this case] violations. We agree that Vincent's statement as to his belief that Pan Am violated the ACSSP is dubious. While an expert witness may testify as to an ultimate fact issue the jury will decide, *see* Fed.R.Evid. 704, the general rule is that an expert may not testify as to what the law is, because such testimony would impinge on the trial court's function. Permitting an expert to give a legal conclusion may implicitly provide a legal standard to the jury. Thus, expert testimony expressing a legal conclusion should ordinarily be excluded because such testimony is not the way in which a legal standard should be communicated to the jury. Vincent's testimony … "that Pan Am did indeed violate the ACSSP" embodied a legal conclusion that crossed the fine line between a permissible conclusion as to an ultimate issue of fact and an impermissible legal conclusion.

*In re Air Disaster at Lockerbie Scotland on Dec. 21, 1988*, 37 F.3d 804, 826–27 (2d Cir. 1994) (some internal citations omitted), *abrogated on other grounds by Zicherman v. Korean Air Lines Co.*, 516 U.S. 217, 116 S. Ct. 629, 133 L. Ed. 2d 596 (1996).

By the same reasoning, application of the legal standards as to employee and independent contractor to Mr. McKenna's status is a matter of the jury applying the law, as this Court instructs, to the facts as the jury finds them. No opinion testimony on this issue should be admitted.

WHERFORE, Nathan Craigue respectfully moves the Court to exclude any testimony or other evidence introduced through any prosecution witness on the law that applies to determining whether an individual is an employee or independent contractor (or subcontractor). Mr. Craigue further moves the Court to exclude any opinion testimony or other evidence that Kenny

McKenna was an employee of Mr. Craigue or his business, or that Mr. McKenna was not an independent contractor (or subcontractor).

Respectfully submitted,

*/s/ Behzad Mirhashem*
Behzad Mirhashem
N.H. Bar #10031

## CERTIFICATE OF SERVICE

    I hereby certify that on October 21, 2020 the above document was served electronically upon all counsel of record through the CM/ECF filing system.

/s/ *Behzad Mirhashem*
Behzad Mirhashem