THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

UNITED STATES OF AMERICA

v.                                                                                    Cr. No. 19-cr-142-01-LM

NATHAN CRAIGUE

## DEFENDANT'S MOTION IN LIMINE # 3:
## PURSUANT TO FED. R. EVID. 609(a)(1)(A)/GOVERNMENT ASSENTS

The defendant, Nathan Craigue, through his counsel, respectfully move, pursuant to Fed. R. Evid. 609(a)(1(A)) to impeach the government's witness, Christopher Erickson, with a felony-level drug conviction from 2015.

## FACTS

The government contends that Craigue lied to an OSHA agent when he stated that Kenneth McKenna was a subcontractor, rather than an employee. During the investigation, OSHA interviewed Christopher Erickson, who claimed that both he and McKenna were actually employees of Craigue. Counsel anticipates the government will call Christopher Erickson to testify about his observations concerning McKenna's business and employment relationship with Craigue.

On March 10, 2015, Erickson was convicted of the felony-level offense of Possession of a Narcotic Drug, Methadone. He received a sentence of 12 months in the House of Correction with all but 90 days suspended for three years. On the same date, he was convicted of the felony-level offense of Possession of a Narcotic Drug, Oxycodone. He was sentenced to 2 to 4 years, with all of the minimum and maximum sentence suspended for five years.

1

## LAW AND ARGUMENT

"Rule 609 provides that if certain conditions are met a trial court may admit evidence that a witness has been convicted of a felony – that is, a crime punishable by more than one year in prison for the purpose of attacking the character for truthfulness of that witness." *United States v. Nguyen,* 542 F.3d 275, 278 (1st Cir. 2008)(internal quotation omitted); Fed. R. Evid. 609(a)(1)(A). "A court may admit a conviction of the accused only if the probative value 'outweighs its prejudicial effect to the accused.' By contrast, a court shall admit a conviction of a government witness unless that conviction should be excluded under Rule 403. The burden under Rule 403 is on the party opposing admission, who must show that the probative value 'is substantially outweighed by the danger of unfair prejudice.'" *United States v. Tse*, 375 F.3d 148, 164 (1st Cir. 2004). "Rule 609 is premised on 'the common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath.'" *Walden v. Georgia-Pac. Corp.*, 126 F.3d 506, 523 (3d Cir. 1997) (quoting *Cummings v. Malone*, 995 F.2s 817, 826 (8th Cir. 1993)).

Erickson was convicted of a felony-level drug offense within the past five years. The jury should be permitted to use that evidence in assessing Erickson's credibility. The government cannot demonstrate that the probative value is substantially outweighed by the danger of unfair prejudice.

No separate memorandum of law is attached as all points and authorities are contained herein.

The government assents.

                                        Respectfully submitted,

Date: October 21, 2020                      */s/ Dorothy E. Graham*

                                        Respectfully submitted,

                                        Dorothy E. Graham
                                        Assistant Federal Defender
                                        22 Bridge Street
                                        Concord, NH
                                        603.226-7360

                                        E-mail: Dorothy_Graham@fd.org

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above document was served on the following person on October 21, 2020 and in the manner specified herein: electronically served through CM/ECF to AUSA John Davis and AUSA Anna Dronzek.

                                        */s/Dorothy E. Graham*

                                        Dorothy E. Graham