IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

UNITED STATES OF AMERICA           ]
                                   ]
v.                                 ]        No. 19-cr-142-LM
                                   ]
NATHAN CRAIGUE                     ]

## DEFENDANT'S MOTION TO COMPEL

Nathan Craigue respectfully moves the Court to order the government to comply with the discovery deadlines in Local Rule 16.1 with the jury selection date being the date of the commencement of the "trial" and "proceedings" as those terms are used in the Rule.

An expedited ruling is requested because this motion deals with time-sensitive disclosures that would otherwise be delayed. In fact, as argued herein, the deadline for production of *Giglio/Brady* materials was October 20, three weeks before November 10, the jury selection date.

As grounds for this motion, it is stated:

Introduction

At a status conference on October 20, 2020, the Court stated that, after jury selection on November 10, trial testimony would commence on November 11. The government requested that trial testimony be postponed to November 16 to accommodate the schedule of one of the government's attorneys, and the Court agreed.  The Court indicated its preference for having evidentiary issues resolved in advance of trial to the extent possible.

The government has now taken the position that the deadlines in Local Rule 16.1 should be determined by counting back from November 16, rather than November 10.  As this reading of the rule is contrary to the plain meaning of the words contained in the rule, violates the principle that a term used in separate places in the same rule should be interpreted consistently,

1

and would delay pretrial resolution of evidentiary issues, the Court should reject this reading and

order the government to produce discovery counting back from November 10, 2020.

Local Criminal Rule 16.1

    The relevant portions of the applicable rule provide as follows:

> **16.1 Routine Discovery**
> The parties shall disclose the following information without
> waiting for a demand from the
> opposing party.
> …
> **(d) Exculpatory and Impeachment Material**. The government
> shall disclose any evidence material to issues of guilt or
> punishment within the meaning of Brady v. Maryland,
> 373 U.S. 83 (1963), and related cases, and any impeachment
> material as defined in Giglio v. United States, 405 U.S. 150 (1972),
> and related cases, at least twenty-one (21) days before
> trial. For good cause shown, the government may seek approval to
> disclose said material at a later time.
>
> **(e) Witness Statements**. The government shall disclose any
> witness statements, as defined in Fed. R. Crim P. 26.2(f) and 18
> U.S.C. § 3500, at least seven (7) days prior to the commencement
> of the proceeding at which the witness is expected to testify unless
> the government determines that circumstances call for later
> disclosure as allowed by Rule 26.2 and 18 U.S.C. § 3500.
>
> **(f) Fed. R. Evid. 404(b) Material**. The government shall disclose
> the general nature of any evidence that it intends to introduce
> pursuant to Fed. R. Evid. 404(b) at least seven (7) days prior to
> trial.
>
> **(g) Exhibits**. At least seven (7) days prior to trial, the parties shall
> exchange and file exhibit lists. Exhibits intended to be used solely
> for impeachment need not be listed. Objections to exhibit lists shall
> be filed on the day of trial. The parties shall deliver their
> exhibits to the clerk's office and a copy to each other at least one
> day before the start of evidence.
>
> **(h) Presentation of Electronic Evidence to a Deliberating Jury**.
> At least seven (7) days prior to trial, the parties shall file a
> statement confirming that they have met and conferred on

2

whether they intend to have the jury use the Jury Evidence
Recording System (JERS) and stating their respective positions on
the use of JERS at trial. To the extent one but not all
parties want to use JERS, the party who wants to use JERS shall
file a motion requesting leave to do so.

(i)**Witness Lists**. The parties shall exchange and file witness lists
at least seven (7) days prior to trial. For good cause shown, either
party may seek court approval to exchange witness lists at a later
date.

Argument

With respect to deadlines for *Brady/Giglio* materials, 404(b) evidence, exhibits, JERS,

and witness lists, the local rule counts back from the "trial." By its plain meaning, a "trial"

includes jury selection as its initial phase. *See, e.g.,*

*Owens v. United States*, 483 F.3d 48, 64 (1st Cir. 2007) ("Counsel's failure to object to closing

the trial for an entire day of jury selection, one of the most important phases of a criminal trial,

deprived Owens of a substantial fair trial right") *abrogated on other grounds by Weaver v.*

*Massachusetts*, 137 S. Ct. 1899, 198 L. Ed. 2d 420 (2017); *United States v. Rodriguez*, 63 F.3d

1159, 1164 (1st Cir. 1995) ("It is settled that trial generally 'commences' for Speedy Trial Act

purposes on the day the jury is empaneled, even if not sworn.")

Canons of statutory construction only confirm this plain meaning understanding. *See*

*generally Rosenbaum v. Becker & Poliakoff, P.A.*, No. 08-CV-81004, 2010 WL 11505517, at *4

(S.D. Fla. Apr. 13, 2010) (while courts have great leeway in construing their own local rules,

general canons of statutory construction should be employed the interpretation of such rules).

Here, one canon that applies here is that the same word used in different parts of the same rule

should not be given different meanings. *See Gustafson v. Alloyd Co.,* 513 U.S. 561, 570 (1995)

(the "normal rule of statutory construction" is that "identical words used in different parts of the

same act are intended to have the same meaning.") (internal quotation marks and citation

omitted). If exhibits must be provided 7 days prior to trial, and witness lists have to be provided 7 days prior to trial, exhibits and witness lists must be provided on the same day. But it would be absurd to interpret this rule not to require production of witness lists until 7 days prior to the commencement of testimony, which may come after jury selection in a given case. See *In re Rudler*, 576 F.3d 37, 44–45 (1st Cir. 2009) ("Unless that language is ambiguous, we consider Congress's intent only to be certain that the statute's plain meaning does not lead to 'absurd' results.") (internal citation omitted). Surely, witness lists must be produced before jury selection. It follows, then, that exhibits as well must be produced 7 days before jury selection.

With respect to witness statements, Rule 16.1 counts back not from "trial," but instead from "the commencement of the proceedings." Presumably, this distinction exists because the witness statements rule applies not only to trials, but also to evidentiary hearings. But the analysis is the same. With respect to jury trials, the proceedings commence with jury selection, so the witness statements must be produced 7 days before jury selection.

The government, through AUSA John Davis, objects to this motion.[1]

---

[1] Depending on the Court's ruling, and the timing of the government's discovery production, the defense reserves the right to request appropriate relief from delays resulting from the government's failure to comply with its disclosure obligations.

WHEREFORE, Nathan Craigue respectfully moves the Court to order the government to comply with the discovery deadlines in Local Rule 16.1 with the jury selection date being the date of the commencement of the "trial" and "proceedings" as those terms are used in the Rule.

Respectfully submitted,

*/s/ Behzad Mirhashem*
Behzad Mirhashem
N.H. Bar #10031

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2020 the above document was served electronically upon all counsel of record through the CM/ECF filing system.

/s/ *Behzad Mirhashem*
Behzad Mirhashem