IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ] | |
| ] | |
| v. ] | No. 19-cr-142-LM |
| ] | |
| NATHAN CRAIGUE ] | |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Pursuant to Federal Rule of Criminal Procedure 30 and Local Criminal Rule 30.1, Nathan Craigue respectfully requests that the Court include the following in its jury instructions.

Rule 30.1 limits proposed instructions to those "concerning the elements of the offense and unusual evidentiary matters." The Court has further instructed the parties in its final pretrial order not to submit "boilerplate" instructions. Therefore, only proposed instructions concerning the elements of the offense are attached. The defense also requests, however, that the instructions in this case include the following: presumption of innocence, burden of proof, reasonable doubt[1], indictment is not evidence, impeachment by prior inconsistent statements, impeachment by prior conviction, use of tapes and transcripts, credibility of witnesses, law enforcement witnesses, defendant's constitutional right not to testify (if the defendant does not testify), separate consideration of each count in a multi-count indictment, requirement of unanimity as to statement charged in each count[2].

---

[1] The defense requests the instruction given by Judge Keeton and approved by the First Circuit in *United States v. Cleveland*, 106 F.3d 1056, 1062-63 (1st Cir. 1997).

[2] *United States v. Gonzalez*, 786 F.3d 714, 717 (9th Cir. 2015) ("a general unanimity instruction alone is insufficient if it appears that there is a genuine possibility of jury confusion or that a conviction may occur as the result of different jurors concluding that the defendant committed different acts. In such circumstances, a specific unanimity instruction is required." (internal quotation marks and citation omitted); *see generally United States v. Newell*, 658 F.3d 1, 23-27 (1st Cir. 2011) (discussing unanimity requirement).

1

Respectfully submitted,

*/s/ Behzad Mirhashem*
Behzad Mirhashem
N.H. Bar #10031

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2020 the above document was served electronically upon all counsel of record through the CM/ECF filing system.

/s/ *Behzad Mirhashem*
Behzad Mirhashem

Defendant's Requested Instruction # 1

In Counts One and Two, Mr. Craigue is charged with making a false statement in a matter within the jurisdiction of the Occupational Safety and Health Administration ("OSHA"), a government agency.

Count One relates to Mr. Craigue's alleged statement to an OSHA investigator on August 28, 2018 that Mr. McKenna was an independent contractor not an employee.

Count Two relates to Mr. Craigue's alleged statement to an OSHA investigator on August 28, 2018 that Mr. Craigue treated Mr. McKenna as not being an employee.

For you to find Mr. Craigue guilty of the crime charged in each count[3], you must be convinced that, as to that count, the government has proven each of the following beyond a reasonable doubt:

First, Mr. Craigue made a material false statement.[4]

Second, Mr. Craigue made the statement knowingly and willfully.

Third, the statement was made in a matter within the jurisdiction of OSHA.

A statement is "false" if it was untrue when it was made.[5]

A statement made in response to a question is "false" only if it is false under every reasonable interpretation of the question.[6]

I will instruct you shortly about the legal definitions of the term "employee."  Mr. Craigue's statement about Mr. McKenna's status was false only if it was false under every legal definition of the term "employee."[7]

A statement is "material" if it has a natural tendency to influence or to be capable of influencing the decision of the decisionmaker to which the statement was addressed, regardless of whether the agency actually relied on it.[8]

---

[3] 18 U.S.C. § 1001 (" … whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully … makes any materially false, fictitious, or fraudulent statement or representation … shall be fined under this title, imprisoned not more than 5 years …")
[4] *United States v. Gaudin*, 515 U.S. 506 (1995) (in §1001 prosecution, materiality is a question for the jury).
[5] *United States v. Hatch*, 434 F.3d 1, 3 (1995).
[6] *United States v. Hatch*, 434 F.3d 1, 5 (1st Cir. 2006)  ("In a false statement prosecution, an answer to a question is not fraudulent if there is an objectively reasonable interpretation of the question under which the answer is not even false.) (internal brackets and quotation marks omitted); *United States v. Anderson*, 579 F.2d 455, 460 (8th Cir. 1978) ("it was incumbent upon the government to introduce proof sufficient to establish the falsity of the statements as well as the defendant's knowing and willful submission of the statements. In carrying out that burden the government must negative any reasonable interpretation that would make the defendant's statement factually correct").
[7] *See* fn. 5.
[8] *United States v. Gaudin*, 515 U.S. 506, 509 (1995).

