IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ] | |
| | ] | |
| v. | ] | No. 19-cr-142-LM |
| | ] | |
| NATHAN CRAIGUE | ] | |

## DEFENDANT'S NOTICE OF INVOCATION OF
## SIXTH AMENDMENT RIGHT TO PUBLIC TRIAL

Nathan Craigue hereby gives notice of the invocation of his right to a public trial. While he is asking for no further delays in his trial, by doing so he is not waiving other constitutional rights. And while he recognizes that a public trial must also be a reasonably safe trial during a pandemic, he hereby gives notice that he reserves the right to object to limitations on his right to a public trial, depending on how the Court ultimately regulates that aspect of the trial.

As grounds for this motion, it is stated:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial...." U.S. Const. amend. VI. By invoking one constitutional right, a criminal defendant does not waive another. *Simmons v. United States*, 390 U.S. 377, 394 (1968) ("In these circumstances, we find it intolerable that one constitutional right should have to be surrendered in order to assert another.")

The right to a public trial serves profound interests that are foundational to a fair and just criminal justice system, one operating in fidelity to the Bill of Rights. *See Waller v. Georgia*, 467 U.S. 39, 46 (1984)("The requirement of a public trial is for the benefit of the accused; that the public may see he is fairly dealt with and not unjustly condemned, and that the presence of interested spectators may keep his triers keenly alive to a sense of their responsibility and to the importance of their functions. … In addition to ensuring that judge and prosecutor carry out

their duties responsibly, a public trial encourages witnesses to come forward and discourages perjury) (internal quotation marks, ellipses, brackets, paragraph break and citations omitted). In *Waller,*

> the Supreme Court provided a four-part standard for courts to apply prior to excluding the public from any stage of a criminal trial:
>
> [1] the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced,
>
> [2] the closure must be no broader than necessary to protect that interest,
>
> [3] the trial court must consider reasonable alternatives to closing the proceeding, and
>
> [4] it must make findings adequate to support the closure.

*Bucci v. United States*, 662 F.3d 18, 22 (1st Cir. 2011)

This Court has orally outlined for counsel how it intends to address the public trial issue. To the best of counsel's recollection, the Court intends to allow three seats in the courtroom to be used by Mr. Craigue's family and other supporters, with additional seating available in other courtrooms through a video feed. As today is the deadline for raising all legal issues, the defense files this notice to preserve any challenges it may need to raise with respect to the defendant's right to a public trial depending on the precise procedures followed at trial by the Court and their detailed justification through factual findings. The defense does specifically state that it will object to a seating arrangement that would deny Mr. Craigue the right to have family members and other close supporters in the courtroom. *Cf. United States v. Fortson*, No. 2:18-CR-416-WKW, 2020 WL 4589710, at *3 (M.D. Ala. Aug. 10, 2020) ("The court … finds that the plan to close trial proceedings to spectators, except for Defendant's family members, while making the

trial available for viewing through a live video stream in another courtroom and on the court's website is not broader than necessary to protect the court's interest.") Counsel is seeking to determine what the number of family members and other supports may be in this case, and will notify the Court once that information is available.

                    Respectfully submitted,

                    */s/ Behzad Mirhashem*
                    Behzad Mirhashem
                    N.H. Bar #10031

## CERTIFICATE OF SERVICE

      I hereby certify that on October 29, 2020 the above document was served electronically upon all counsel of record through the CM/ECF filing system.

                    /s/ *Behzad Mirhashem*
                    Behzad Mirhashem