# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | |
| ) | **Case No. 19-CR-142-LM** |
| **NATHAN CRAIGUE,** ) | |
| ) | |
| **Defendant.** ) | |

## GOVERNMENT'S REQUESTS FOR JURY INSTRUCTIONS

The United States of America, by Scott W. Murray, United States Attorney, and pursuant to Rule 30 of the Federal Rules of Criminal Procedure, respectfully requests that the attached Proposed Instructions be included in the charge to the jury at the conclusion of closing arguments.

The United States further asks for leave to file additional requests for jury instructions, or to modify the attached proposed instructions, as may become appropriate and necessary in light of any requests for instructions filed by the defendant or other developments at trial.

Dated:   October 29, 2020

Respectfully submitted,

Scott W. Murray
United States Attorney

By:   /s/John S. Davis
John S. Davis
Anna Dronzek
Aaron Gingrande
Assistant United States Attorneys
53 Pleasant Street, 4th Floor
Concord, N.H.   03301
(603) 225-1552

## **GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 1**

## **Essential Elements of the Offenses Charged – Making a False Statement to a Federal Agency – Counts 1 and 2**

The defendant is charged in Counts 1 and 2 of the Indictment with making a false statement in a matter within the jurisdiction of a government agency. It is against federal law to make a false statement in a matter within the jurisdiction of a government agency. For you to find the defendant guilty of this crime you must be convinced that the government has proven each of these things beyond a reasonable doubt:

First, on or about the date specified, the defendant made a material statement or representation;

Second, that that the representation was false, fictitious, or fraudulent;

Third, the false, fictitious, or fraudulent statement was made knowingly and willfully; and

Fourth, that the defendant made the statement in an investigation by the Occupational Safety and Health Administration, U.S. Department of Labor.

A false statement is made "knowingly and willfully" if the defendant knew that it was false or demonstrated a reckless disregard for the truth with a conscious purpose to avoid learning the truth.

A statement is "material" if it has a natural tendency to influence or to be capable of influencing the decision of the decisionmaker to which it was addressed, regardless of whether

the agency actually relied upon it.

      A statement is "false" if it was untrue when made.

---

Seventh Circuit Federal Criminal Jury Instructions, 1001[2] (2012 ed.) (modified).

# GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 2
## "Employee" - Definition

To determine whether the defendant made a false statement, you must decide whether Kenneth McKenna was an employee of the defendant or his business, or whether he was a subcontractor.   To answer this question, you need to determine whether the defendant had the right to control the manner and means by which McKenna carried out his work.

If you find that the defendant had the right to control the manner and means by which McKenna carried out his work, you must find that McKenna was the defendant's employee.   If you find that the defendant hired McKenna to do work, but did not have the right to control the manner and means by which McKenna did that work, you must find that McKenna was not an employee, but a subcontractor.

You should make this determination in light of the economic realities of the entire relationship between the defendant and McKenna.

Factors you should consider include:

- Who provided the tools, equipment, and supplies necessary to do the work?   An independent contractor usually provides the tools, equipment, and supplies necessary to do the job, but an employee does not.

- How did the defendant pay McKenna?   An employer usually pays an employee on a time worked, piecework, or commission basis.   An independent contractor is ordinarily paid an agreed or set amount, or according to an agreed formula, for a given task or job.

- What benefits, if any, did the defendant provide to McKenna?   An employer usually provides vacation or sick time, insurance, retirement, and other fringe benefits to the

4

employee.   An independent contractor does not receive benefits.

- How did the defendant treat McKenna for tax purposes?   An employer is required to report payroll paid to employees, to pay payroll taxes, and to withhold a portion of an employee's wages that is paid to payroll taxes.   When an employer hires a subcontractor, the employer does not pay or withhold payroll taxes, but is required to file a Form 1099 with the IRS whenever it pays a subcontractor more than a threshold amount in a calendar year.

- How long had the relationship between the defendant and McKenna existed?

- Where was the work located, and who determined that location?

- Did the defendant have the right to assign additional projects to McKenna?

- How much discretion did the defendant have over when and how long McKenna worked?

- Did McKenna have any role in hiring and paying assistants?

- Was the work that McKenna performed part of the defendant's regular business?

You should consider all the circumstances surrounding the work relationship – no single factor determines the outcome.   Nevertheless, the extent of the defendant's right to control the means and manner of McKenna's work is the most important factor.

---

*A.C. Castle Constr. Co., Inc. v. Acosta*, 882 F.3d 34, 39 (1st Cir. 2018) (quoting *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323-24 (1992)); Eleventh Circuit Pattern Civil Jury Instructions, 4.24 (2019) (Miscellaneous Issues—Employee or Independent Contractor); 1 Standardized Civil Jury Instructions for the District of Columbia, § 6.01 (2020) (Establishing Employer-Employee Relationship); *United States v. Powers*, 702 F.3d 1, 4-6 (1st Cir. 2012).