THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ] | |
| | ] | |
| v. | ] | Cr. No. 19-cr-142-LM |
| | ] | |
| | ] | |
| NATHAN CRAIGUE | | |

## **MOTION IN LIMINE #4**

The defendant, Nathan Craigue, by and through his counsel, respectfully moves to admit evidence of Christopher Erickson's arrest for Driving While Intoxicated, Third Offense, on September 24, 2020, as such information is admissible pursuant to Federal Rules of Evidence 401 and 403 and the Sixth Amendment of the United States Constitution.

In support of this Motion, it is stated:

## FACTS

Nathan Craigue, the owner of Craigue & Sons Exteriors, was contracted to replace windows and install siding at 280 Pleasant Street in Concord. On August 28, 2018, Kenneth McKenna, a worker at that jobsite, had an accident that was investigated by Officer Scott Kelly from the Occupational Safety and Health Administration (OSHA).   Christopher Erickson, who had been injured at the same jobsite approximately one month prior, contacted OSHA on August 30, 2018 about his accident. Erickson cooperated with OSHA's on-going investigation and testified before the grand jury concerning his and McKenna's employment status.   On September 24, 2020, Concord Police arrested Erickson and charged him with driving while intoxicated, third offense. Erickson's case is pending and is scheduled for a status hearing on November 19th in the Concord District Court.

1

LAW AND ARGUMENT

"The Sixth Amendment to the Constitution guarantees a criminal defendant the right to confront the witnesses against him.   As essential component of this right is the defendant's prerogative to establish the biases, prejudices, or ulterior motives of these witnesses through cross-examination."   *United States v. Williams*, 985 F.2d 634, 639 (1ˢᵗ Cir. 1993); *see Davis v. Alaska,* 415 U.S. 308, 316 (1974)("Exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross examination"). Evidence of motive and bias is relevant to the jury's assessment of the witness's accuracy and credibility. Fed. R. Evid. 401 – 403; *See United States v. Abel*, 469 U.S. 45, 50-52 (1984)( Federal Rules of Evidence 401-403 contemplate impeachment by showing bias).

A witness's interest in pleasing the government to reduce the risk of criminal investigation, prosecution, or sanctions is a common motive and self-interest that may be explored through cross examination and extrinsic evidence. *See United States v. Bagley*, 473 U.S. 667 (1985) (witnesses could have been motivated by a possible "reward" from the government if testified to the government's satisfaction); *Davis,* 415 U.S. at 316 (the witness may have falsely identified the defendant in order to shift suspicion away from himself or because he feared that his probationary status would be jeopardized if he did not satisfactorily assist the police and prosecutor in obtaining a conviction.); *United States v. Ulloa*, 942 F. Supp. 2d 202, 206 (D.N.H. 2013) ("There is no question of the relevance of evidence that a witness has a motivation to lie to continue to curry favor with the government. What's more, a witness's self-interest or motive to testify falsely is generally considered to be a non-collateral issue, so extrinsic evidence is admissible to show

bias.") (citations and quotation marks omitted).

Counsel anticipates the government will call Erickson, who resided with McKenna, to describe his and McKenna's work setting around the time of the alleged accident. This testimony will be crucial to the jury's assessment of whether McKenna was in fact an employee or subcontractor.  Erickson is currently facing a charge of driving while under the influence, a third offense.  This arrest comes just five years after a felony drug conviction, where he received, in part, a suspended state prison sentence. In order to effectively assess Erickson's credibility, the jury must be made aware of Erickson's interest and motivation in pleasing the government with his testimony and by cooperating with their prosecution.

**WHEREFORE,** Craigue respectfully requests that this Honorable Court grant this Motion.

A hearing is requested.

Respectfully submitted,

Date: October 29, 2020

*/s/ Dorothy E. Graham*
Dorothy E. Graham
N.H. Bar No. 11292
Assistant Federal Defender
22 Bridge Street, 3rd floor
Concord, NH 03301
Tel. (603) 226-7360
E-mail: Dorothy_Graham@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that the above document was served on the following person on   October 29, 2020 and in the manner specified herein: electronically served through CM/ECF to AUSA John Davis and AUSA Anna Dronzek.

*/s/Dorothy E. Graham*
Dorothy E. Graham

3

4