UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cr. No. 19-CR-142-LM |
| ) | |
| NATHAN CRAIGUE ) | |
| ) | |

**UNITED STATES' OBJECTION TO DEFENDANT'S MOTION *IN LIMINE* #1**

The Government objects to Defendant Nathan Craigue's motion to exclude testimony and other evidence regarding (a) the law that applies to determining whether a worker is an employee or independent contractor or subcontractor, and (b) whether Kenny McKenna was an employee and not an independent contractor or subcontractor of Mr. Craigue's business (ECF Document #35).  Granting Mr. Craigue's motion would effectively preclude a trial in this case.  In the indictment, Mr. Craigue has been charged with two counts of making false statements to federal agents.  The statements, the truth or falsity of which the jury will be asked to decide, are that Mr. McKenna (Counts 1 and 2) and Christopher Erickson (Count 2) were merely independent contractors or subcontractors of Mr. Craigue's business, not employees.  The Government has the burden of proving the falsity of the statement as an element of each crime charged in the indictment.  Testimony about the distinction between an employee and an independent contractor and its significance, and the facts allowing the jury to decide whether Mr. McKenna and Mr. Erickson were, in fact, not employees of Mr. Craigue's business, is therefore at the very heart of this case and must be admitted.

1

## ARGUMENT

**A.    Evidence and Testimony About the Distinction Between Employees and Independent Contractors and the Significance of This Distinction Is Admissible.**

Defendant argues that testimony about the legal standard or definition of the terms "employee" and "independent contractor" is inadmissible, largely because it is the Court's province and not the Government's to explain the law.  The Government does not intend to introduce evidence or testimony about what the correct legal standard or definition to apply is when determining whether a worker is an employee or independent contractor, and will leave such instruction to the Court; therefore, Section B of Defendant's motion is mostly moot.  The Government does, however, plan to introduce evidence that (1) there is a legal distinction between an employer's classification of its workers as employees versus independent contractors or subcontractors, and (2) the distinction has significance in various ways, including in investigations by agents of the Occupational Safety and Health Administration ("OSHA") of the Department of Labor ("DOL").  Evidence and testimony about these topics should be admitted.

> **1. Evidence and Testimony About the Distinction Between Employees and Independent Contractors Is Necessary to Prove the Elements of the Crimes Charged, and Will Assist the Trier of Fact.**

In this case, Defendant is charged with two counts of making a false statement to a federal agent in violation of 18 U.S.C. § 1001.  To prove this crime, the Government must show that the defendant (1) knowingly and willfully (2) made a material statement or representation, which (3) was false, fictitious, or fraudulent, (4) in relation to a matter within the jurisdiction of a department or agency of the United States (here, OSHA).  *See United States v. Duclos*, 214 F.3d 27, 33 (1st Cir. 2000); Fed. Crim. Jury Instr. 7th Cir. 1001[2] (2012 ed.) (modified).

Evidence and testimony about the distinction between an employer's classification of a worker as an employee versus an independent contractor is necessary to establish that Mr. Craigue's statements to OSHA agents—that Mr. McKenna and Mr. Erickson were "subcontractor[s]" of Mr. Craigue's business and not employees—were false: the third element of the crime.

Testimony regarding why this distinction matters to OSHA is necessary to show that Mr. Craigue's statements to federal agents were "material" to OSHA's investigation of the workplace accident that took Mr. McKenna's life: the second element of the crime.  This testimony is also properly admitted pursuant to Federal Rule of Evidence 701.  Rule 701 permits lay witness testimony in the form of an opinion that is (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.  Here, DOL agents' opinions will help the jury understand the context for Mr. Craigue's statements, and provide insight into the agents' testimony about how Mr. Craigue's statements affected their investigation.  Their opinion as to why the classification is important is not scientific or technical such that it must be reserved for experts; it is based on their experiences and observations from being in the field, and their industry knowledge about how companies conduct their business.  Such lay witness opinion evidence is admissible to assist the jury.  *See United States v. Powers*, 702 F.3d 1, 13 (1st Cir. 2012) (in case against employer-defendants charged with defrauding the IRS, testimony of department of unemployment assistance representative that employers often provide incorrect information to the department was admissible since it was helpful to the jury's understanding of the department's audit process).

