UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| United States of America ) | |
| ) | |
| v. ) | No. 1:19-cr-142-LM |
| ) | |
| Nathan Craigue ) | |

### United States' Objection to Defendant's Motion in Limine #4

The defendant seeks to admit evidence of Christopher Erickson's arrest for Driving Under the Influence (3d offense), on September 24, 2020, on the basis that Erickson's pending criminal case provides a motive for him to lie to curry favor with the government. Because there is no factual support for the proposed motive, the motion must fail.

I.      Facts

This case arose out of an Occupational Safety and Health Administration (OSHA) investigation into the death of Kenneth McKenna, who fell from a roof while working a construction job for the defendant and succumbed to the resulting injuries. Christopher Erickson, an anticipated witness for the government, also worked for the defendant, from July 2016 until July 2018, when he, too fell from a roof on the same construction job, and was unable to continue working due to his injuries. Erickson became McKenna's roommate a couple of months after starting to work for the defendant, and lived with McKenna until his death.

Two days after McKenna's death, on August 30, 2018, Erickson contacted OSHA to report his own accident and his understanding of safety conditions on the defendant's worksites, and continued to cooperate with OSHA's investigation. OSHA Compliance Safety and Health Officer Scott Kelly interviewed Erickson the following day, and Department of Labor Special Agent Sean Roberts and OSHA Criminal Team Lead Robert Carbone interviewed him on

1

September 18, 2019.  Erickson also testified before the grand jury in this investigation, in June 2019.

On September 24, 2020, Erickson was arrested by the Concord Police Department and charged in Concord District Court with one count of Driving Under the Influence (3d), a class A misdemeanor.

## II.     Law

An "essential component" of a defendant's Sixth Amendment right to confront witnesses against him is the "prerogative to establish the biases, prejudices, or ulterior motives of these witnesses through cross examination."  *United States v. Williams*, 985 F.2d 634, 639 (1st Cir. 1993).  The district court nonetheless "retains wide discretion to impose reasonable limits to avoid prejudice, confusion of the issues, harassment, repetition, and inquiry into marginally relevant issues."  *Id.* (citing *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986)).  This discretion includes the ability to "totally prohibit cross-examination into certain areas."  *United States v. Lynn*, 856 F.2d 430, 432–33 (1st Cir. 1988).  Cross-examination is sufficient if it if provides the jury with "facts sufficient to make a discriminating appraisal of the particular witness's credibility."  *United States v. Roldan–Zapata*, 916 F.2d 795, 806 (2d Cir. 1990) (internal quotation marks and citation omitted).

Evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence," Fed. R. Evid. 401, and irrelevant evidence is inadmissible.  Fed. R. Evid. 402.

## III.    Argument

A. <u>That Erickson's arrest would provide a motive to lie is not supported by the facts, and thus irrelevant.</u>

The defendant claims that Erickson's September 2020 arrest and pending court case in Concord District Court provide a motive for Erickson to shade his testimony to please the government. But the timeline of Erickson's statements in this case contradicts this assertion, because they make clear that his motive for speaking with the government was in place long before his arrest. As noted above, Erickson contacted OSHA two days after McKenna's death, of his own volition, to provide information about his experience working for the defendant. Erickson voluntarily met with CSHO Kelly the following day, and then with agents less than a month later. Finally, he voluntarily testified under oath before the grand jury less than a year after McKenna's death – and almost 15 months before his September 24, 2020 arrest. None of these statements, which will provide the basis for his testimony, could have been motivated by a desire to benefit in a criminal case that did not yet exist. *See United States v. Barrett*, 766 F.2d 609, 615 (1st Cir. 1985) (trial judge properly precluded cross-examination of government witness about a state murder charge pending at the time of trial where the charge involved events that took place seven years after the witness had struck a deal in the case at trial, and that the defendant had been unable to establish, in questioning outside the presence of the jury, any foundation for the "claimed hope of leniency" on the witness's part); *see also Escalera v. Scribner*, No. CV 08-2475-JHN PLA, 2010 WL 5563576, at *10 (C.D. Cal. Dec. 14, 2010), report and recommendation adopted, No. CV 08-2475-JHN PLA, 2011 WL 91003 (C.D. Cal. Jan. 4, 2011) (evidence of government witness's outstanding warrant in another jurisdiction at time she testified at trial was too speculative to support defendant's claim that the witness altered her testimony to please the government, where 1) the warrant did not issue until after she had given two tape-recorded statements to the police and had testified at defendant's preliminary hearing; 2) the witness never requested any special treatment from the prosecution with regard to

the pending matter; and 3) the defendant could not point to any examples of how the witness's testimony at trial differed from the statements made before the warrant issued).

