IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ] | |
| ] | |
| v. ] | No. 19-cr-142-LM |
| ] | |
| NATHAN CRAIGUE ] | |

**DEFENDANT'S REQUEST FOR SCHEDULING CONFERENCE ON DECEMBER 10, 2020  TO ADDRESS DEADLINE FOR FILING RESPONSE TO GOVERNMENT'S 404B NOTICE /GOVERNMENT ASSENTS**

Defense counsel filed their Motions in Limine on or about October 21, 2020, and the government responded on December 4, 2020.  The Court previously scheduled a hearing for December 10, 2020 at 1:00p.m. to address the motions in limine and any pending matters.  On December 4, 2020, the government provided counsel with notice of 404b evidence that it intends to present in its case-in-chief.  (Letter attached).

Counsel respectfully requests the Court to hold a scheduling conference on December 10, 2020 to provide defense counsel with a deadline for responding to the government's notice and/ or filing any necessary motions to exclude.  Counsel would also request the Court to schedule a separate hearing to address the notice and objections to it.

The government assents to this request.

                                        Respectfully submitted,

                                        */s/ Dorothy E. Graham*
                                        Dorothy E. Graham
                                        NH Bar # 11292
                                        Federal Defender Office
                                        22 Bridge Street
                                        Concord NH 03301
                                        Dorothy_graham@fd.org
                                        603-226-7360

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 8, 2020 the above document was served electronically upon all counsel of record through the CM/ECF filing system.

                                                        */s/ Dorothy E. Graham*

<a>
</a>
<b>
</b>



U.**S**. Department of Justice

United States Attorney
District of New Hampshire

Federal Building      603/225-1552
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301

December 4, 2020

Dorothy E. Graham
Assistant Federal Defender
22 Bridge Street, 3rd floor
Concord, NH 03301

      Re:    *United States v. Craigue*
               Criminal Case No. 19-cr-142-LM

Attorney Graham:

      This letter provides notice of evidence that the government intends to use in its case in chief at trial, and that is arguably subject to Rule 404(b) of the Federal Rules of Evidence:

      First, the government intends to introduce evidence and present testimony from Christopher Erickson, who worked for many years for Defendant Nathan Craigue, showing that Mr. Craigue did not pay payroll taxes—including but not limited to contributions owed for Social Security and Medicare taxes under the Federal Insurance Contributions Act (FICA)—in connection with the wages that he paid to Mr. Erickson and Kenneth McKenna, who also worked for Mr. Craigue.  Mr. Craigue also never issued a form W-2 or 1099 to either Mr. Erickson or, to Mr. Erickson's knowledge, to Mr. McKenna. The government intends to submit such testimony and evidence for the purpose of showing Mr. Craigue's motive in lying to a federal agent about whether Mr. McKenna and Mr. Erickson were his employees: namely, he intended to avoid the financial consequences of classifying them as employees.  His choice not to provide them with required tax forms and consciously avoiding paying taxes for the men's work also evinces absence of mistake, as well as his knowledge that his statements to federal agents were false.

      Second, the government intends to introduce evidence and present testimony from Mr. Erickson showing that, on July 27th, 2018, Mr. Erickson fell off of a roof on a job site at 280 Pleasant St. in Concord while working for Mr. Craigue.  Mr. Erickson was working with Mr. McKenna to replace the siding and windows on a building at the time. As a result of the fall, Mr. Erickson severely injured his fingers, broke his spinal cord in multiple places, suffered large contusions in his back, and was hospitalized.  He is still recovering from the injuries.  On the day of the accident, Mr. Craigue visited him in the hospital and told Mr. Erickson not to file a workers' compensation claim, and that he would "take care of" him if he did not file such a claim.  Mr. Craigue later paid Mr. Erickson only $400.  Mr. Erickson has attempted to get workers' compensation for the accident, but has been unable to, because Mr. Craigue did not pay for it. The government intends to submit such testimony and evidence for the purposes of showing Mr. Craigue did not make a mistake regarding Mr. Erickson's status as an employee,

and his knowledge that the statements he made to federal agents about Mr. Erickson's subcontractor status were false.

