UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>United States of America</u>

      v.                                          Criminal No. 19-cr-142-LM

<u>Nathan Craigue</u>


## **O R D E R**

On January 12, 2021, the court heard oral argument via video on several pending matters in this case.  Attorneys John Davis, Anna Dronzek, and Aaron Gingrande appeared for the United States.  Attorneys Dorothy Graham and Behzad Mirhashem appeared for Nathan Craigue.

Specifically, the court heard oral argument on pending disputes about jury instructions, as well as three pending motions in limine.  The court issued its rulings orally from the bench during the hearing.  This order summarizes those rulings.

## I.    <u>Disputes Regarding Jury Instructions</u>

Each party submitted proposed jury instructions to the court.  <u>See</u> doc. nos. 43, 46.  The parties dispute the extent to which—and precisely how—the legal distinction between an employee and a contractor should be explained to the jury. The parties also dispute the instructions regarding the mens rea element of

"knowingly and willfully" and the definition of "false, fictitious, or fraudulent."  See

18 U.S.C. § 1001(a).  A summary of the court's resolution of these disputes follows:

1.  Darden factors: The court will instruct the jury on the common law distinction between an employee and a contractor.  The court is not persuaded that it must, as defendant argues, instruct the jury on multiple legal tests for determining whether a worker is an employee as opposed to a contractor.  Parties shall meet and confer and jointly propose instructions on the Darden factors.  See Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 323–24 (1992).  The court will then draft instructions and provide these draft instructions to the parties before trial for suggested revisions.

2.  Knowing and willful:

    a.  Parties shall meet and confer and propose a joint instruction on the statutory requirement that the defendant's conduct be "willful."  See 18 U.S.C. § 1001(a).

    b.  Parties shall meet and confer to discuss a potential joint instruction as to the statutory requirement that the defendant's conduct be "knowing."  See 18 U.S.C. § 1001(a).  If they cannot come to an agreement on this instruction, the parties shall submit briefs for the proper instruction.  If the parties elect to brief this issue, the government's brief shall be due fourteen days from the date of today's hearing.  The defendant's brief shall be due fourteen days after the government submits its brief.  The parties may seek an extension of this briefing schedule.

3.  False, fictious, or fraudulent: Parties shall meet and confer as to whether the jury shall be instructed on "false, fictitious, or fraudulent," or simply "false." See 18 U.S.C. § 1001(a).  If the parties determine that the former is appropriate, then they shall confer as to whether each term must be separately defined.

II.    Craigue's Motion in Limine #1: Distinction Between Employee and
       Contractor

Craigue moves to exclude evidence on the law that governs whether a worker

is an employee or an independent contractor and to exclude opinion evidence that

Kenneth McKenna was Craigue's employee. <u>See</u> doc. no. 35. The government agrees that evidence on the legal standard is inadmissible but argues that evidence of the existence of a legal distinction is admissible. The government also argues that certain lay opinion testimony on employment status is admissible. <u>See</u> doc. no. 56. For the reasons stated on the record, Craigue's motion is granted in part and denied in part as follows:

1. Craigue's motion is granted to the extent it seeks to exclude testimony on the law that applies to distinguish employees from contractors.

2. Craigue's motion is granted to the extent it seeks to exclude expert testimony as to whether McKenna was Craigue's employee.

3. Craigue's motion is denied to the extent it seeks to exclude lay opinion statements made by Craigue or McKenna regarding McKenna's employment status.

4. Craigue's motion is granted to the extent it seeks to exclude the lay opinions of third parties as to whether McKenna was Craigue's employee.

III.   <u>Craigue's Motion in Limine #4: Erickson's DUI Arrest</u>

Craigue moves to admit evidence of Christopher Erickson's arrest for Driving Under the Influence, Third Offense. <u>See</u> doc. nos. 47, 51. The government objects. <u>See</u> doc. no. 58. For the reasons stated on the record, Craigue's motion is granted as follows:

1. Craigue's motion is granted to the extent that Craigue may question Erickson regarding his pending state criminal charge.

2. Counsel will meet and confer regarding whether the jury will hear the specific charge against Erickson or only the potential consequences.

3. Counsel will meet and confer and draft a proposed limiting instruction, explaining to the jury that the pending charge goes to Erickson's bias and motive.

4. This issue may be reopened if Erickson is convicted on his pending charge before trial.

IV.   <u>Craigue's Motion in Limine #5: Erickson's Illegal Drug Use</u>

Craigue moves to admit evidence of Erickson's illegal drug use.  <u>See</u> doc. no. 49.  The government agrees that Erickson's drug use at the time of the accident is admissible, but asks the court to (a) preclude introduction of Erickson's medical records, (b) conduct voir dire about Erickson's present drug use outside the presence of the jury, and (c) preclude cross-examination regarding Erickson's alcohol use. <u>See</u> doc. no. 59.  For the reasons stated on the record, Craigue's motion is granted as follows:

1. Craigue's motion is granted to the extent that Craigue may question Erickson about his drug use around the time of the accident (summer 2018).

2. Craigue's motion is granted to the extent that Erickson's medical records are admissible for impeachment, with appropriate portions redacted.

3. Craigue's motion is granted to the extent that Craigue may question Erickson about his drug use at and around the time of trial; however, the court will conduct voir dire of Erickson outside the presence of the jury so that Craigue may attempt to lay a proper foundation regarding Erickson's drug use at the time of trial.  Craigue conceded he would ask no question about alcohol use.

4. Craigue may ask Erickson, in the presence of the jury, questions about his drug use between the accident and trial if Craigue has a good faith basis to ask such questions and establishes a proper foundation during voir dire outside the presence of the jury.

5. Counsel shall meet and confer and propose appropriate limiting instructions with respect to the evidence of Erickson's drug use.  Counsel shall also confer concerning the possibility that Erickson may assert at trial a Fifth Amendment privilege and provide the court with an update before trial regarding the same.

## **CONCLUSION**

For the reasons stated on the record during the hearing, the court orders the parties to meet and confer regarding proposed jury instructions (doc. nos. 43, 46) and grants Craigue's motions in limine number 1, 4, and 5 (doc. nos. 35, 47, 49) as summarized above.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

January 13, 2021

Counsel of Record