UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

United States of America

      v.                                Criminal No. 19-cr-142-LM

Nathan Craigue

## O R D E R

On January 20, 2021, the court heard oral argument via video on several pending matters in this case.  Attorneys John Davis, Anna Dronzek, and Aaron Gingrande appeared for the United States.  Attorneys Dorothy Graham and Behzad Mirhashem appeared for Nathan Craigue.

Specifically, the court heard oral argument on defendant's motion in limine to exclude evidence contained in the government's Rule 404(b) notice (doc. no. 65), as well as defendant's second motion in limine to exclude certain evidence (doc. no. 36). The court issued its rulings on these motions orally from the bench during the hearing.  This order summarizes those rulings.

I.      Motion to Exclude Rule 404(b) Evidence (doc. no. 65)

On December 4, 2020, the government notified defense counsel that it intended to introduce evidence in its case-in-chief that is "arguably subject to Rule 404(b)."  Doc. no. 61 at 3.  Defendant moved to exclude the evidence.  Doc. no. 65. The government objected.  Doc. no. 66.  The court granted in part and denied in part defendant's motion.  A summary of the court's rulings follows.

A.  Tax Treatment of Workers

Defendant moved to exclude evidence and testimony from Christopher

Erickson that defendant did not pay payroll taxes or give his workers tax

documents.  For the reasons stated on the record, defendant's motion is denied as to

evidence and testimony regarding McKenna's tax treatment but is granted as to

evidence and testimony regarding the tax treatment of other workers.


B.  Erickson's Injuries

Defendant moved to exclude evidence and testimony from Erickson that: one

month prior to McKenna's death, Erickson fell off a roof at the same jobsite;

Erickson suffered severe injuries requiring hospitalization; defendant bribed

Erickson not to file a workers' compensation claim; and Erickson later filed a

workers' compensation claim but received no award because defendant had not paid

for workers' compensation insurance.  For the reasons stated on the record,

defendant's motion to exclude this evidence is granted.


C.  McKenna's 2017 Injuries

Defendant moved to exclude evidence that: McKenna injured himself at a

jobsite in 2017 while working for defendant; McKenna suffered severe injuries

requiring hospitalization; McKenna was unable to work for five to six weeks;

McKenna did not receive a workers' compensation award for his injury and was not

otherwise compensated for his time off work while recovering.  For the reasons

stated on the record, defendant's motion is granted in part and denied in part as

follows:

1. The motion is granted as to evidence regarding the cause, severity, or details of McKenna's injury.

2. The motion is denied as to evidence of the fact that McKenna sustained an injury while working for defendant in 2017.

3. The motion is denied as to evidence that McKenna did not receive a workers' compensation award in relation to the 2017 injury.

4. The court will give a limiting instruction regarding the permissible purposes for which the jury may consider this evidence.  Counsel shall meet and confer and jointly propose such an instruction.


D.     Defendant's Statements from N.H. Department of Labor Hearing

Defendant moved to exclude his statements from a civil penalty hearing

before the New Hampshire Department of Labor on October 15, 2018.  For the

reasons stated on the record, defendant's motion is granted in part and denied in

part as follows:

1. The motion is granted as to statements that McKenna and Erickson were independent contractors.

2. The motion is granted as to statements that defendant believed Erickson had his own business.

3. The motion is denied as to statements that McKenna asked defendant if he could be a subcontractor.

4. The motion is denied as to statements that defendant did not have employee files or payroll records for McKenna.  The motion is also denied as to statements that defendant did not have these materials as to other workers.  But statements regarding other

workers are admissible only if they describe defendant's general work practices affecting McKenna, or if the statements regarding other workers cannot reasonably be severed from a statement regarding McKenna.

5.   The motion is denied as to statements that defendant stopped paying for workers' compensation insurance for McKenna in 2016. The motion is also denied as to statements that defendant stopped paying for workers' compensation insurance for other workers in 2016.  But statements regarding other workers are admissible only if they describe defendant's general work practices affecting McKenna, or if the statements regarding other workers cannot reasonably be severed from a statement regarding McKenna.

6.   The motion is denied as to statements that defendant did not have documents showing that McKenna had his own business.  The motion is also denied as to statements that defendant did not have such documents for other workers.  But statements regarding other workers are admissible only if they describe defendant's general work practices affecting McKenna, or if the statements cannot reasonably be severed from a statement regarding McKenna.

E.   <u>Defendant's Statements to a N.H. Department of Labor Investigator</u>

Defendant moved to exclude statements he made to an investigator for the New Hampshire Department of Labor.  For the reasons stated on the record, defendant's motion is granted in part and denied in part as follows:

1.   The motion is granted as to statements that McKenna and Erickson were independent contractors.

2.   The motion is denied as to statements that defendant assigned work to McKenna and provided work equipment to McKenna.  The motion is also denied as to statements that defendant assigned work and provided work equipment to other workers.  But statements regarding other workers are admissible only if they describe defendant's general work practices affecting McKenna, or if the statements regarding other workers cannot reasonably be severed from a statement regarding McKenna.

4

3.  The motion is denied as to statements that defendant could not
    provide contracts or agreements stating that McKenna bore
    liability for the work he performed.  The motion is also denied as to
    statements that defendant could not provide such materials for
    other workers.  But statements regarding other workers are
    admissible only if they describe defendant's general work practices
    affecting McKenna, or if the statements regarding other workers
    cannot reasonably be severed from a statement regarding
    McKenna.

