UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **United States of America** ) | |
| ) | |
| v. ) | No. 1:19-cr-142-LM |
| ) | |
| **Nathan Craigue** ) | |

### Government's Request for Jury Instruction

After hearing argument on proposed jury instructions on January 12, 2021, the Court directed the parties to meet and confer to discuss potential joint jury instructions on portions of the statutory elements of Title 18, United States Code, Section 1001(a)(2), the statute under which the defendant is charged.  (Doc. No. 68, ¶¶ 2, 3.)  Specifically, the Court asked the parties to discuss potential jury instructions involving the terms "knowingly," "willfully," and "false, fictitious, and fraudulent."  Having done so, the parties have concluded that the parties cannot come to an agreement.  Accordingly, the United States of America, by Scott W. Murray, United States Attorney for the District of New Hampshire, respectfully requests that the attached Proposed Instruction be included in the charge to the jury at the conclusion of closing arguments.

A supporting memorandum of law has not been filed because relevant authority is cited herein.

                                                        Respectfully submitted,

                                                        SCOTT W. MURRAY
                                                        United States Attorney

Dated: January 26, 2021          By: /s/Anna Dronzek
                                                        John S. Davis
                                                        Anna Dronzek
                                                        Aaron Gingrande
                                                        Assistant United States Attorneys
                                                        53 Pleasant Street, 4th Floor
                                                        Concord, N.H.  03301
                                                        (603) 225-1552

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 1**

**Essential Elements of the Offenses Charged – Making a False Statement to a Federal Agency – Counts 1 and 2**

The defendant is charged in Counts 1 and 2 of the Indictment with making a false, fictitious, or fraudulent statement in a matter within the jurisdiction of a government agency. It is against federal law to make a false, fictitious, or fraudulent statement in a matter within the jurisdiction of a government agency. For you to find the defendant guilty of this crime you must be convinced that the government has proven each of these things beyond a reasonable doubt:

First, on or about the date specified, the defendant made a material statement;

Second, the statement was false, fictitious, or fraudulent;[1]

Third, the statement was made knowingly and willfully; and

Fourth, the defendant made the statement in an investigation by the Occupational Safety and Health Administration, U.S. Department of Labor.

---

[1] The language "false, fictitious, or fraudulent" tracks the language of 18 U.S.C. § 1001(a)(2), which the indictment here also follows.  ECF Doc. No. 1.  The First Circuit Pattern Jury Instruction for § 1001(a)(2) instructs only that the government must prove beyond a reasonable doubt that the defendant made a "material false statement." *Pattern Criminal Jury Instructions for the District Courts of the First Circuit*, D. Me. Internet Ed. §4.18.1001 (2019 ed.).  However, the Comment to the Pattern Jury Instruction notes, "The charge refers only to false statements.  Section 1001 . . . is much broader, and in a given case the instruction will need to be modified to deal with the other potential violations."  Because the indictment here tracks the statute by using all three modifiers, including and defining all three terms is appropriate.

3

A statement is "material" if it has a natural tendency to influence or be capable of influencing the decision of the decisionmaker to which it was addressed, regardless of whether the agency actually relied upon it.

A statement is made "knowingly" if the defendant had actual knowledge of its falsity or acted with reckless disregard of the truth, with a conscious purpose to avoid learning the truth.[2]

A statement is made "willfully" if the defendant committed the act voluntarily and purposely, and with knowledge that his conduct was, in a general sense, unlawful. That is, the defendant must have acted with a bad purpose to disobey or disregard the law.

---

[2] *United States v. Suzanne Brown*, 16-cr-21-01-JL, Doc. 36 (January 26, 2017) (jury instruction as given at trial on § 1001 charges); *United States v. London*, 66 F.3d 1227, 1241-42 (1st Cir. 1995) ("In the context of the False Statements Act, 18 U.S.C. § 1001, a false statement is made knowingly if defendant demonstrated a reckless disregard of the truth, with a conscious purpose to avoid learning the truth." (citing the False Claims Act, 31 U.S.C. § 3279, which defines "knowingly" as, in part, acting "in reckless disregard of the truth or falsity of the information" and requiring "no proof of specific intent to defraud")); *United States v. Gonsalves*, 435 F.3d 64, 72 (1st Cir. 2006) (for purposes of § 1001 charge, a defendant's knowledge that a statement was false "amounts in law to the same thing" as the "conscious[] disregard[] or [aversion of] his eyes from its likely falsity"); *see also United States v. Evans*, 559 F.2d 244, 246 (5th Cir. 1977) (affirming § 1001 jury instruction that read, "A person who makes a statement with reckless disregard of the truthfulness of the statement and with the conscious purpose to avoid learning the truthfulness of the statement, is deemed to have knowledge of this statement and its truthfulness or lack thereof."); *United States v. Hester*, 880 F.2d 799, 802 (4th Cir. 1989) (collecting cases holding that acting with reckless disregard of the truth, with a conscious purpose to avoid learning the truth, qualifies as knowledge in a range of false statement statutes, including 18 U.S.C. § 1001, and noting that that the purpose of this holding "was to prevent an individual . . . from circumventing criminal sanctions merely by deliberately closing his eyes to the obvious risk that he is engaging in unlawful conduct").

The government need not prove that the defendant was aware of the specific provision of the law that he is charged with violating or any other specific provision.[3]

A false or fictitious statement is an assertion that is untrue when made or when used and which is known by the person making it or using it to be untrue.[4]

A fraudulent statement is an assertion that is known to be untrue and which is made or used with the intent to deceive.[5]

---

[3] *United States v. Suzanne Brown*, 16-cr-21-01-JL, Doc. 36 (January 26, 2017) (jury instruction as given at trial on § 1001 charges); *Bryan v. United States*, 524 U.S. 184, 191–92, 196 (1998) (holding that "a willful act is one undertaken with a bad purpose" and that "to establish a willful violation of a statute, the Government must prove that the defendant acted with knowledge that his conduct was unlawful," but declining to carve out an "exception to the traditional rule that ignorance of the law is no excuse; knowledge that the conduct is unlawful is all that is required"). The proposed instruction tracks Department of Justice guidance on an appropriate instruction in § 1001 cases. *See Russell v. United States*, No. 13-7357 (2014) (government concession in the Supreme Court that willfully in a § 1001 case "requires proof that the defendant knew that his conduct was unlawful" rather than that the defendant acted deliberately and with knowledge" that his statements were false).

[4] Kevin F. O'Malley et al., *2A Fed. Jury Prac. & Instr.* § 40:08 (6th ed.) (citing *United States v. Worthington*, 822 F.2d 315, 319 (2d Cir. 1987)); *see also Fed. Crim. Jury Instr. 7th Cir.* 1001[5] (2020 ed.) ("A statement is [*false*; *fictitious*] if it was untrue when made."); *Model Crim. Jury Instr. 8th Cir.* 6.18.1001B (2020) ("A statement is "false" if it was untrue when it was made. [A statement is "fraudulent" if the defendant made it with the intent to deceive.]").

[5] O'Malley et al., *2A Fed. Jury Prac. & Instr.* 40.08; *see also Fed. Crim. Jury Instr. 7th Cir.* 1001[6] ("A statement or representation is fraudulent if it is made [or caused to be made] with intent to deceive."); *Model Crim. Jury Instr. 8th Cir.* 6.18.1001B ("A statement is "false" if it was untrue when it was made. [A statement is "fraudulent" if the defendant made it with the intent to deceive.]").