IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ] | |
| ] | |
| v. ] | No. 19-cr-142-LM |
| ] | |
| NATHAN CRAIGUE ] | |

**DEFENDANT'S RESPONSE
TO THE GOVERNMENT'S REQUEST FOR JURY INSTRUCTIONS**

Nathan Craigue responds as follows to the government's Request for Jury Instructions, Document 71.

The Statute

The statute under which Mr. Craigue is charged provides as follows:

[W]hoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully … makes any materially false, fictitious, or fraudulent statement or representation … shall be fined under this title, imprisoned not more than 5 years … or both.

18 U.S.C.A. § 1001.

The Relevant Law on Jury Instructions

Jury instructions should reflect the intent of Congress, using the common law definitions of the terms contained in a criminal statute, unless there are grounds for inferring that Congress intended a meaning other than the common law meaning, in which case the instructions should track that Congressional intent. *See United States v. Gray*, 780 F.3d 458, 464-68 (1st Cir. 2015) (reversing for improperly defining "maliciously" in jury instruction). In formulating a jury instruction, the Court is "required to consider just what Congress meant" by its word choices. *United States v. Tobin*, 480 F.3d 53, 56 (1st Cir. 2007) (reversing for improperly defining "intent to harass" in jury instruction).

To the extent a statutory term "may be ambiguous, 'the rule of lenity requires ambiguous criminal laws to be interpreted in favor of the defendants subjected to them.'" *Gray*, 780 F.3d at 468 (*quoting United States v. Santos,* 553 U.S. 507, 514 (2008) (applying the rule of lenity to adopt the defendant's proposed definition of "proceeds" in a statute as "profits")). Where the choice between a prosecution and defense instruction may turn on competing constructions of an ambiguous term, the proposed defense definition, which "raises the bar for the government, and [thus] favors the defendant" is the appropriate one. *Gray*, 780 F.3d at 468.

"Knowingly"

Section 1001 only criminalizes a statement that is made "knowingly." Unless the text of the statute dictates a different result, this term "requires proof of knowledge of the facts that constitute the offense." *Bryan v. United States*, 524 U.S. 184, 193, (1998) (footnote omitted). Thus, in proving that a defendant knowingly made a false statement in the course of purchasing a firearm, the Supreme Court has explained that the prosecution bears "the burden of proving beyond a reasonable doubt that petitioner knew she was making false statements in connection with the acquisition of firearms …." *Dixon v. United States*, 548 U.S. 1, 5–6, 126 S. Ct. 2437, 2441, 165 L. Ed. 2d 299 (2006).

This Court should instruct the jury that "a statement is made 'knowingly' if it is made with knowledge and awareness that the statement was false and material." *See generally Rehaif v. United States,* 139 S. Ct. 2191, 2195 (2019) ("we start from a longstanding presumption, traceable to the common law, that Congress intends to require a defendant to possess a culpable mental state regarding each of the statutory elements that criminalize otherwise innocent conduct.") (internal quotation marks omitted); *see also United States v. Yermian*, 468 U.S. 63 (1984) (knowledge element does not apply to jurisdictional element of Section 1001). Even if

this Court concludes that circuit precedent requires a different instruction – a matter addressed below – the defense still objects in order to preserve this issue for further review.

In arguing that this Court should instruct otherwise on the definition of "knowingly" the government first cites the instruction given in *United States v. Suzanne Brown*, 16-cr-21-01-JL. In that case, the defense did not submit requested instructions, and the district court instructed the jury as requested by the government, so there is no indication that the district court had occasion to consider arguments against the government's proposed instruction.

The government cites two cases from the First Circuit. The first, *United States v. London*, 66 F.3d 1227 (1st Cir. 1995), did not involve any Section 1001 charges. Rather, the issue was whether "the district court erroneously informed the jury that London could be convicted of the 'willful' violation proscribed by 31 U.S.C. § 5322(b) if he had merely a reckless disregard of his legal duties regarding the filing of [currency transaction reports]." 66 F.3d at 1238 (1st Cir. 1995).

