# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )<br>)   Case No. 19-CR-142-LM<br>NATHAN CRAIGUE )<br>)<br>) | |

## GOVERNMENT'S REQUEST FOR JURY INSTRUCTION ON THE *DARDEN FACTORS*

The United States of America, by Scott W. Murray, United States Attorney, and pursuant to Rule 30 of the Federal Rules of Criminal Procedure, respectfully requests that the attached Proposed Instruction be included in the charge to the jury at the conclusion of closing arguments.

The United States further asks for leave to file additional requests for jury instructions, or to modify the attached proposed instructions, as may become appropriate and necessary in light of any requests for instructions filed by the defendant or other developments at trial.

Dated: February 23, 2021

Respectfully submitted,

Scott W. Murray
United States Attorney

By:   /s/Anna Dronzek
John S. Davis
Anna Dronzek
Aaron Gingrande
Assistant United States Attorneys
53 Pleasant Street, 4th Floor
Concord, N.H. 03301
(603) 225-1552

## GOVERNMENT'S PROPOSED JURY INSTRUCTION
## "Employee" - Definition

To determine whether the defendant made a false statement, you must decide whether Kenneth McKenna was an employee of the defendant or his business, or whether he was a subcontractor.  To answer this question, you need to determine whether the defendant had the right to control the manner and means by which McKenna carried out his work.

If you find that the defendant had the right to control the manner and means by which McKenna carried out his work, you must find that McKenna was the defendant's employee.  If you find that the defendant hired McKenna to do work, but did not have the right to control the manner and means by which McKenna did that work, you must find that McKenna was not an employee, but a subcontractor.

You should make this determination in light of the economic realities of the entire relationship between the defendant and McKenna.

Factors you should consider include:

- Who provided the tools, equipment, and supplies necessary to do the work?  A subcontractor usually provides the tools, equipment, and supplies necessary to do the job, but an employee does not.

- How did the defendant pay McKenna?  An employer usually pays an employee by the hour, week, or month.  A subcontractor is ordinarily paid an agreed or set amount, or according to an agreed formula, for a given task or job.

- What benefits, if any, did the defendant provide to McKenna?  An employer usually provides vacation or sick time, insurance, retirement, and other fringe benefits to the employee.  A subcontractor does not receive such benefits.  An employer is obligated by

law to pay for workers' compensation insurance for its employees, but not for its subcontractors.

- How did the defendant treat McKenna for tax purposes?  An employer is required to report payroll paid to employees, to pay payroll taxes, and to withhold a portion of an employee's wages that is paid to payroll taxes.  When an employer hires a subcontractor, the employer does not pay or withhold payroll taxes, but is required to file a Form 1099 with the IRS whenever it pays a subcontractor more than a threshold amount in a calendar year.
- How long had the relationship between the defendant and McKenna existed?  A continuing relationship between the worker and the person for whom the services are performed indicates that an employer-employee relationship exists.
- Where was the work located, and who determined that location?
- Did the defendant have the right to assign additional projects to McKenna?
- How much discretion did the defendant have over when and how long McKenna worked?  If the worker must devote substantially full time to the employer's business, the worker is impliedly restricted from performing other gainful work and is generally an employee.  A subcontractor, on the other hand, is free to work when and for whom he or she chooses.
- Did McKenna have any role in hiring and paying assistants?  A subcontractor may generally hire and pay assistants, while an employee generally may not.
- Was the work that McKenna performed part of the defendant's regular business?  An employee generally performs work that is part of the defendant's regular business, while a subcontractor generally does not.
- Did McKenna work exclusively for the defendant or did he hold other jobs?  If a worker

provides more than minimal services for multiple employers at the same time, generally that worker is a subcontractor. However, a worker may be an employee of more than one person at a time.

- What kind of relationship did McKenna and the defendant intend to create? The parties' intent is always important. But the description the parties themselves give to their relationship is not controlling—the actual relationship is more important than the label.

To determine the defendant's right to control the manner and means of McKenna's work, you should consider all the circumstances surrounding the work relationship – no single factor determines the outcome.

---

*A.C. Castle Constr. Co., Inc. v. Acosta*, 882 F.3d 34, 39 (1st Cir. 2018); *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323-24 (1992); Restatement (Second) of Agency § 220(2) (1958) (listing nonexhaustive criteria for identifying master-servant relationship); Rev. Rul. 87-41, 1987–1 Cum. Bull. 296, 298-299 (setting forth 20 factors as guides in determining whether an individual qualifies as a common-law "employee" in various tax law contexts); Eleventh Circuit Pattern Civil Jury Instructions, 4.24 (2019) (Miscellaneous Issues—Employee or Independent Contractor); 1 Standardized Civil Jury Instructions for the District of Columbia, § 6.01 (2020) (Establishing Employer-Employee Relationship).