IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA | ] |
| | ] |
| v. | ]   No. 19-cr-142-LM |
| | ] |
| NATHAN CRAIGUE | ] |

## DEFENDANT'S PROPOSED JURY INSTRUCTION[1]

EMPLOYEE VS. INDEPENDENT CONTRACTOR

In order for you to determine whether Mr. Craigue made a false statement, you must decide whether Kenneth McKenna was an employee of Mr. Craigue, or whether he was an independent contractor. You may find that Mr. Craigue made a false statement about Mr. McKenna's status only if you conclude that Mr. McKenna was an employee, not an independent contractor. The government bears the burden of proving beyond a reasonable doubt that Mr. McKenna was an employee of Mr. Craigue.

In making the determination whether Mr. McKenna was an employee or independent contractor, the test you should use is this: If you find that Mr. Craigue had the right to control the manner and means by which Mr. McKenna carried out his work, you should find that Mr. McKenna was Mr. Craigue's employee. But if you find that Mr. Craigue did not have the right to control the manner and means by which Mr. McKenna carried out his work, then you must find that Mr. McKenna was not an employee, but an independent contractor.[2]

---

[1] The defense asserts that the jury instruction should not be limited to the so-called *Darden* factors, but as the Court disagrees, the defense is submitting this proposed instruction as directed by the Court while continuing to maintain its objection to such a limited instruction.

[2] *A.C. Castle Constr. Co. v. Acosta*, 882 F.3d 34, 39 (1st Cir. 2018); Eleventh Circuit Pattern Civil Jury Instruction 4.24 (2019).

In making this determination, you should consider the entire relationship between Mr. Craigue and Mr. McKenna. The factors you should consider are listed below, but no one factor is decisive.[3]

(a) To what extent did Mr. Craigue actually control the manner and means by which Mr. McKenna completed his work?

(b) To what extent did Mr. Craigue control Mr. McKenna's work schedule?

(c) To what extent did Mr. Craigue provide the tools and equipment Mr. McKenna used? An independent contractor usually provides the tools, equipment, and supplies necessary to do the job, but an employee usually does not.

(d) To what extent did the work involve Mr. McKenna's use of his own skills? An individual engaged in skilled work is more likely to be an independent contractor compared to an induvial engaged in unskilled work.

(e) How was Mr. McKenna paid? An employer usually pays an employee on a time worked, piecework, or commission basis. An independent contractor is ordinarily paid an agreed or set amount, or according to an agreed formula, for a given task or job.

(f) Was Mr. McKenna provided with any benefits? An employer usually provides an employee with vacation or sick time, insurance, retirement, and other fringe benefits. An independent contractor usually receives no such benefits.

(g) How did Mr. McKenna and Mr. Craigue treat their relationship for income tax purposes? Did Mr. Craigue withhold taxes owed by Mr. McKenna? Did Mr. McKenna pay his own self-employment taxes? An employer is required to report payroll paid to employees, to pay payroll taxes, and to withhold a portion of an employee's wages that is paid to

---

[3] *See id.*

payroll taxes. When an employer hires a subcontractor, the employer does not pay or withhold taxes.

(h) Did Mr. McKenna work exclusively for Mr. Craigue? If a worker provides services to multiple employers at the same time, generally that worker is an independent contractor. Employees ordinarily work for only one or just a few employers.

(i) Did Mr. Craigue have the right to assign additional projects to Mr. McKenna? Independent contractors typically are hired for a particular project and the hiring party may not unilaterally assign additional duties to the hired party.[4]

(j) Did Mr. McKenna have any role in hiring and paying assistants?

(k) What was the location at which Mr. McKenna worked?

(l) How long did Mr. McKenna work for Mr. Craigue?

(m) What was the parties' intent as to their relationship? Was there an agreement between the parties as to their status? How did the parties characterize their relationship?[5]

You must assess and weigh all of the circumstances surrounding the work relationship. No one factor is decisive. However, in most situations, the extent to which the hiring party actually controls the manner and means by which the worker completes his tasks is the most important factor in the analysis.[6]

---

[4] *Pasquale v. General Sciences, Inc.,* 2010 WL 1558717, at *9 (E.D. Penn., April 19, 2010).
[5] J*ammal v. American Family Insurance Company*, 914 F.3d 449, 459 (6th Cir. 2019)(*citing Weary v. Cochran,* 377 F.3d 522, 525 ((6th Cir. 2004)).
[6] *A.C. Castle Constr. Co. v. Acosta*, 882 F.3d 34, 39 (1st Cir. 2018),

Respectfully submitted,

*/s/ Behzad Mirhashem*
Behzad Mirhashem
N.H. Bar #10031

**CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2021 the above document was served electronically upon all counsel of record through the CM/ECF filing system.

/s/ *Behzad Mirhashem*
Behzad Mirhashem