IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ] | |
| ] | |
| v.                         ] | No. 19-cr-142-LM |
| ] | |
| NATHAN CRAIGUE         ] | |

## ASSENTED-TO MOTION TO CONTINUE TRIAL

Nathan Craigue respectfully moves the Court to continue his trial, currently scheduled for April 6, 2021, to May 18, 2021.

As grounds for this motion, it is stated:

On July 10, 2019, the grand jury returned a two-count indictment against Mr. Craigue. Both counts involve alleged false statements relating to the employment status of Kenneth McKenna. *See* June 29, 2020 Order (document 27) (addressing motion to dismiss on multiplicity grounds).

On December 10, 2020, the Court granted a motion to continue the trial to April 2021. Subsequently, after extensive argument, on January 22, 2021, the Court issued an order on a motion in limine relating to 404(b) issues. *See* Document 70.

On March 12, 2021, the government informed defense counsel that it intends to seek a superseding indictment as to count two, and likely as to count one. On March 16, 2021, the government informed defense counsel that it intends to seek a superseding indictment as to both counts.

While the current indictment involves only the employment status of Kenneth McKenna, the superseding indictment will, in count one, allege falsity as to the employment status of both McKenna and Nicholas Ford, and, in count two, allege falsity as to the employment status of both McKenna and Chris Erickson.

1

Mr. Craigue now moves to continue the trial that is only a few weeks away because the new indictment will require relitigating many of the 404(b) issues previously addressed by the Court, and also necessitates research by the defense into whether a motion to dismiss the superseding indictment on one or more grounds should be filed.

With respect to the evidentiary issues, this Court's prior order remains the law of the case. But, presumably, the government will file a motion asking the Court to revisit its rulings now that previously uncharged allegations involving Erickson and Ford have been transformed into charged allegations. How some of the rulings should change appears neither trivial nor obvious, and the government's motion will require a written response by the defense and, likely, additional argument before the Court. Further, if the Court now admits more evidence that could prejudice the jury against Mr. Craigue, it may become necessary under Rule 403 for the Court to exclude certain evidence that it previously ruled was admissible.

With respect to possible grounds for dismissal, the defense will need to research whether the new indictment should be dismissed on duplicity grounds – here, charging two crimes in each of its two counts – and also whether the superseding indictment should be dismissed as violating the Speedy Trial Act. *See, e.g., United States v. Verrecchia*, 196 F.3d 294, 297 (1st Cir. 1999) ("Duplicity is the joining in a single count of two or more distinct and separate offenses." "The prohibition against duplicitous indictments arises primarily out of a concern that the jury may find a defendant guilty on a count without having reached a unanimous verdict on the commission of any particular offense.") (internal citations and brackets omitted); *United States v. Davis*, 721 F. Supp. 2d 59 (D. Me. 2010) (dismissing superseding indictment as violative of the Speedy Trial Act). These issues will become ripe for litigation only after the new indictment has been returned, and will require adequate time for their orderly resolution.

The changes contemplated by the government are not "minor changes" that do not restart the Speedy Trial Clock.  *See United States v. Barnes*, 251 F.3d 251, 258 (1st Cir. 2001) (*citing United States v. Rojas-Contreras,* 474 U.S. 231, 236-37 (1985). Once the clock is restarted, Mr. Craigue is entitled to at least 30 days between arraignment on the new indictment and trial.  *See* 18 U.S.C. § 3161(c)(2). Even if the clock does not restart, the Court still has discretion to continue the case upon reindictment.  *Rojas-Contreras*, 474 U.S. at 236.

For all these reasons, the Court should continue the trial to the next jury selection date, which appears to be May 18, 2021.

The government, through Assistant US Attorneys Davis, Dronzek, and Gingrande, assents to the requested relief.

WHEREFORE, Nathan Craigue respectfully moves the Court to continue his trial, currently scheduled for April 6, 2021, to May 18, 2021.

                                                Respectfully submitted,

                                                */s/ Behzad Mirhashem*
                                                Behzad Mirhashem
                                                N.H. Bar #10031

## CERTIFICATION AS TO SPEEDY TRIAL RIGHTS

Undersigned counsel certifies that (A) defense counsel has consulted with the defendant about the requested continuance, (B) defense counsel has explained to the defendant that, by seeking a continuance, the defendant is waiving his constitutional and statutory rights to a speedy trial, (C) the defendant has personally assented to the continuance, and (D) defense counsel is forthwith mailing or electronically transmitting to the defendant a copy of the motion to continue.

/s/ *Behzad Mirhashem*
Behzad Mirhashem

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2021 the above document was served electronically upon all counsel of record through the CM/ECF filing system.

/s/ *Behzad Mirhashem*
Behzad Mirhashem