**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **No. 19-cr-142-LM** |
| **v.** | ) | |
| | ) | |
| **NATHAN CRAIGUE** | ) | |

## THE UNITED STATES' OBJECTION TO DEFENDANT'S MOTION TO DISMISS

The United States objects to Defendant's Motion to Dismiss (ECF #82). As shown below, there is no legal basis for dismissal of the superseding indictment because Defendant has not shown want of prosecution or "bad faith" by the government based on the timing of presenting the superseding indictment to the Grand Jury, nor has the defendant suffered any prejudice. Although the trial schedule would be delayed slightly if Defendant's requested continuance is granted, the government did not seek a continuance and, in any event, a change in the trial calendar is not a proper ground for dismissing a superseding indictment. Moreover, the defendant's rights can be fully protected by granting his request for a continuance. Accordingly, there is no reason for the Court to dismiss the superseding information.

## I.   DEFENDANT HAS FAILED TO SHOW THAT THE TIMING OF THE SUPERSEDING INDICTMENT AMOUNTS TO A WANT OF PROSECUTION.

To obtain dismissal of an indictment under Federal Rule of Criminal Procedure 48(b) (hereinafter "Rule 48(b)") based on the timing of presentment to the grand jury, a defendant must show that there was an "unnecessary delay" that either prejudiced him or was improperly motivated. *Fleming* v. *United States*, 378 F.2d 502, 504 (1st Cir. 1967). The phrase "unnecessary delay" is not specifically defined in Rule 48 or elsewhere in the Federal Rules of Criminal Procedure. But the Advisory Committee Notes to Rule 48 indicate that it was intended

1

as "a restatement of the inherent power of the court to dismiss a case *for want of prosecution.*"

1944 Advisory Committee Notes on Adopting Rule 48 (emphasis added).  In other words,

> the Advisory Committee did not intend Rule 48(b) as an all-encompassing
> grant to district courts of supervisory authority over the prosecution of
> criminal cases, but rather as a recognition of a district court's power
> to dismiss a case that the government has failed to prosecute in a timely
> manner.

*United States v. Begay*, 602 F.3d 1150, 1154–56 (10th Cir. 2010).

The discretion embodied in Rule 48(b) to dismiss an unnecessarily delayed indictment is "constrained by long-standing authority holding that *a superseding indictment may be filed any time before trial on the merits.*"  *See United States v. Trahan*, 333 F. App'x 818, 818–20 (5th Cir. 2009) (unpublished) (emphasis added) (citing *United States v. Millet,* 559 F.2d 253, 257–58 (5th Cir.1977) (affirming denial of motion to dismiss superseding indictment returned six days before trial)).  Rule 48(b) is appropriately deferential to the "core executive constitutional function" of designing and pursuing criminal prosecutions.  *United States v. Armstrong,* 517 U.S. 456, 465 (1996).

Here, any delay in the government's bringing the superseding indictment was not for want of prosecution; rather, it was a response to legal developments as the case proceeded.  In an analogous case, *United States v. Trahan*, the Fifth Circuit reversed a decision under Rule 48(b) to dismiss a superseding indictment presented to the grand jury twelve days before trial.  333 F. App'x at 818-20.  The Court reasoned:

> The Government's conduct here does not reflect a want of
> prosecution. The mere fact that some delay occurred before the
> superseding indictment was filed does not support its dismissal
> when the case was proceeding forward to trial with appropriate
> speed.

*Id.*

Similarly, here, the case has proceeded forward to trial with appropriate speed—all things considered, in light of COVID-19—and there has been no want of prosecution. The government has not sought a single continuance: it has merely assented to Defendant's request to continue each time. Furthermore, even if the Court grants a continuance based on the superseding indictment, it will only result in a delay from April 6 to May 21, 2021. That is a small fraction of the overall time by which the trial has already been delayed based on the various prior defense-sought continuances from August 2019 and October 2020 (filed on 8/26/19, 1/2/20, 2/24/20, 5/6/20, 7/2/20, 9/14/20, and 10/30/20, respectively), and court-ordered continuances based on COVID-19 (ordered on 5/6/20, 11/18/20, and 12/10/20, respectively).

Contrary to displaying a lack of prosecution, the government has aggressively litigated this case. Indeed, the government's motivation for superseding the indictment was to include additional means of proving the defendant's false statements to OSHA. The changes to the indictment now better represent the nature and scope of the offense, since Defendant's false statements alleged in the indictment included the two other employees of Defendant's business— Nicholas Ford and Christopher Erickson, not just Kenneth McKenna—and the two men's status was material to OSHA's investigation. The changes to the original indictment were necessary for the government to present the testimony of these other employees in light of the Court's *in limine* ruling excluding evidence of their employment status, which was grounded on the fact that their status had not been specifically alleged in the original indictment as a reason Defendant's statements were false. As discussed below, it is appropriate for the government to seek a superseding indictment in response to a court ruling limiting the evidence that would be admitted under the original indictment.

