IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ] | |
| | ] | |
| v. | ] | No. 19-cr-142-LM |
| | ] | |
| NATHAN CRAIGUE | ] | |

## MOTION TO DISMISS

Nathan Craigue respectfully moves the Court to dismiss both counts of the superseding indictment because each count is duplicitous.[1]  If this motion is denied, he requests in the alternative that the jury be given an appropriate unanimity instruction.

As grounds for this motion, the following is stated:

Count One alleges that Mr. Craigue made "a materially false, fictitious, and fraudulent statement and representation, by stating to an OSHA Compliance Safety & Health Officer that KM, who had died as a result of a workplace accident earlier that day, and NF were subcontractors and were not employees of the defendant or his business, when, in truth and in fact, as the defendant then and there knew, KM and NF were employees and not subcontractors."

Count Two alleges that Mr. Craigue made "a materially false, fictitious, and fraudulent statement and representation, by stating to an OSHA Compliance Safety & Health Officer that KM and CE were not employees of the defendant or his business, specifically, when the Officer asked him whether KM and CE were employees of his company, the defendant stated, 'I've always treated them – they would come and go as they please, so I would always treat them as

---

[1] At first blush, there may appear to be some tension between the duplicity argument made here, that each count alleges two crimes, and the multiplicity argument made elsewhere.  These arguments are not inconsistent because the multiplicity argument implicates the unitary harm rule that applies to multiple statements.  *See* document 27 (June 29, 2020 Order) at 9-10.

1

not employees,' when, in truth and in fact, as the defendant then and there knew, KM and CE were employees and not subcontractors."

LEGAL ARGUMENT

"Duplicity is the joining in a single count of two or more distinct and separate offenses. The prohibition against duplicitous indictments arises primarily out of a concern that the jury may find a defendant guilty on a count without having reached a unanimous verdict on the commission of any particular offense." *United States v. Verrecchia,* 196 F.3d 294, 297 (1st Cir. 1999) (internal citation, quotation marks and brackets omitted).

Whether a count is duplicitous is determined by what Congress intended as the proper unit of prosecution under a criminal statute. *Id*.  In a Section 1001 prosecution, each allegedly false statement constitutes a separate crime. Document 27 at 5-6 (June 29, 2020 Order). Therefore, combining multiple statements in one count is duplicitous. *United States v. Dedman,* 527 F.3d 577, 600 n. 10 (6th Cir. 2008)

The question then becomes whether each count of the superseding indictment alleges one statement or more than one statement. *See United States v. Hinton*, 127 F. Supp. 2d 548, 553-54 (D. N.J. 2000) (duplicity is decided by considering only what is charged in the indictment, not the evidence offered in support of the charge). In deciding whether one or more "statements" are charged, however, a subtle point involved, broadly similar to that raised by the use of the word "statement" in the definition of hearsay in Rule of Evidence 801:

> To decide whether Harris' confession is made admissible by Rule 804(b)(3), we must first determine what the Rule means by "statement," which Federal Rule of Evidence 801(a)(1) defines as "an oral or written assertion." One possible meaning, "a report or narrative," Webster's Third New International Dictionary 2229, defn. 2(a) (1961), connotes an extended declaration. Under this reading, Harris' entire confession—even if it contains both self-inculpatory and non-self-inculpatory parts—would be admissible

> so long as in the aggregate the confession sufficiently inculpates him. Another meaning of "statement," "a single declaration or remark," *ibid.,* defn. 2(b), would make Rule 804(b)(3) cover only those declarations or remarks within the confession that are individually self-inculpatory. See also *id.,* at 131 (defining "assertion" as a "declaration"); *id.,* at 586 (defining "declaration" as a "statement").

*Williamson v. United States*, 512 U.S. 594, 599 (1994).

Here, the intent of the Section 1001 statute is to criminalize the asserting or uttering of a falsity to a government agency that impedes that agency's governmental function. OSHA's purported concern here is the misclassification of a given worker as an independent contractor, rather than an employee, thus depriving that federal agency of its jurisdiction. Therefore, an alleged utterance to OSHA as to the status of each worker constitutes a separate wrong and should be charged as a separate crime. In other words, in Count One, an alleged statement relating to the employment status of KM is a distinct crime from an alleged statement relating to the employment status of NF. The analysis is the same as to Count Two. As each count charges two crimes, the entire superseding indictment should be dismissed.

If this motion to dismiss is denied, in the alternative, the defense requests that, at trial, the Court issue an appropriate jury instruction that ensures a truly unanimous verdict. Mr. Craigue should not be convicted if half the jurors believe he made a false statement about the employment status of one worker, and the other half believe that he made a false statement about the employment status of another worker. *Cf. United States v. Martin*, No. 18-CR-2835-GPC, 2020 WL 2934952, at *12 (S.D. Cal. June 3, 2020) (where four particular false statements were charged in one Section 1001 count, the conviction was set aside because the district court concluded it should have given a specific unanimity instruction that all twelve jurors should have agreed as to falsity of one specific statement).

WHEREFORE, Nathan Craigue respectfully moves the Court to

(a) dismiss the superseding indictment; or if this primary request for relief is denied,

(b) instruct the jury that, as to each count, all twelve jurors must agree that Mr. Craigue knowingly and willfully made a materially false statement about the employment status of a single worker.

Respectfully submitted,

*/s/ Behzad Mirhashem*
Behzad Mirhashem
N.H. Bar #10031

**CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2021 the above document was served electronically upon all counsel of record through the CM/ECF filing system.

*/s/ Behzad Mirhashem*
Behzad Mirhashem