THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ] | |
| ] | |
| v.   ] | Cr. No. 19-cr-142-LM |
| ] | |
| ] | |
| NATHAN CRAIGUE | |

**MOTION TO EXCLUDE EVIDENCE/
IN RESPONSE TO SUPERSEDING INDICTMENT**

To circumvent the Court's adverse pretrial evidentiary rulings, the government filed a superseding indictment against Craigue. The superseding indictment alters the evidentiary landscape, requiring the Court to reevaluate its order of January 22, 2021. *See* Doc.70. Evidence previously ruled admissible should be excluded because Rule 403 requires consideration of all other evidence admitted or available to the government when balancing the probative value against its prejudicial effect. *See* Fed. R. Evid. 403; *cf. Old Chief v. United States*, 519 U.S. 172, 184-85 (1997).

On April 2, 2021 the government provided defense counsel with its proposed modifications of the Court's evidentiary order of January 20, 2021. This motion seeks to renew Craigue's prior requests to exclude evidence and address those arguments in light of the superseding indictment and the government's proposed modification.

FACTS

Because the Court is familiar with the facts of this case, Craigue will not recite them again. Craigue requests the Court to incorporate those facts set forth in prior pleadings. *See* Doc. 15 & 19.

1

PROCEDURAL HISTORY

In July 2019, the government charged Craigue with two counts of making a false statement to a federal agent in violation of 18 U.S.C. 1001(a)(2). The false statement concerned the employment status of Kenneth McKenna.  The parties litigated the admissibility of evidence bearing on the employment status of two other workers, Nicholas Ford and Christopher Erickson, and the Court issued a comprehensive order. *See* Doc. 70.  Because the false statement alleged in the indictment only concerned McKenna, the Court determined that certain evidence concerning other workers – Ford and Erickson - would be excluded to prevent substantial risk of confusion of the issues. *Id.* The Court also found that evidence of Erickson's injury and Craigue's response would inflame the jury's passions, thereby rendering its probative value substantially outweighed by the risk of unfair prejudice. *Id.*  Based upon the agreement of the parties, the Court granted Craigue's request to exclude evidence of any administrative judgments or findings and evidence of unsafe work equipment or worksites. *Id.* at 8.

THE SUPERSEDING INDICTMENT

Count One alleges that Mr. Craigue made  "a materially false, fictitious, and fraudulent statement and representation, by stating to an OSHA Compliance Safety & Health Officer that KM, who had died as a result of a workplace accident earlier that day, and NF were subcontractors and were not employees of the defendant or his business, when, in truth and in fact, as the defendant then and there knew, KM and NF were employees and not subcontractors."

Count Two alleges that Mr. Craigue made "a materially false, fictitious, and fraudulent statement and representation, by stating to an OSHA Compliance Safety & Health Officer that KM and CE were not employees of the defendant or his business, specifically, when the Officer

asked him whether KM and CE were employees of his company, the defendant stated, 'I've always treated them – they would come and go as they please, so I would always treat them as not employees,' when, in truth and in fact, as the defendant then and there knew, KM and CE were employees and not subcontractors."

## LAW AND ARGUMENT

### I. Motions in Limine: First Indictment

Craigue renews his request to exclude all evidence as outlined in his Motion in Limine #2 (Doc. 36), and his Response to the Government's 404b Motion (Doc. 65) for the reasons stated therein, and also articulated at oral argument on January 20, 2021. In summary, much of the evidence the government seeks to admit – lack of tax records, Craigue's failure to submit either a 1099 or W2, or lack of workers' compensation insurance – is not relevant. Fed. R. Eivd. 401. *See* Doc. 74 at 17-19, 22. Any probative value is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403.

### II. Government's Proposed Modifications

A. Erickson's July 2018 Injury at Same Job Site/Plea Not to File Claim

Craigue previously moved to exclude evidence and testimony that: one month prior to McKenna's death, Erickson fell off a roof at the same jobsite; he suffered severe injuries requiring hospitalization; Craigue paid him money for his injury; Erickson did not receive a workers' compensation award because Craigue had not paid workers' compensation insurance. *See* doc. 36 & 65. The Court granted the motion to exclude this evidence. *See* doc. 70 at 2. The government now seeks to admit evidence that Erickson fell off a roof and was injured at the

3

same jobsite as McKenna.   The government also intends to admit evidence that Craigue gave Erickson money as a result of his injuries and said he would take care of him.   Craigue objects.

### B.   McKenna's 2017 work injury/Failure to receive workers' compensation

Craigue previously requested to exclude evidence that: McKenna suffered severe injuries at a Craigue & Sons jobsite in 2017; McKenna was unable to work and did not receive a workers' compensation award for his injuries. *See* doc. 35 & 69. The Court denied that request, but the motion was granted as to evidence regarding the cause, severity or details of the injury. *See* doc. 70 at 3.   In light of the government's request to now introduce Erickson's worksite injury a month prior, Craigue objects to its admission and requests the Court reconsider its decision because the cumulative effect unduly and unfairly prejudices the defendant.

### C.   McKenna's 2005 work injury and worker's compensation claim

Craigue previously moved to exclude evidence that McKenna suffered a work-related injury in 2005 and received a workers' compensation award. The Court ruled the injury admissible, but excluded evidence of the severity, cause or details. *See* doc. 70 at 5-6.   In light of the government's intention to introduce additional prejudicial evidence, Craigue renews his objection.

### D.   McKenna's Injuries at the 2018 Jobsite and Death

Craigue previously moved to exclude evidence concerning the extent of McKenna's 2018 injuries and his death.   The Court allowed the fact of McKenna's death, but excluded the details or severity of the injuries. Craigue renews his objection.

