THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

UNITED STATES OF AMERICA

v.  Cr. No. 19-cr-142-01-LM

NATHAN CRAIGUE

## DEFENDANT'S RENEWED MOTION TO DISMISS ON MULTIPLICITY GROUNDS OR IN THE ALTERNATIVE COMPEL THE GOVERNMENT TO ELECT BETWEEN MULTIPLICITOUS COUNTS

The defendant, Nathan Craigue, through his counsel, Dorothy E. Graham, AFPD, respectfully moves, pursuant to Rule 12 of the Federal Rules of Criminal Procedure to dismiss the Superseding Indictment, or, in the alternative, to compel the government to elect between the multiplicitous counts.

Craigue acknowledges that the Court previously denied this motion without prejudice on June 29, 2020. *See* Doc. 27. In light of the superseding indictment and to preserve the issue, Craigue renews his prior motion.

PROCEDURAL HISTORY

In July 2019, the government charged Craigue with two counts of making a false statement to a federal agent in violation of 18 U.S.C. 1001(a)(2). On or about February 16, 2020, Craigue filed a motion to dismiss or elect between multiplicitous counts, arguing the unitary harm ruled required such a result. *See* Doc. 19. The Court

adopted the unitary harm rule "given the weight of authority and the logic behind the rule." Doc. 27 at 9. The Court, however, denied the motion without prejudice because it was unclear whether the factual prerequisites of the unitary harm rule were present. *Id.* at 12-13. The Court also determined that Double Jeopardy would not be implicated until the defendant faced punishment for multiplicitous convictions. *Id.* at 12.

## THE SUPERSEDING INDICTMENT

The government obtained its superseding indictment on March 22, 2021, charging Craigue with two counts of making a false statement. *See* doc. 79. Count One alleges that on August 28, 2018, Craigue made a false statement by "stating to an OSHA Compliance Safety & Health Officer that KM . . . and NF were subcontractors and were not employees of the defendant or his business. . ." Count Two alleges that on October 24, 2018, Craigue made a false statement when the Officer asked him whether KM and CE were employees of the company, and he stated "I've always treated them – they would come and go as they please, so I would always treat them as not employees . . ." by stating to an OSHA Compliance Safety & Health Officer that KM and CE were not employees of the defendant or his business. . . ."

## ARGUMENT

The indictment contains multiplicitious counts. *See* Doc. 19 (articulating legal basis for requested relief). While the statements are not identical, the false assertion – that Craigue did not have employees – is the same. The second statement made in October 2018 did nothing to further impede or impair Kelly's investigation. Because the superseding indictment contains multiplicitous counts, the Court should dismiss the indictment or compel the government to elect between the two counts.

The government objects.

No separate memorandum of law is attached as all points and authorities were cited in Doc 17.

                                                  Respectfully submitted,

Date: April 20, 2021                    */s/ Dorothy E. Graham*

                                                  Respectfully submitted,

                                                  Dorothy E. Graham
                                                  Assistant Federal Defender
                                                  22 Bridge Street
                                                  Concord, NH
                                                  603.226-7360

                                                  E-mail: Dorothy_Graham@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that the above document was served on April 20, 2021 and in the manner specified herein: electronically served through CM/ECF to AUSA John Davis, AUSA Aaron Gingrande and AUSA Anna Dronzek.

                                                                 */s/Dorothy E. Graham*