UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:19-cr-142--LM |
| | ) | |
| NATHAN CRAIGUE, | ) | |
| | ) | |
| Defendant | ) | |

### GOVERNMENT'S MOTION TO MODIFY ORDER

The United States of America, by John J. Farley, Acting United States Attorney for the District of New Hampshire, moves to modify this Court's Order of January 13, 2021 (ECF No. 68), so as to permit lay opinion testimony by Chris Erickson regarding his employment status, or by Nicholas Ford regarding his employment status, as well as admissions by defendant Craigue about the employment status of either Erickson or Ford. In support of its motion, the government states as follows:

1. In its Order of January 13, 2021, this Court partially denied defendant Craigue's Motion in Limine #1, stating: "Craigue's motion is denied to the extent it seeks to exclude lay opinion statements made by Craigue or McKenna regarding McKenna's employment status." (ECF No. 68 at 2.) The Court referenced its reasoning as explained on the record during the hearing on January 12, 2021. *Id.*

2. During the January 12, 2021, hearing, the Court cited *Saenger Organization, Inc. v. Nationwide Ins. Licensing Associates, Inc.*, 119 F.3d 55, 61 (1st Cir. 1997), in which the court of appeals stated: "The understanding of the

parties as to the nature of their relationship is also probative of the existence of a conventional master-servant relationship as understood by common law agency doctrine. *See* Restatement (Second) of Agency § 220(2)(i) (noting that 'whether or not the parties believe they are creating the relation of master and servant' is a matter to be considered, among others, in determining whether one acting for another is a servant or an independent contractor)." Further, during the evidentiary hearing the Court explained: "To the extent the *Darden* factors make [Craigue and McKenna] and what they thought relevant factors, then I'm inclined to say . . . he's not just another layperson; he is a layperson whose opinion would actually be a factor under *Darden*." (Jan. 12, 2021 Hearing Tr. at 62-63.)[1]

3. In the superseding indictment returned in this case on March 22, 2021, Count 1 alleges that defendant Craigue falsely stated that both McKenna and Nicholas Ford "were subcontractors and were not employees of the defendant or his business, when, in truth and in fact, as the defendant then and there knew,

---

[1] *Darden* does not expressly quote section 220(2)(i) of the Restatement (Second) of Agency. In particular, the "parties' beliefs" factor is not within the list of criteria quoted in *Darden* from *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 751-52 (1989). However, *Darden* expressly cites the Restatement's section 220(2), which contains the "parties' beliefs" factor. *Darden*, 503 U.S. at 324. And *Darden* emphasizes that the common-law test to determine employee status "contains 'no shorthand formula or magic phrase that can be applied to find the answer, ... all of the incidents of the relationship must be assessed and weighed with no one factor being decisive.'" *Id.* (quoting *NLRB v. United Ins. Co. of America,* 390 U.S. 254, 258 (1968)). Thus, under *Darden* the section 220(2)(i) factor is highly relevant, and this Court was correct in ruling that lay opinion evidence from McKenna or Craigue on the point would be admissible if the appropriate foundation were laid. *See U.S. v. Powers*, 702 F.3d 1, 12 (1st Cir. 2012) (upholding admission of witness's testimony "that he did not consider himself an independent contractor").

[McKenna and Ford] were employees and not subcontractors." In addition, Count 2 alleges that Craigue falsely stated that McKenna and Christopher Erickson "were not employees of the defendant or his business . . . when, in truth and in fact, as the defendant then and there knew, [McKenna and Erickson] were employees and not subcontractors." Thus, under the superseding indictment, to assess the truth or falsity of the alleged false statements the jury will be required to determine the employment status of all three men: McKenna, Erickson, and Ford.

4. In light of the superseding indictment, and consistent with section 220(2)(i) of the Restatement (Second) of Agency and the Court's previous ruling that certain lay opinion statements by Craigue or McKenna may be admissible, this Court should modify its Order of January 13, 2021, so that any lay opinion testimony by Chris Erickson regarding his employment status, or by Nicholas Ford regarding his employment status, as well as any admissions by defendant Craigue about the employment status of either Erickson or Ford, likewise may be admissible.

5. The defendant objects to this Motion.

Date: April 20, 2021

Respectfully submitted

JOHN J. FARLEY
Acting United States Attorney

By: /s/ John S. Davis
John S. Davis
Anna Dronzek
Aaron Gingrande
Assistant U.S. Attorneys

3

53 Pleasant Street, 4th Floor
Concord, NH 03301
(603) 225-1552