IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ] | |
| ] | |
| v.  ] | No. 19-cr-142-LM |
| ] | |
| NATHAN CRAIGUE ] | |

**<u>DEFENDANT'S OBJECTION TO THE MOTION TO MODIFY ORDER</u>**

Nathan Craigue objects to the government's motion to modify order, document 96, for the following reasons.

The defense agrees that the jury may consider the parties' intent as to their relationship. *See* Defendant's Proposed Jury Instruction, document 76, at 3. In other words, the jury may consider the "understanding of the parties as to the nature of their relationship [.]" *Saenger Org., Inc. v. Nationwide Ins. Licensing Assocs., Inc.*, 119 F.3d 55, 61 (1st Cir. 1997) (*citing* Restatement (Second) of Agency § 220(2)(i) (noting that "whether or not the parties believe they are creating the relation of master and servant" is a matter to be considered, among others, in determining whether one acting for another is a servant or an independent contractor)).

The issue then becomes what evidence is admissible to prove this intent and understanding.  For example, relevant evidence on this issue may be barred by the hearsay rule. Furthermore, consistently with the Court's previous ruling, Erickson and Ford should not be allowed to offer an opinion as to McKenna or each other's employment status. *See* Order, document 68, at 3.

The defense acknowledges that allowing Erickson and Ford each to offer a lay opinion as to their own employment status would be consistent with the Court's previous ruling.  Document 68 at 3.  But the defense still objects to such opinion testimony because, for example, Ford's opinion *today* as to the nature of their relationship would not help the jury understand whether or

1

not Ford and Mr. Craigue were "*creating* the relation of master and servant" several years ago. *See* Restatement (Second) of Agency § 220(2)(i) (emphasis added). To the extent that such opinion testimony may be admissible under Rule 701 and have some marginal probative value, it should still be excluded under Rule 403. A self-serving opinion today as to the intent of the parties at the inception of their relationship has little probative value, and is highly likely to confuse the issues and mislead the jury.

        Respectfully submitted,

        */s/ Behzad Mirhashem*
        Behzad Mirhashem
        N.H. Bar #10031

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2021 the above document was served electronically upon all counsel of record through the CM/ECF filing system.

        /s/ *Behzad Mirhashem*
        Behzad Mirhashem

2