UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA  ) | |
| ) | No. 19-cr-142-LM |
| v.  ) | |
| ) | |
| NATHAN CRAIGUE  ) | |

### UNITED STATES' OBJECTION TO DEFENDANT'S MOTION TO DISMISS

The United States objects to Defendant's Motion to Dismiss (ECF #89).  As shown below, the motion provides no legal basis to dismiss the superseding indictment because the superseding indictment is not duplicitous.  Each count is based on a single offense: a false statement Defendant made about the employees referenced in each count.  Because each count is not duplicitous, no unanimity instruction is warranted.  Accordingly, the Court should deny Defendant's motion.

**I.   THERE IS NO DUPLICITY: THE SUPERSEDING INDICTMENT DOES NOT JOIN DISTINCT OFFENSES IN A SINGLE COUNT.**

Defendant's motion should be denied because the counts in the superseding indictment are not duplicitous.  As Defendant states in his motion, "duplicity is the joining in a single count of two or more distinct and separate offenses."  *United States v. Verrecchia,* 196 F.3d 294, 297 (1st Cir. 1999) (internal citation, quotation marks and brackets omitted); *see also United States v. Lopez-Cotto*, 884 F.3d 1, 11 (1st Cir. 2018) ("A duplicitous count is one that alleges multiple, discrete criminal acts, each of which could stand alone as a separate crime.")

Here, neither count contains two or more distinct and separate criminal offenses.  Instead, each count constitutes a single offense of making a false statement to a federal agent.  Namely, the basis of count one is Mr. Craigue's statement on or about August 28, 2018 to OSHA

1

Compliance Safety & Health Officer Scott Kelly that Kenneth McKenna ("KM") and Nicholas Ford ("NF") were independent contractors. The basis of count two is Mr. Craigue's statement in a subsequent investigatory interview on or about October 24, 2018 to the same OSHA Compliance Safety & Health Officer: namely, "I've always treated [Kenneth McKenna and Christopher Erickson ("CE")] —they would come and go as they please, so I would always treat them as not employees."

The superseding indictment simply adds the names of one additional employee to each of the counts in the original indictment ("NF" to count one, and "CE" to count two) to show an additional way in which Defendant committed the crime charged. This is entirely permissible. Pursuant to Federal Rule of Criminal Procedure 7(c), "[i]t may be alleged in a single count that . . . the defendant committed the offense . . . by one or more specified means." Adding the name of another employee referenced in each of Defendant's statements shows by more than one means why each statement is false. *Cf. United States v. Murray,* 618 F.2d 892, 896 (2d Cir. 1980) (several offenses in one count is duplicitous, several means of committing an offense in a single count is not); *United States v. Goldberg*, 913 F. Supp. 629, 636 (D. Mass. 1996) (rejecting Defendant's contention that indictment was duplicitous, reasoning that "[a]n indictment is duplicitous only if two *offenses* are alleged in the same count, not two *means* of violating the same provision."); *Stevens v. United States,* 206 F.2d 64, 66 (6th Cir. 1953) (upholding conviction under 18 U.S.C. § 1001 where "[t]he indictment charged that the statement was false in five different respects," since even if the Government's evidence was sufficient to prove "it was false in only one of the respects charged, it was nevertheless a false statement").

Defendant argues that "an alleged utterance to OSHA as to the status of each worker constitutes a separate wrong and should be charged as a separate crime." Motion at 3. But this

is internally inconsistent with Defendant's argument, supported by caselaw, that "[i]n a Section 1001 prosecution, each allegedly false statement constitutes a separate crime." Motion at 2 (citing ECF #27 at 5-6). Here, the government has charged one offense per false statement as opposed to one offense per worker referenced within that statement. This is a proper way to charge a § 1001 offense. *See id.*; *United States* v. *Gagalis*, No. 04-CR-126-0106-PB, 2006 WL 931909, at *2 (D.N.H. Apr. 7, 2006) (Barbadoro, J.) (denying defendant's motion to dismiss on duplicity grounds, stating "[a]s this Court and others have recognized, a § 1001 violation can be brought either as a single count charging a scheme that involves one or more false statements or as multiple counts charging distinct false statements") (citing *United States v. Hubbell,* 177 F.3d 11, 14 (D.C. Cir. 1999)).[1] Furthermore, "[t]he question whether the actions to which this count referred *could* have been charged as separate crimes is irrelevant:" an indictment is only duplicitous "when the indictment actually charges two or more offenses in a single count," which is not the case here. *United States* v. *Valerio*, 48 F.3d 58, 63 (1st Cir. 1995) (rejecting defendant's duplicity argument that a single count charging possession with intent to distribute narcotics could have been charged as three separate amounts of drugs, since only one offense per count was charged in the indictment).