A statement is made "knowingly" only if it is made with knowledge and awareness that the statement was false and material.[9] A statement made by Mr. Craigue in response to a question is a knowingly false statement only if the statement was false given Mr. Craigue's understanding of the question.[10]

A statement is made "willfully" if the statement was made voluntarily and intentionally, and with knowledge by the person making the statement that his conduct in making the statement was unlawful. That is, in making the statement, Mr. Craigue must have acted with a bad purpose to disobey or disregard the law. The government need not prove that Mr. Craigue was aware of the specific provision of the law that he is charged with violating, but the government must prove that, when he allegedly made a false statement, he was aware that he was thereby acting unlawfully.[11]

---

[9] *See generally Rehaif v. United States,* 139 S. Ct. 2191, 2195 (2019) ("we start from a longstanding presumption, traceable to the common law, that Congress intends to require a defendant to possess a culpable mental state regarding each of the statutory elements that criminalize otherwise innocent conduct.") (internal quotation marks omitted).

[10] *United States v. Diogo*, 320 F.2d 898, 905-06 (2d Cir. 1963)(" In construing these statements it is well established that we must look to the meaning intended by the appellants themselves, rather than to the interpretation of the statements which the immigration authorities did in fact make, or even to the interpretation which the authorities might reasonably have made. Under 18 U.S.C. § 1001 a person does not answer official questions at his peril." (internal citations omitted).

[11] In *United States v. Zhen Zhou Wu*, 711 F.3d 1, 28 (1st Cir. 2013), the First Circuit said, "Willfulness means nothing more in this context than that the defendant knew that his statement was false when he made it or—which amounts in law to the same thing—consciously disregarded or averted his eyes from its likely falsity." However, in *United States v. Suzanne Brown,* 16-cr-21-JL, Doc. 36 (January 26, 2017) at 25, the Court instructed the jury substantially as requested here. The instruction given on "willfully" was that requested by the government with the following explanation: "Under First Circuit law, the test for willfully is more government-friendly than the one proposed here. *United States v. Zhen Zhou Wu* … (stating that willfulness, as an element of making a false statement to the government, simply means that the defendant knew that the statement was false when made or consciously disregarded or averted her eyes from its likely falsity). In light of a circuit conflict over the definition of willfulness in a § 1001 prosecution, the Department of Justice has advised prosecutors to request the more defendant-friendly instruction set forth above. *See Russell v. United States*, No. 13-7357 (2014) (government concession in the Supreme Court that willfully in a § 1001 case "requires proof that the defendant knew that his conduct was unlawful" rather than that the defendant acted deliberately and with knowledge" that his statements were false)." The Supreme Court vacated the First Circuit's judgment and remanded the case for further consideration in light of the confession of error by the Solicitor General in his brief for the United States filed on March 10, 2014." *Russell v. United States*, 572 U.S. 1056 (2014). On remand, the First Circuit reexamined the convictions, considering evidence of willfulness under an appropriate instruction in deciding whether the error was harmless. *See United States v. Russell*, First Circuit. No. 12-1315, Judgment (May 20, 2014) ("This case reaches us on remand from the Supreme Court. The Court granted certiorari, vacated our opinion, and remanded to us for further proceedings. *See* Russell v. United States … In its brief opposing the grant of certiorari, the government conceded that there was error because the 'knowingly and willfully' term in 18 U.S.C. § 1035 requires that a defendant act with 'bad purpose,' or 'knowledge that his conduct was unlawful,' as explained in *Bryan v. United States*, 524 U.S. 184, 191-92 (1998). The Supreme Court accepted the government's position for purposes of this case, and we do the same. There is no dispute that the district court did not instruct the jury that the government must prove 'bad purpose' to obtain a conviction. However, reversal is proper only if the error is not harmless beyond a reasonable doubt.").

Defendant's Requested Instruction # 2

In order to determine whether Mr. Craigue made a false statement, you must decide whether Mr. McKenna was an independent contractor or an employee of Craigue and Sons.[12]

There is no single legal standard or test for whether an individual is an independent contractor or employee. [13] You should consider the following legal tests in determining whether Mr. McKenna was an independent contractor or employee.  You may find that Mr. Craigue made a false statement about Mr. McKenna's status only if you conclude that Mr. McKenna was an employee under each and every one of these tests.

*Occupational Safety and Health Act*[14]

The Occupational Safety and Health Administration (OSHA), an agency within the Department of Labor, administers the Occupational Safety and Health Act.  In deciding whether an individual is an employee under this Act, one must consider the hiring party's right to control the manner and means by which the product is accomplished. Among the other factors relevant to this inquiry are the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.[15]

All of the incidents of the relationship must be assessed and weighed with no one factor being decisive. However, in most situations, the extent to which the hiring party controls the manner and means by which the worker completes her tasks will be the most important factor in the analysis.[16]

*Fair Labor Standards Act*[17]

The Fair Labor Standards Act, administered by the Department of Labor, protects employees (but not independent contractors) with respect to such matters as minimum wage and overtime pay.  To determine whether an employee-employer relationship exists for the purposes of this Act, courts consider the "economic reality" of the totality of the circumstances bearing on whether the

---

[12] *See, e.g., United States v. Kahre*, D. Nev. 05-cr-121-DAE-RJJ, Doc. 2527 (jury instructions #32) (August 11, 2009).