Finally, the legal import of the distinction, particularly its tax consequences and associated liabilities, is relevant to Mr. Craigue's motive to lie to federal agents, suggesting that Mr. Craigue "knowingly and willfully" made the false statement to federal agents: the first element of the crime. For example, the government will offer evidence that a business need not incur the expenses of workers' compensation insurance or unemployment compensation insurance for an independent contractor, as opposed to an employee. Because excluding evidence and testimony on the above topics would all but preclude a trial in this case, it should be admitted pursuant to Federal Rule of Evidence 402.

### 2. Testimony About the Distinction Between Employees and Independent Contractors Does Not Constitute Improper Legal Conclusion.

Defendant's contention that any testimony about the distinction between an employee and an independent contractor would constitute an improper legal conclusion lacks merit. First, that there is a difference between an employer's legal obligations to an employee and to an independent contractor is not, in and of itself, a legal conclusion; it is a fact necessary for the jury to know in evaluating the truth or falsity and the materiality of Mr. Craigue's statements at issue in this case.

Second, the fact that the distinction has legal significance does not render it an inappropriate subject of testimony. Witness testimony may "aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms.'" *Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1246 (10th Cir. 2000) (holding trial court did not err in admitting testimony about hedonic damages, or damages concerning the value of life, where expert explained his understanding of the meaning of such damages and offered areas of human experience which he would consider in determining those damages); *United States v. Scop,* 846 F.2d 135 (2d Cir. 1988) (testimony is no less helpful to the jury even though it sounds like legal

4

terminology, unless it merely offers legal conclusions in the form of an opinion). The terms "subcontractor" and "independent contractor" are not exclusively legal terms, and convey factual information widely understood by lay people. *Cf.* Rule 701, Advisory Committee Notes ("lay testimony 'results from a process of reasoning familiar in everyday life'") (quoting *State v. Brown*, 836 S.W.2d 530, 549 (Tenn. 1992)). That the terms may be subject to legal definitions in particular contexts does not render inadmissible ordinary, factual testimony that uses those same words. Given the myriad of laws and legal definitions, a contrary evidentiary rule would make courtroom testimony impossible.

Testimony on legal issues only "crosses the line between the permissible and impermissible when it attempts to define the legal parameters within which the jury must exercise its fact-finding function." *Smith*, 214 F.3d at 1246 (internal citation omitted); *cf.* Fed. R. Evid. 704 advisory committee's note ("Rules 701 and 702 . . . afford ample assurances against the admission of opinions which would merely tell the jury what result to reach . . . ."). Contrary to Defendant's assertions, here, testimony of the Government's witnesses will not infringe upon the province of the Court or the jury. Witnesses will not tell the jury what result to reach, nor legally define the terms "employee" or "independent contractor" or apply these terms to the facts of the case. Instead, Government witness testimony will focus on the consequences and importance of the employee/independent contractor classification—including resulting tax obligations and other liabilities—which will provide context to the jury for the Defendant's false statements to federal agents. Courts routinely admit such testimony. *See, e.g.*, *United States v. Stierhoff*, 549 F.3d 19 (1st Cir. 2008) (IRS agents may testify in tax evasion cases about tax consequences of defendant's actions); *United States v. Bednar*, 728 F.2d 1043, 1048 (8th Cir. 1984) (in prosecution for making false entries on books and records of securities-brokerage firm,

5

SEC agent permitted to testify that a new account card was a document which is required to be kept under SEC rules); *United States v. Clardy*, 612 F.2d 1139, 1153 (9th Cir. 1980) (in prosecution for assisting taxpayers in filing fraudulent tax returns, trial court did not err in permitting IRS agent to state that deduction was improper).  Testimony about classification of employees, specifically, is admissible where it is helpful to the finder of fact (as it will be here). *Powers*, 702 F.3d at 10-13 (testimony regarding employee's status as independent contractor and employer payroll tax responsibility was admissible against employer-defendant charged with defrauding the IRS who claimed workers were not employees, since it was helpful to the jury); *cf. Martin v. Indiana Michigan Power Co.*, 292 F. Supp. 2d 947 (W.D. Mich. 2002) (independent consultant's opinions regarding reasonableness of classification of utility employee as exempt from FLSA overtime requirements were not inadmissible on issue of whether employee was entitled to liquidated damages for employer's violation of the FLSA just because they were legal in nature).