Because the facts demonstrate that Erickson's motive for testifying for the government had been established before his arrest, and he has already made statements that will form the basis for his testimony, the arrest is not relevant and should be excluded under Federal Rule of Evidence 401.

B. If relevant, the danger of unfair prejudice substantially outweighs the arrest's probative value.

To the extent this Court concludes that Erickson's arrest is relevant to show his motive in testifying, the arrest should nonetheless be precluded under Federal Rule of Evidence 403, because its admission would result in unfair prejudice, undue delay, and waste of time, and substantially outweighs any probative value it provides.

To introduce evidence of an arrest – not a conviction – on a Driving Under the Influence charge might lead the jury to reject Erickson's testimony about events over two years earlier, not because it is not credible, but based on an emotional reaction to the behavior alleged in the charge. *United States v. Kilmartin*, 944 F.3d 315, 335 (1st Cir. 2019) ("[U]nfair prejudice ensues when particular evidence serves only to evoke an improper emotional response and distracts from careful consideration of the relevant issues.") (internal quotation marks and citation omitted); *see United States v. Landry*, 631 F.3d 597, 605 (1st Cir. 2011) ("[T]he prejudicial effect of a drunk-driving conviction is significant"); *Brinkley v. Santiago*, No. 11 C 6282, 2013 WL 12309671, at *2 (N.D. Ill. July 11, 2013) (convictions involving the use of alcohol or

marijuana "do raise the danger of unfair prejudice in the jury because of distaste for substance abusers").

Further, the probative value of Erickson's arrest to prove his motive for testifying is minimal. He is not a cooperating defendant who chooses to testify only in return for an agreement that the government will recommend a reduction in his sentence; long before the arrest, he affirmatively reached out to the government and chose to provide statements, even knowing that charges would be brought and he might be called as a witness. He has no pending federal charges nor, to the government's knowledge, any potential exposure to federal charges. The mere possibility that Erickson might hope that testifying for the federal government will help him in his pending state case, and that therefore he might, possibly, try to make his testimony "better" for the government carries very little probative weight, especially since altering his previous statements would actually make his testimony *less* helpful to the government.

Moreover, the government has provided the defendant with reports and/or transcripts of all of Erickson's previous statements. Should Erickson testify contrary to those statements, the defendant will be able to impeach him directly with those inconsistencies. Such impeachment will speak for itself, and allow the jury to make its "discriminating appraisal" of his credibility without the undue delay or waste of the jury's time in introducing evidence of his arrest, or the risk it poses of unfair prejudice.

C. <u>Should the arrest be admitted, the charge for which Erickson was arrested should be excluded.</u>

To the extent the Court concludes that the fact of Erickson's arrest is admissible as evidence of motive, the offense for which he was arrested should be excluded as irrelevant under

5

Federal Rule of Evidence 401, or, if relevant, as unfairly prejudicial under Federal Rule of Evidence 403.

If, as the defendant represents, he seeks to introduce Erickson's arrest only to demonstrate Erickson's motive to please the government with his testimony, the nature of the offense is irrelevant; there is no reason why Driving Under the Influence would inspire any greater motive to please the government than any other class A misdemeanor. The fact of the arrest alone is sufficient to allow the defendant the requisite exploration of Erickson's motive.

However, should the Court conclude that the particular offense is relevant, the government submits that it should nonetheless be excluded under Rule 403, due to the risk it poses of creating unfair prejudice. As already noted, a charge of Driving Under the Influence can inspire an inappropriate emotional reaction in a jury, and the risk of that unfair prejudice substantially outweighs any minimal probative value in the nature of charge, rather than the fact that the charge was made.[1]

---

[1] In light of Defendant's Motion in Limine #5 (filed under seal), the government is also concerned that admission of Erickson's arrest for Driving Under the Influence would run afoul of Federal Rule of Evidence 404(b), as impermissible character evidence intended to show propensity. The government addresses this argument more fully in its response to Motion in Limine #5.

## Conclusion

For the reasons above, the government asks the Court to deny Motion in Limine #4. If the Court concludes that the arrest is admissible, the government asks the Court to preclude the defendant from introducing any details about the charge, beyond.

A supporting memorandum of law has not been filed because relevant authority is cited herein.

                                                Respectfully submitted,

                                                SCOTT W. MURRAY
                                                United States Attorney

Dated: December 4, 2020         By: /s/Anna Dronzek
                                                John Davis
                                                Anna Dronzek
                                                Aaron Gingrande
                                                Assistant United States Attorneys
                                                United States Attorney's Office
                                                53 Pleasant Street, 4th Floor
                                                Concord, NH  03301
                                                (603) 225-1552