Third, the government intends to introduce evidence and present testimony from Mr. Erickson showing that, during the summer of 2017, Mr. McKenna injured himself while working for Mr. Craigue to replace the siding on a house across from White's Park in Concord, New Hampshire. Mr. McKenna fell off of the staging on the house, was severely injured, and had to be hospitalized. He received stitches in his leg, and was out of work for five or six weeks as a result of his injuries. To Mr. Erickson's knowledge, Mr. McKenna never received workers' compensation, and was therefore never compensated for his injury or resulting time out of work. The government intends to submit such testimony and evidence for the purposes of showing that Mr. Craigue had a financial motive to lie to federal agents about Mr. McKenna's work status, and that he did not make a mistake in his telling federal agents that Mr. McKenna was a subcontractor.

Fourth, the government intends to introduce as evidence Mr. Craigue's statements from a workers' compensation civil penalty inspection hearing in the matter of *DOL* v. *Craigue & Sons Exteriors, LLC* held by the State of New Hampshire Department of Labor on October 15, 2018. At issue in the hearing was whether Mr. Craigue had violated the workers' compensation laws by, *inter alia*, misrepresenting his business relationship with Mr. McKenna and Mr. Erickson and failing to secure workers' compensation insurance for them. Mr. Craigue admitted at the hearing that Craigue & Sons had not secured workers' compensation for Mr. McKenna or Mr. Erickson as of the date of the hearing and the last date on which Craigue & Sons had such insurance is June 25, 2016 (Bates ID 19R48_DOL-OIG-01561.29—01561.30). Mr. Craigue testified that Mr. McKenna and Mr. Erickson were independent contractors (Bates ID 19R48_DOL-OIG-01561.30). Mr. Craigue testified that Mr. McKenna asked Mr. Craigue if he could be a subcontractor because he needed medical assistance that he was not getting from the state (Bates ID 19R48_DOL-OIG-01561.29). Mr. Craigue stated that he believed that Mr. Erickson had his own business (Bates ID 19R48_DOL-OIG-01561.33—01561.34). Mr. Craigue admitted that he did not have payroll records, employee files, or anything of that nature for his workers, or documents to show they had their own business (Bates ID 19R48_DOL-OIG-01561.33—01561.35). The government intends to submit such testimony and evidence for the purposes of showing that Mr. Craigue had a financial motive to lie to federal agents about Mr. McKenna's and Mr. Erickson's work status; that Mr. Craigue had a plan to describe his employees as independent contractors when faced with potential liability, despite any evidence to support that status; and that Mr. Craigue did not make a mistake in telling federal agents that the two men were subcontractors—he knew that they were not.

Fifth, the government expects that an investigator for the Department of Labor for the State of New Hampshire, Inspector Martineau, will testify that, in the course of investigating Craigue & Sons' failure to pay workers' compensation insurance and other violations, Mr. Craigue told Inspector Martineau that Mr. McKenna and Mr. Erickson were independent contractors, not employees. Mr. Craigue assigned the men work and provided the equipment; Mr. Craigue could not provide (because there were none) any contracts or written agreements or documents saying the men, and not Mr. Craigue, were liable for the work being performed or for workers' compensation insurance for themselves; nor could Mr. Craigue provide (because there

were none) federal ID numbers for the men.  The government intends to submit such testimony and evidence for the same purposes as described in the directly preceding paragraph (*i.e.*, motive, pattern of conduct, absence of mistake, and knowledge).

Finally, the government intends to introduce evidence and present testimony showing that, in 2005, Mr. McKenna filed a claim for workers' compensation for an injury he sustained in the course of his work for Craigue & Sons.  Craigue & Sons paid Mr. McKenna's claim.  Indeed, Mr. Craigue paid for workers' compensation and unemployment insurance to cover Mr. McKenna and Craigue & Sons' other workers up until June 25, 2016, when, as described above, he stopped paying insurance altogether in order to minimize costs. The government intends to submit such testimony and evidence for the purpose of showing Mr. Craigue did not make a mistake regarding Mr. Erickson's status as an employee, and his knowledge that the statements he made to federal agents about Mr. Erickson's status were false.

Please contact me if you have any questions about these disclosures.

Sincerely,

SCOTT W. MURRAY
United States Attorney

/s/ *Aaron Gingrande*
Aaron Gingrande
John S. Davis
Anna Dronzek
Assistant U.S. Attorneys