4.  The motion is denied as to statements that defendant could not
    provide contracts or agreements stating that McKenna was
    required to obtain his own workers' compensation insurance.  The
    motion is also denied as to statements that defendant could not
    provide such materials for other workers.  But statements
    regarding other workers are admissible only if they describe
    defendant's general work practices affecting McKenna, or if the
    statements regarding other workers cannot reasonably be severed
    from a statement regarding McKenna.

5.  The motion is denied as to statements that defendant could not
    provide a Federal Identification number for McKenna.  The motion
    is also denied as to statements that defendant could not provide
    Federal Identification numbers for other workers.  But statements
    regarding other workers are admissible only if they describe
    defendant's general work practices affecting McKenna, or if the
    statements regarding other workers cannot reasonably be severed
    from a statement regarding McKenna.

F.    McKenna's 2005 Injuries

Defendant moved to exclude evidence that McKenna suffered a work-related

injury in 2005 and that defendant's business paid for McKenna's workers'

compensation claim.  For the reasons stated on the record, defendant's motion is

granted in part and denied in part.  The motion is granted as to evidence regarding

the cause, severity, or details of McKenna's injury.  The motion is denied as to

evidence of the fact that McKenna suffered a work-related injury and received a workers' compensation award.  The parties shall meet and confer and jointly propose a limiting instruction regarding the purposes for which the jury may consider this evidence.

II.   <u>Defendant's Motion in Limine #2 (doc. no. 36)</u>

Defendant moved to exclude numerous categories of evidence.  The government objected to some but not all of defendant's requested exclusions.  The court granted in part and denied in part defendant's motion.  A summary of the court's rulings follows.

A.   <u>The Extent of McKenna's 2018 Injuries and the Fact of His Death</u>

Defendant moved to exclude evidence regarding the extent of McKenna's 2018 injuries and his resulting death.  The government assented to exclusion of evidence regarding the extent and severity of McKenna's fatal injuries but objected to exclusion of the fact that McKenna died.  For the reasons stated on the record, the court granted in part and denied in part defendant's motion as follows:

1.   The motion is granted as to evidence of the details or severity of McKenna's 2018 injuries.

2.   The motion is denied as to the fact that McKenna died.

3.   Defendant may seek to elicit testimony from Nicholas Ford that McKenna felt dizzy and took a rest just prior to his fatal fall.  The parties agreed that such testimony would not open the door to otherwise irrelevant evidence as to the cause of McKenna's fall.

B.     Erickson's and Ford's Employment Statuses

Defendant moved to exclude testimony regarding the employment details and statuses of other workers at defendant's company.  The government objected.  For the reasons stated on the record, the court granted defendant's motion to exclude this evidence.

C.     Erickson's Injuries

Defendant moved to exclude evidence that Erickson was injured at the same jobsite as McKenna approximately one month before McKenna's death.  The government objected.  For the reasons stated on the record, the court granted defendant's motion to exclude this evidence.

D.     "Under the Table" Payments

Defendant moved to exclude evidence that he paid his workers "under the table."   The government objected.  For the reasons stated on the record, the court granted in part and denied in part defendant's motion as follows:

    1.  The motion is denied as to evidence that defendant paid McKenna in cash.

    2.  The motion is granted as to evidence that defendant paid workers other than McKenna in cash.

    3.  The government has agreed to instruct its witnesses not to use the phrase "under the table" in describing defendant's method of paying McKenna unless the witness is testifying to defendant's use of that phrase.

7

E.      Administrative Judgments and Findings

Defendant moved to exclude evidence that OSHA or DOL issued violations or

judgments against McKenna, or that they made determinations as to whether

McKenna was an employee.  The government agrees that these agencies' formal

judgments or findings should be excluded.  The court therefore granted defendant's

motion to exclude this evidence.


F.      Unsafe Work Equipment or Worksites

Defendant moved to exclude evidence that the work equipment he provided to

his workers was unsafe, or that he maintained unsafe worksites.  The government

agrees that this evidence should be excluded.  The court therefore granted

defendant's motion to exclude this evidence.


G.      Hearsay and Other Inadmissible Statements from Defendant's
        Recorded Statement to OSHA

Defendant moved to exclude hearsay and otherwise inadmissible statements

contained within a recorded statement he gave to an OSHA agent on October 24,

2018.  He argued that this interview involved numerous topics that are irrelevant to

this case.  The government agreed that portions of this statement are inadmissible

and should be redacted.  For the reasons stated on the record, defendant's motion to

exclude this evidence is denied as moot.  The parties shall meet and confer

regarding the portions of this statement that should be redacted.  To the extent the

parties are unable to reach full agreement, the defendant may renew and
supplement his request to exclude portions of this recorded statement.

## **CONCLUSION**

For the reasons stated on the record during the hearing, the court grants in
part and denies in part defendant's motion to exclude evidence contained in the
government's Rule 404(b) notice (doc. no. 65) and grants in part and denies in part
defendant's second motion in limine (doc. no. 36) as summarized herein.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

January 22, 2021

cc:  Counsel of Record
     U.S. Probation
     U.S. Marshal

9