In *London*, the government agreed that the reckless disregard instruction was erroneous, because a Supreme Court case construing the currency transactions reporting provision required actual knowledge, but the First Circuit panel still had to confront the existence of an arguably contrary circuit precedent. In deciding whether the panel was bound by that earlier decision, the panel wrote:

> While we might, if writing on a clean slate, accept the narrowest interpretation of "knowledge," we will not easily conclude that the Court has rejected our prior decision by ambiguous inference or opaque implication. We would require a clear signal.
>
> We now look for signals. The case for "actual knowledge" is the word itself—expressing direct acquaintance with a fact. This has the virtue of simplicity in formulating instructions to a jury. …

> Looking for contrary indications, we note first, that the referent used most often by the Court was "knowledge." "Actual knowledge" was used by the majority only once, in a parenthetical reference to a 1980 Fifth Circuit case. …
> …
>
> But beyond comments in the Court's opinion, we are mindful of the wider scope given definitions of "knowledge" in cases and statutes. …
>
> In the context of the False Statements Act, 18 U.S.C. § 1001, a false statement is made knowingly if defendant demonstrated a reckless disregard of the truth, with a conscious purpose to avoid learning the truth. *United States v. White,* 765 F.2d 1469, 1482 (11th Cir.1985); *United States v. Evans,* 559 F.2d 244, 246 (5th Cir.1977). A statutory equating of knowledge and reckless disregard is found in the definitions contained in the False Claims Act, 31 U.S.C. § 3729, which prohibits "knowingly" presenting a false or fraudulent claim to the United States Government. The definitions of "knowing" and "knowingly" apply to a person who, with respect to information, "acts in reckless disregard of the truth or falsity of the information, and no proof of specific intent to defraud is required." 31 U.S.C. § 3729(b)(3).

*United States v. London*, 66 F.3d 1227, 1241–42 (1st Cir. 1995).  Thus, the language in *London* was dicta stated while construing a different statute.

The only other authority from this circuit cited by the government is *United States v. Gonsalves*, 435 F. 3d 64 (1st Cir. 2006).  The language in that case is also not controlling as to the proper definition of "knowingly."

> The next challenge concerns the instruction for the false statement counts under 18 U.S.C. § 1001. The core of the district court's charge on scienter was that the government was required to show that the "defendant knowingly made a material false statement" to the INS and "that the defendant made the statement voluntarily and intentionally," that is, knowing "that it was false or demonstrat[ing] reckless disregard for the truth with a conscious purpose to avoid learning the truth."
>
> Gonsalves … argues that the scienter requirement for the offense was not sufficiently explained and that an "intent to deceive" instruction should have been given. It is debatable how far the full objection was preserved, but it warrants comment because of some tension in our own case law.
> …
> Willfulness- a term our cases do endorse -means nothing more in this context than that the defendant knew that his statement was false when he made it or- which

4

> amounts in law to the same thing- consciously disregarded or averted his eyes from its likely falsity. This is just what the district judge told the jury in this case, *i.e.,* that the defendant made the statement knowing that it was false or demonstrating "reckless disregard for the truth with a conscious purpose to avoid learning the truth."

*United States v. Gonsalves*, 435 F.3d 64, 71–72 (1st Cir. 2006)

The language in *Gonsalves* is also dicta because the First Circuit was construing "willfulness," a term that both sides in the instant case agree now means something different from what the First Circuit said it means in *Gonsalves*. Therefore, this Court is free to take a fresh look at the issue, and should rule that knowledge simply means actual knowledge.