## II.     DEFENDANT HAS FAILED TO SHOW ANY BAD FAITH BY THE GOVERNMENT.

The Court should deny Defendant's Rule 48(b) motion because, in addition to failing to show want of prosecution, Defendant has failed to show any bad faith by the government. Dismissal of a superseding indictment on Rule 48(b) grounds based on bad faith is limited to governmental conduct that is "oppressive or culpable." *Fleming*, 378 F.2d at 504.  The Supreme Court has repeatedly stressed that courts are not "permit[ted] . . . to abort criminal prosecutions simply because they disagree with a prosecutor's judgment as to when to seek an indictment," or "to impose on law enforcement officials [their] personal and private notions of fairness . . . ." *United States v. Lovasco,* 431 U.S. 783, 790 (1977).

Superseding an indictment in response to a court's ruling on a pretrial motion *in limine* that excludes evidence does not indicate bad faith: to the contrary, it is a permissible means of litigating the government's case.  In *United States v. Begay*, 602 F.3d 1150 (10th Cir. 2010), the Tenth Circuit reversed the dismissal of a superseding indictment.  In so doing, the Tenth Circuit rejected the arguments that dismissal was appropriate because the superseding indictment was (1) an  "attempt to circumvent [the district court's pretrial] ruling" that excluded certain evidence, and (2) "[t]he government could have brought the superseding-indictment charges at the same time as it brought the single charge in the original indictment" but did not.  *Id.* at 1153. Specifically, the Court reasoned:

> Although it is true that the government "delayed" seeking the superseding indictment in the sense that it had been privy for some time to the evidence underlying each count of the superseding indictment, nothing in the record establishes that this was the type of "unnecessary delay" envisioned by Rule 48(b)(1).

*Id.* at 1154–56.  The Court explained, "it is the prerogative of the executive branch to design a criminal prosecution in the way it deems most prudent," *id.* (internal citation omitted), and found there was no evidence of prosecutorial vindictiveness in the government bringing a superseding indictment against the defendant that could justify dismissal.  *Id.*  Critically for this case, the Court applied *Lovasco* and other Supreme Court precedent to hold that "it was entirely proper for the government, absent prosecutorial vindictiveness or prejudice to [defendant], to alter its tactics in response to the [lower court's] rulings on its proffered . . . evidence and seek a superseding indictment that included additional charges . . . ."  *Id.*

As in *Begay*, here, Defendant has not asserted any prosecutorial vindictiveness; instead, Defendant has merely asserted the government filed a superseding indictment in response to the court's evidentiary ruling.  That is true, and, as in *Begay*, the Court should conclude that such action by the government does not provide basis for dismissal.  Beyond claiming incorrectly that filing a superseding indictment in response to the Court's evidentiary ruling was improper, Defendant has not asserted any other conduct that constitutes the government's bad faith.  Nor could he.  The government did not intentionally delay presenting the superseding indictment to the Grand Jury at all, let alone for any of the reasons the First Circuit has held may constitute "bad faith" (such as depriving the defendant of witnesses, or imposing the burden of defendant defending himself against back-to-back trials).  *See United States* v. *Irizarry-Colon*, 848 F.3d 61, 70–71 (1st Cir. 2017) (comparing permissible tactics that intentionally delay, for good reason, with those that constitute "bad faith"); *United States v. Daley*, 454 F.2d 505, 509 (1st Cir. 1972) (rejecting defendant's complaint of "unjustified" superseding indictments where no indication that government was "improperly motivated" in conduct of case).

The government has not sought to delay the trial in this matter, nor was there intentional delay between the court's January 22, 2021 ruling and the government's decision to supersede. The government decided to supersede when, during trial preparations, it fully evaluated the potential effect of the Court's *in limine* ruling.  Discussions about superseding began on March 11.  The government notified defense counsel of its intent to supersede as soon as it made the decision on March 12: ten (10) days before presenting the superseding indictment to the Grand Jury, and twenty-six (26) days before testimony was scheduled to begin.  *See United States* v. *Vaughn*, 444 F. App'x 875, 880-81 (6th Cir. 2011) (unpublished) (where government sought superseding indictment after mistrial in which court excluded certain evidence, no indication that government "caused the delay itself for a tactical purpose").