### III.   Law and Rule 403 Analysis

Relevant evidence is evidence that "has any tendency to make a fact more or less probable

4

than it would be without the evidence; and . . . is of consequence in determining the action." Fed. R. Evid. 401. Under Rule 402, "[i]rrelevant evidence is not admissible." Relevant evidence may not be admitted if its probative value is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. "Rule 403 requires a balancing of probative value and prejudicial effect. When assessing the probative value of the evidence under Rule 403, a court must consider both whether the evidence that has been offered to prove an issue that is in genuine dispute, and whether the evidentiary point can be made with other evidence that does not present a risk of unfair prejudice." *United States v. Henry*, 848 F.3d 1, 9 (1st Cir. 2017). "Evidence presents a risk of unfair prejudice when it has the capacity . . . to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *United States v. Kilmartin,* 944 F.3d at 335.  . . . . "unfair prejudice ensues when particular evidence serves only to evoke an improper emotional response and distracts from careful consideration of the relevant issues." *Id*.

The district court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see United States v. Kilmartin*, 944 F.3d at 335 (explaining that while nearly all evidence is offered to prejudice the factfinder, Rule 403 "is meant to stand as a sentinel, which can be alerted to screen out unfair prejudice."). The probative value is informed by the Court's assessment of alternative evidence in the case. *Cf. Old Chief v. United States*, 519 U.S. 172, 184-85 (1997)("[t]he discretionary judgment may be informed not only by assessing an evidentiary item's twin tendencies, but by placing the result of that assessment alongside similar assessments of evidentiary alternatives.").

5

When reviewing the balancing undertaken by the district court, the First Circuit "give[s] great deference to the district court's judgment, and [o]nly in exceptional circumstances will [the Court] reverse the exercise of a district court's informed discretion vis-à-vis the relative weighing of probative value and unfairly prejudicial effect." *United States v. DiSanto*, 86 F.3d 1238, 1252 (1st Cir. 1996)(citation and quotations omitted).

Evidence that Erickson was injured on the same jobsite one month prior to McKenna's death and did not receive a workers' compensation award is overwhelmingly prejudicial. The Court recognized this evidence would inflame the jury's passions and trigger the impulse to convict. *See* doc. 74 at 28 ("They're going to want to convict him because he went in to this guy and basically bribed him, tried to give him money . . . He got injured on his site. The jury is going to really, I think, hear this type of evidence and really use it to, I think, want to find Mr. Craigue guilty."); *Id*. at 28 -29 ("I understand you're saying you're not going to get into the details of his injuries, but he was injured on the site, same site, and this behavior with respect to Mr. Erickson really is just deplorable and the jury hears it and I think the case may be over."). While the Court ultimately determined McKenna's 2017 injuries were admissible, the Court was cognizant of its highly prejudicial nature. *See* doc. 74 at 42-43 (". . . this is just hideous. The jury is not going to like Mr. Craigue for treating his employee a year or two before the –his death. . . they're going to really despise him for the way he treated this poor worker who died a year later."); *Id.* at 44 ("But I'm still thinking that the jury is going to hear it and they are going to punish Mr. Craigue.").

Evidence that Craigue did not provide workers' compensation insurance is not relevant and is unfairly prejudicial. Fed.R. Evid. 403. *See* Doc. 36, 65, 74 at 17-19, 22 (setting forth

6

arguments). To the extent the Court finds such evidence admissible, the government has the ability to present the evidence in a way that does not unfairly prejudice Craigue or jeopardize his right to a fair trial. Specifically, the government does not need to present evidence of multiple jobsite injuries to prove Craigue did not have workers' compensation insurance. Craigue testified at a NH DOL hearing that Craigue & Sons had not carried workers' compensation insurance since 2016. *See* doc. 74 at 43 ("So now I'm concerned that there's not as much in the way of probative value here and ton of prejudice."); *Id*. at 45 ("they're not getting much in the way of help deciding this – this employment status question; *Id.* at 28 (identifying government can present evidence is less prejudicial form); *Id*. at 31 (Craigue admitted he has not paid workers' compensation insurance since 2016 and issue not in dispute); *Id*. at 34 (weighing probative value of McKenna's 2017 worksite injuries with prejudice where evidence of lack of workers' compensation insurance is available through Craigue's admission). As to Erickson, he can testify about his own work status. Evidence of his jobsite injury a month prior to McKenna's death would have little probative value, but significant prejudice. If the Court admits the injuries of McKenna and Erickson, all told, the jury will learn that two individuals were injured over 5 times at Craigue & Sons' jobsites. The jury will hear this evidence and want to punish Craigue – not based upon the government's evidence of a false statement, but because they will despise the way Craigue treated his workers. Accordingly, the Court should exclude evidence of any and all injuries of McKenna and Erickson. Fed. R. Evid. 403.

    The government objects.

    A hearing is requested.

**WHEREFORE,** Craigue respectfully requests that this Honorable Court preclude the government from introducing:

(a) Evidence outlined in Doc. 36 and Doc. 65;

(b) Evidence of McKenna's jobsite injuries; death; lack of workers' compensation award;

(c) Evidence of Erickson's jobsite injuries;

(d) Evidence of Craigue's payment to Erickson for injuries in lieu of a workers' compensation claim.

Respectfully submitted,

Date: April 20, 2021

*/s/ Dorothy E. Graham*
Dorothy E. Graham
N.H. Bar No. 11292
Assistant Federal Defender
22 Bridge Street, 3rd floor
Concord, NH 03301
Tel. (603) 226-7360
E-mail: Dorothy_Graham@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that the above document was served on the following person on   and in the manner specified herein: electronically served through CM/ECF to AUSA John Davis, AUSA Aaron Gingrande and AUSA Anna Dronzek.

*/s/Dorothy E. Graham*
Dorothy E. Graham