Finally, in addition to being internally contradictory, Defendant's argument that a single statement about the status of multiple employees should be charged as separate crimes also

---

[1] Defendant's citation to *Williamson v. United States*, 512 U.S. 594, 599 (1994) does not support his position. In that case, the Supreme Court analyzed the word "statement" in discussing the admissibility of a defendant's confession under Rule 804(b)(3) relating to hearsay. Defendant attempts to apply this discussion to Federal Rule of Criminal Procedure 7(c) without any basis to do so. Even if this definition of the term "statement" in the context of a totally different rule were applicable (and it is not), Defendant does not show that the "statement" in each respective count of the superseding indictment runs afoul of the Supreme Court's definition in *Williamson*. To the contrary, here, the superseding indictment includes two separate counts of making false statements to federal agents based on "a single declaration or remark" in each count.

contradicts Defendant's position on multiplicity. Had the government followed Defendant's suggestion of charging the same statement as a separate crime as to each employee, Defendant would have moved to dismiss the counts on multiplicity grounds.[2] Defendant's contradictory argument must fail.[3]

### II. DEFENDANT'S REQUEST FOR A UNANIMITY INSTRUCTION SHOULD BE DENIED.

The charges in the superseding indictment also do not warrant a unanimity instruction. A unanimity instruction is intended as a cure for duplicitous counts, to address the "primary vice of duplicity"—the risk of a jury finding a defendant guilty on a count without reaching unanimity as to the commission of any particular offense. *United States* v. *Place*, 757 F. Supp. 2d 60, 61 (D. Mass. 2010) (quoting *United States* v. *Trainor*, 477 F.3d 24, 32 n. 16 (1st Cir. 2007)). In this case, no such instruction is necessary, since no count is duplicitous. The verdict will be clear as to which, if any, false statement the jury finds Defendant made to a federal agent, since the counts charge separate statements made by Defendant on separate dates. The fact that the statement in each count is alleged to be false as to multiple employees also does not require a

---

[2] Indeed, Defendant has already renewed his motion to dismiss on multiplicity grounds. *See* ECF #92, renewing Defendant's motion at ECF #19. In his motion at ECF #19, Defendant argued that the indictment should be dismissed because, at the time Defendant made each of the false statements to OSHA Compliance Safety & Health Officer Kelly, "Kelly was acting in the same role and with the same objective– to investigate violations of the occupational safety and health act," and each statement therefore contributed to the same harm to the government. ECF #19 at 7. By this logic, charging Defendant's single statement in Count 2 (i.e., that he treated McKenna and Erickson as "not employees") as two separate charges—one for each employee—would be multiplicitous. Defendant cannot reconcile these two contradictory positions.

[3] Relatedly, Defendant cites no authority for the proposition that a single sentence constitutes multiple "statement[s]" under § 1001(a)(2) merely because that sentence contains a compound object—here, in Count 2, McKenna and Erickson. Nor can Defendant show that any court has held that the number of objects in a single sentence determines the number of separate § 1001 offenses so that, as Defendant would have it, a single sentence about two workers would constitute two crimes, or a single sentence about ten workers would constitute ten crimes. Congress cannot have intended such an absurd result.

unanimity instruction. *See Schad v. Arizona,* 501 U.S. 624, 631 (1991) (where a single count alleges that the defendant committed a charged offense by one or more specified means, "[w]e have never suggested that . . . the jurors should be required to agree upon a single means of commission, any more than the indictments were required to specify one alone") (plurality opinion).

The unpublished Southern District of California case that Defendant cites to support his argument, *United States v. Martin*, No. 18-CR-2835-GPC, 2020 WL 2934952, at *12 (S.D. Cal. June 3, 2020), is inapposite. In that case, four false statements were included in an introductory section of an indictment, and the court found that the charging language in the § 1001 count "did not specify its relationship to the four statements in the introductory paragraph." *Id.* Based on this and other sections of the indictment the court found to cause juror confusion,[4] it was impossible to tell from the verdict form as to which false statement the jury was convicting the defendant. That is simply not the case here, where individual false statements made on different dates are alleged in different counts.

Since no count in the superseding indictment is duplicitous, Defendant is not entitled to a unanimity instruction. *Verrecchia*, 196 F.3d at 298 (holding, after finding that each count charged only one offense, "[defendant] was not entitled to a specific unanimity instruction to cure the alleged duplicity because neither count was duplicitous."). The Court should only issue such an instruction if it finds that any count in the superseding indictment is duplicitous. If the

---

[4] It is unclear whether, in *Martin*, the fact that the charging language of the § 1001 count referenced multiple false statements in the introductory paragraph *alone* would have been sufficient to cause the court to set aside the jury's conviction. Had the court found that the § 1001 count had more clearly charged the multiple statements as a single scheme, for instance, the conviction likely would not have been set aside. *See Hubbell,* 177 F.3d at 14; *United States v. Canas*, 595 F.2d 73, 78–79 (1st Cir. 1979) (holding multiple false statements made in the context of causing a bank to issue a loan to be not duplicitous and part of single § 1001 offense).

Court so finds, a unanimity instruction, and not dismissal of the superseding indictment, would be the proper remedy.  *Place*, 757 F. Supp. 2d at 61 (reasoning that "dismissal is not the proper remedy" for violation of the duplicity rule, and courts should instead either require the government to choose a theory of prosecution or give a unanimity instruction if a count is duplicitous) (quoting *United States v. Goodman,* 285 F.2d 378, 380 (5th Cir.1960)).

### III.     CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion to Dismiss.


Dated: May 3, 2021                                              Respectfully submitted,

                                                                JOHN J. FARLEY
                                                                Acting United States Attorney

                        By:                /s/ Aaron Gingrande
                                                                Aaron G. Gingrande
                                                                John S. Davis
                                                                Anna Dronzek
                                                                Assistant U.S. Attorneys
                                                                53 Pleasant Street, 4th Floor
                                                                Concord, New Hampshire 03301