[13]*See, e.g., Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 379 (5th Cir. 2019) (" it is well-established that the common law concepts of 'employee' and '[independent contractor]' have been specifically rejected as determinants of who is protected by the [Fair Labor Standards Act]") (internal quotation marks omitted).

[14]  *A.C. Castle Constr. Co. v. Acosta*, 882 F.3d 34, 39 (1st Cir. 2018) (in OSHA enforcement action, common law of agency applies to determining status as employee or independent contractor);  *see also* https://www.osha.gov/recordkeeping/faqs/1904_31_preamble.html (last visited October 29, 2020).

[15] *Acosta*, 882 F.3d at 39 (*quoting Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323-24 (1992)).

[16] *Acosta*, 882 F.3d 39 (*quoting Alberty–Vélez v. Corporación de P.R. Para La Difusión Pública, 361 F.3d 1, 7 (1st Cir. 2004).*

[17]*Baystate Alternative Staffing, Inc. v. Herman*, 163 F.3d 668, 675 (1st Cir. 1998); https://www.dol.gov/agencies/whd/fact-sheets/13-flsa-employment-relationship (last visited October 29, 2020).

putative employee is economically dependent on the alleged employer. Courts consider, in particular, the following four factors: whether the alleged employer (1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records.

*Internal Revenue Code[18]*

The Internal Revenue Code, administered by the Internal Revenue Service ("IRS"), determines whether an individual is an employee or independent contractor for tax purposes. Under IRS regulations, an employer-employee relationship generally exists when the person for whom services are performed has the right to control and direct the individual who performs the services, not only as to the result to be accomplished by the work but also as to the details and means by which that result is accomplished. That is, an employee is subject to the will and control of the employer not only as to what shall be done but how it shall be done. In this connection, it is not necessary that the employer actually direct or control the manner in which the services are performed; it is sufficient if he has the right to do so. The right to discharge is also an important factor indicating that the person possessing that right is an employer. Other factors characteristic of an employer, but not necessarily present in every case, are the furnishing of tools and the furnishing of a place to work, to the individual who performs the services. In general, if an individual is subject to the control or direction of another merely as to the result to be accomplished by the work and not as to the means and methods for accomplishing the result, he is an independent contractor. An individual performing services as an independent contractor is not as to such services an employee. Individuals such as physicians, lawyers, dentists, veterinarians, construction contractors, public stenographers, and auctioneers, engaged in the pursuit of an independent trade, business, or profession, in which they offer their services to the public, are independent contractors and not employees. Whether the relationship of employer and employee exists under the usual common law rules will in doubtful cases be determined upon an examination of the particular facts of each case.

*Workers' Compensation Law*

Whether a person is an employee, and therefore eligible for workers' compensation, is usually determined by state, not federal law.  Under New Hampshire law, the following standard applies. [19]

"Employee", with respect to private employment, means any person in the service of an employer subject to the provisions of this chapter under any express or implied, oral or written contract of hire except a railroad employee engaged in interstate commerce whose rights are governed by the Federal Employers' Liability Act. If they elect to be personally covered by this chapter, "employee" includes persons who regularly operate businesses or practice their trades, professions, or occupations, whether individually, or in partnership, or association with other persons, whether or not they hire others as employees.

---

[18] 26 C.F.R. § 31.3121(d)-1; https://www.irs.gov/businesses/small-businesses-self-employed/independent-contractor-self-employed-or-employee (last visited October 29, 2020).

[19] New Hampshire Revised Statutes Annotated 281-a:2, Section VI.

Subject to the preceding subparagraph, any person, other than a direct seller or qualified real estate broker or agent or real estate appraiser, or person providing services as part of a residential placement for individuals with developmental, acquired, or emotional disabilities, who performs services for pay for an employer, is presumed to be an employee. This presumption may be rebutted by proof that an individual meets all of the following criteria:

(A) The person possesses or has applied for a federal employer identification number or social security number, or in the alternative, has agreed in writing to carry out the responsibilities imposed on employers under this chapter.

(B) The person has control and discretion over the means and manner of performance of the work, in that the result of the work, rather than the means or manner by which the work is performed, is the primary element bargained for by the employer.

(C) The person has control over the time when the work is performed, and the time of performance is not dictated by the employer. However, this shall not prohibit the employer from reaching an agreement with the person as to completion schedule, range of work hours, and maximum number of work hours to be provided by the person, and in the case of entertainment, the time such entertainment is to be presented.

(D) The person hires and pays the person's assistants, if any, and to the extent such assistants are employees, supervises the details of the assistants' work.

(E) The person holds himself or herself out to be in business for himself or herself or is registered with the state as a business and the person has continuing or recurring business liabilities or obligations.

(F) The person is responsible for satisfactory completion of work and may be held contractually responsible for failure to complete the work.

(G) The person is not required to work exclusively for the employer.