> **3. Testimony Regarding the Distinction Between Employees and Independent Contractors Is Not Testimony on an Ultimate Issue, But Even If It Were, It Would Be Admissible.**

Defendant's argument that such testimony is inadmissible because it is opinion about an ultimate issue is also unavailing.  The testimony the Government seeks to introduce about the independent contractor/employee distinction does not constitute an ultimate issue: no witness will present a legal conclusion as to the definition of an "employee," or that Mr. McKenna or Christopher Erickson, who also worked for Mr. Craigue, meets that definition, let alone that Mr. Craigue knowingly made a false statement.

But even if testimony the Government seeks to introduce did constitute an opinion on an ultimate issue, that alone would provide no basis to exclude it.  Under Federal Rule of Evidence

6

704(a), "an opinion is not objectionable just because it embraces an ultimate issue." *Powers*, 702 F.3d at 11 (quoting Rule 704, and upholding lower court's admission of lay testimony by employee of defendants charged with defrauding the IRS that he did not consider himself an independent contractor of defendants, since it was helpful to the jury); *see also United States v. Gold*, 743 F.2d 800, 816 (11th Cir. 1984) (upholding lower court's admission of opinion testimony that claims filed by defendant were not eligible for reimbursement under Medicare in case charging defendant with defrauding the government through filing false Medicare claims, since Rule 704 permits witnesses to express opinions on an ultimate issue, and witness "did not attempt to assume the role of the court") (internal citation omitted).

Because the testimony is directly at the heart of this case, will assist the trier of fact, and does not constitute a legal conclusion, it should be admitted.

**B.     Testimony Showing that Mr. McKenna Was an Employee of Mr. Craigue's Business Is Factual In Nature and Admissible.**

Finally, Defendant's motion to exclude testimony that Mr. McKenna was Mr. Craigue's employee is moot and, to the extent not moot, overly broad. As explained above, since the Government will not ask its witnesses to apply legal definitions to the facts or otherwise state a conclusion regarding whether or not Mr. McKenna and Mr. Erickson were Mr. Craigue's employees, this portion of Defendant's motion is moot. But the Government must be permitted to introduce evidence and witness testimony regarding the facts about the economic relationship between Mr. Craigue and his workers that bear on Mr. McKenna's and Mr. Erickson's employee status, since this is factual in nature, and necessary for the jury to draw its own conclusions about whether Mr. Craigue's statements were false—the most fundamental question in this case.

7

Likewise, witnesses must be permitted to testify about communications and transactions with Mr. Craigue in which terms such as "employee" or "subcontractor" were or were not used.

The test routinely employed in labor law litigation to determine employee status comes from the Supreme Court's decision in *Nationwide Mut. Ins. Co. v. Darden* ("*Darden*"). 503 U.S. 318 (1992); *see, e.g., A.C. Castle Construction Co., Inc. v. Acosta*, 882 F.3d 34, 39 (1st Cir. 2018) (applying *Darden* test in OSHA action related to worksite accident). The Supreme Court in *Darden* held that whether a worker is an employee or an independent contractor under the Employee Retirement Income Security Act depends on the economic relationship between the parties. *Id.* at 323–24. The court adopted a common law test for this analysis, quoting from its decision in *Community for Creative Non–Violence v. Reid,* 490 U.S. 730 (1989):

> In determining whether a hired party is an employee under the general common law of agency, we consider the hiring party's right to control the manner and means by which the product is accomplished. Among the other factors relevant to this inquiry are the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.