If the Court rejects the defense position and concludes that an instruction about a mental state beyond the one offered by the defense may be appropriate, then the Court should, in determining what instructions should be given, consider *United States v. Singh*, 223 F.3d 6 (1st Cir. 2000). That case involved a statute that criminalized possession of an immigration document "knowing it to be forged, counterfeit, altered, or falsely made." 223 F.3d at 9 n.2. At trial, Judge DiClerico had instructed as follows:

> In deciding whether the defendant acted knowingly, you may infer that the defendant had knowledge of a fact if you find that he deliberately closed his eyes to a fact that otherwise would have been obvious to him. In order to find knowledge, you must find that two things have been established. First, that the defendant was aware of a high probability that the fact existed. Second, that the defendant consciously and deliberately avoided learning of that fact. That is to say, the defendant willfully made himself blind to that fact. It is entirely up to you to determine whether he deliberately closed his eyes to the fact and, if so, what inference, if any should be drawn. However, it is important to bear in mind that mere negligence or mistake in failing to learn the fact is not sufficient. There must be a deliberate effort to remain ignorant of the fact.

223 F.3d at 11 n.4.

The First Circuit explained that such a "willful blindness" instruction "is justified when the defendant claims to lack guilty knowledge, yet the evidence, taken in the light most favorable

to the government, suffices to support an inference that he deliberately shut his eyes to the true facts." 233 F.3d at 11.  Such an instruction is appropriate only based on the trial record, and so the Court should not decide now to give such an instruction. *See id*.

Finally, if the Court over the defense's objection decides to give such an instruction, the defense requests an instruction similar to the one Judge DiClerico gave in *Singh*. Unlike the government's proposed instruction, a proper instruction, if one is to be given, should make it clear – as is plainly apparent from the text of the statute – that a conviction requires nothing less than knowledge, but that knowledge can sometimes be established through willful blindness.

"Willful"

With respect to "willful," the government's proposed instruction is close to, but not identical with, the language previously proposed by the defense.  The defense has proposed the following instruction:

> A statement is made 'willfully' if the statement was made voluntarily and intentionally, and with knowledge by the person making the statement that his conduct in making the statement was unlawful. That is, in making the statement, Mr. Craigue must have acted with a bad purpose to disobey or disregard the law. The government need not prove that Mr. Craigue was aware of the specific provision of the law that he is charged with violating, but the government must prove that, when he allegedly made a false statement, he was aware that he was thereby acting unlawfully.

Document 43 at 4.

As the Supreme Court has explained,

> The word "willfully" is sometimes said to be "a word of many meanings" whose construction is often dependent on the context in which it appears. Most obviously it differentiates between deliberate and unwitting conduct, but in the criminal law it also typically refers to a culpable state of mind. … As a general matter, when used in the criminal context, a "willful" act is one undertaken with a "bad purpose."  In other words, in order to establish a "willful" violation of a statute, "the Government must prove that the defendant acted with knowledge that his conduct was unlawful."

6

*Bryan v. United States*, 524 U.S. 184, 191–92 (1998) (internal citations and footnote omitted).

The difference between the government and the defense's proposals is admittedly minor, and neither side is entitled to the Court using precisely words of one side's choosing. But the Court should not instruct as proposed by the government because the government's proposed language involving "a general sense" may be confusing to the jury.

<u>"false, fictitious, or fraudulent"</u>

The defense continues to press for the instruction on this element to include language that a statement made in response to a question is false (or fictitious or fraudulent) only if it is false (or fictitious or fraudulent) under every reasonable interpretation of the question. *See United States v. Hatch*, 434 F.3d 1, 5 (1st Cir. 2006) ("In a false statement prosecution, an answer to a question is not fraudulent if there is an objectively reasonable interpretation of the question under which the answer is not even false.") (internal brackets and quotation marks omitted); *see also United States v. Anderson*, 579 F.2d 455, 460 (8th Cir. 1978) ("it was incumbent upon the government to introduce proof sufficient to establish the falsity of the statements as well as the defendant's knowing and willful submission of the statements. In carrying out that burden the government must negative any reasonable interpretation that would make the defendant's statement factually correct").

                                                        Respectfully submitted,

                                                        */s/ Behzad Mirhashem*
                                                        Behzad Mirhashem
                                                        N.H. Bar #10031

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 9, 2021 the above document was served electronically upon all counsel of record through the CM/ECF filing system.

/s/ *Behzad Mirhashem*
Behzad Mirhashem