Finally, while the government's decision to supersede the indictment has caused Defendant to move for a continuance, the granting of which would affect the trial date, this provides no reason to dismiss the superseding indictment: "[D]ismissal with prejudice based on calendar control or prudential speedy trial concerns alone is inappropriate."  *United States v. Parker*, 185 F.3d 871 (9th Cir. 1999) (unpublished) ("Because the finding relating to any prosecutorial misconduct was premised solely on the government's disruption of the district court's calendar (without any intent to harm the court), [the court's Rule 48(b)] finding is clearly erroneous, rendering the district court's dismissal of the indictment an abuse of discretion.").  In short, filing an indictment that a court views as being  "too close to trial," even when the government "had sufficient opportunity to amend the charges earlier," does not constitute prosecutorial misconduct for which a superseding indictment can be dismissed.  *United States v. Talbot,* 51 F.3d 183, 187 (9th Cir. 1995).

### III.    DEFENDANT HAS FAILED TO SHOW PREJUDICE.

Finally, Defendant has not shown that he has been prejudiced by any delay in the government's presenting the superseding indictment to warrant dismissal under Rule 48(b).  *See Fleming*, 378 F.2d at 504 (Rule 48(b) dismissal requires showing that delay was improperly motivated, or caused prejudice to defendant).  Here, the only anticipated change resulting from the superseding indictment is the admissibility of Mr. Ford's and Mr. Erickson's testimony about the facts regarding their own work status, which is relevant to prove the falsity of Defendant's statements.  Otherwise, the superseding indictment will alter very little about the trial; no additional disclosure or change in witnesses will result.  Indeed, Mr. Ford and Mr. Erickson were already known witnesses whom Defendant has had adequate time to investigate.[1]

Instead of pointing to reasons that Defendant himself has been prejudiced by the alleged delay, Defendant points to *other* cases, of *other* defendants, that could have been tried on April 6. Defendant's Motion to Dismiss at 6 &10.  But for a court to dismiss on Rule 48(b) grounds, "the prejudice must be to the *accused,* not merely the court's calendar."  *United States v. Gilbert,* 813 F.2d 1523 (9th Cir.1987) (emphasis added).

Furthermore, the filing of the superseding indictment did not require, either as a matter of right or law, that the trial date in this case be postponed.  *United States* v. *Rojas-Contreras*, 474

---

[1] Defendant also argues he needs additional time to determine whether to bring a motion to dismiss the superseding indictment on duplicity grounds.  But there is no basis for such a motion. Pursuant to Federal Rule of Criminal Procedure 7(c), "[i]t may be alleged in a single count that . . . the defendant committed the offense . . . by one or more specified means."  Here, adding the name of another employee referenced in each of Defendant's statements simply shows, by more than one means, why each statement is false.  *Cf. United States v. Edmondson,* 410 F.2d 670, 673 n. 6 (5th Cir. 1969) (single count could properly charge several false statements in same perjury count); *United States v. Berardi,* 675 F.2d 894, 897 (7th Cir.1982) (multiple acts which constitute an offense standing alone may be joined in single count without violating duplicity). In any case, if Defendant needs additional time for such a motion, the continuance he seeks should be a more-than-adequate remedy to provide it.

7

U.S. 231, 236 (1985) (filing of superseding does not require restarting of 30-day trial preparation period).  Indeed, in *United States v. Maynie*, 257 F.3d 908, 914–15 (8th Cir. 2001), the Eighth Circuit upheld, over defendant's challenge on Rule 48(b) grounds, the lower court's decision to allow trial to proceed on the *very same day* that the defendant was arraigned on the superseding indictment.

As stated above, the government has not altered the calendar in this matter.  Instead, the government was willing to assent to Defendant's request for a continuance because Defendant expressed a desire for more time to prepare for trial, in light of the anticipated effect that the superseding indictment may have on other evidentiary rulings.  The Court's granting a brief continuance would cure any potential prejudice to Defendant.  *United States v. Wiener*, 104 F.3d 350 (2d Cir. 1996) (upholding district court's denial of 48(b) motion to dismiss where defense and government agreed to an additional 30 days to prepare its case in light of the government's presentment of a superseding indictment in response to defense's success on a pretrial motion to exclude evidence); *cf. Fleming*, 378 F.2d 502, 504 (1st Cir. 1967) (no showing of prejudice by delaying trial where defendant was not incarcerated).

## IV.    CONCLUSION

For all of the foregoing reasons, Defendant's Motion to Dismiss should be denied.


Dated: March 26, 2021                          Respectfully submitted,

                                               JOHN J. FARLEY
                                               Acting United States Attorney

                            By:        /s/ Aaron Gingrande
                                       Aaron G. Gingrande
                                       John S. Davis
                                       Anna Dronzek
                                       Assistant U.S. Attorneys
                                       53 Pleasant Street, 4th Floor
                                       Concord, New Hampshire 03301