*Id.* These factors articulated in *Darden*—such as the source of the worker's instrumentalities or tools, location of the work, method of payment, and the extent of the worker's discretion over when and how long to work—are factual in nature. *Id.* at 327 (reasoning that *"*application generally turns on factual variables within an employer's knowledge, thus permitting categorical judgments about the 'employee' status of claimants"); *Dykes v. DePuy, Inc.*, 140 F.3d 31, 39 (1st Cir. 1998) (finding, based on facts including that appellant set his own hours, paid his own

salary, ran his own business, and had a signed contract stating he was an independent contractor, that under *Darden* no reasonable factfinder could find he was an employee); *Santos v. Comm'r of Internal Revenue*, 119 T.C.M. (CCH) 1589 (T.C. 2020) ("Whether an individual is an employee or an independent contractor is a factual question to which common law principles apply").

Such testimony on these relevant aspects of the economic relationship between Mr. Craigue and his workers does not constitute legal conclusion or opinion, but rather, facts necessary for the jury to assess Mr. Craigue's statements to federal agents. The subject is an appropriate topic of lay opinion that workers would necessarily know, since their status as employees versus independent contractors has implications for payment of their taxes, and other aspects of their lives (e.g., ability to obtain workers' compensation and obligations to pay child support). The Government should also be permitted to ask Mr. Erickson or Nicholas Ford, who also worked for Mr. Craigue, whether, at any point during the negotiations of the terms of their job offer, Mr. Craigue said that he would pay them as independent contractors. The factual circumstances regarding their jobs, and Mr. Craigue's use (or lack thereof) of the terms "subcontractor," "independent contractor" and "employee" when discussing their jobs, is highly relevant to the question of whether Mr. Craigue's subsequent statements to OSHA investigators are false, and whether he had knowledge of the statements' falsity.[1]

---

[1] This is as true of the employee or independent contractor status of Mr. Erickson and Mr. Ford as it is of Mr. McKenna, since Mr. Craigue treated all three men similarly. The facts of Mr. Craigue's relationship with Mr. Erickson and Mr. Ford, which show their employee status, reveal Mr. Craigue's lack of mistake, knowledge, and intent regarding the statements he made to federal agents. Furthermore, the OSHA inspector's question that forms the basis of the charge in Count 2 of the indictment refers to both Mr. McKenna ("KM" in the Indictment) and Mr. Erickson ("CE" in the Indictment), and Mr. Craigue's answer was thus about both men. Evidence about Mr. Craigue's relationship to Mr. Erickson, therefore, directly relates to whether Mr. Craigue made a false statement and knew it to be false.

Finally, even if such testimony can be construed to speak to an ultimate issue, it is nonetheless admissible. *See supra* Section A(3); *see also United States v. Buchanan*, 787 F.2d 477 (10th Cir. 1986) (testimony of ATF officer concerning whether device allegedly used to burn victim's trailer home had to be registered with the Department of Treasury was not inadmissible in prosecution for the manufacture and possession of an unregistered firearm on the ground that it constituted an improper legal conclusion; testimony was helpful to jury to determine which of several statutory definitions properly encompassed the homemade device).

## CONCLUSION

Based on the foregoing, the Court should deny Defendant's motion and admit evidence and testimony as to the following:

> (1) the legal distinction between an employer's classification of its workers as employees versus independent contractors or subcontractors;
>
> (2) the significance of this distinction for OSHA's investigation in this case;
>
> (3) the economic relationship between Mr. Craigue's business and Mr. McKenna, Mr. Erickson and Mr. Ford (including but not limited to: the source of the instrumentalities and tools of the work that Mr. McKenna, Mr. Erickson and Mr. Ford performed; the location of their work; the duration of the relationship between the parties; the method of Mr. Craigue's payment to the three men; and the other factors relevant to analysis under *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318 (1992)); and
>
> (4) the use or non-use of the terms "subcontractor," "independent contractor" and "employee" and related concepts in communications or transactions involving Mr. Craigue.

Date: December 4, 2020	Respectfully submitted,

SCOTT W. MURRAY
United States Attorney

By:	/s/ Aaron Gingrande

Aaron Gingrande
John S. Davis
Anna Dronzek
Assistant U.S. Attorneys
53 Pleasant Street, 5th Floor
Concord, NH  03301
(603) 230-2535