UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| **United States of America** | ) | |
| | ) | |
| v. | ) | No. 1:19-cr-142-LM |
| | ) | |
| **Nathan Craigue** | ) | |

**United States' Objection to Defendant's Motion to Exclude McKenna's Cause of Death as Referenced in the Indictment**

The superseding indictment in this case refers to the fact that KM [Kenneth McKenna] "died as a result of a workplace accident," a phrase that the defendant asks the Court to preclude the jury from hearing or reading. Because the phrase accurately describes relevant and admissible facts, and will not result in undue prejudice to the defendant, the government objects.

The First Circuit has long held that "subject to a proper covering instruction, whether the indictment should be given to the jury for use during its deliberations is within the discretion of the trial court." *United States v. Prange*, 771 F.3d 17, 31–32 (1st Cir. 2014) (internal quotation marks and citations omitted). The trial court's decision will be upheld unless the defendant can show that "unfair prejudice" resulted, and "one way to avoid unfair prejudice is to give a proper covering instruction." *Id.* at 32. The form in which the jury receives the indictment is also at the court's discretion, and edits or redactions are allowed. *United States v. Glantz*, 847 F.2d 1, 10 (1st Cir. 1988) ("The rule is not an all or nothing alternative: in his or her discretion, the judge may determine that the most just approach is to expose the jury to only certain portions of the indictment.").

Because this Court may redact the indictment, however, does not mean that it must. In fact, in many cases, "reference to the indictment often serves as a helpful guide in delineating the

1

issues the jury may be called on to decide." *United States v. Press*, 336 F.2d 1003 (2d Cir. 1964). Here, no unfair prejudice would result from including the phrase to which the defendant objects, and any potential prejudice would be cured by the instruction that the indictment is not evidence.

In response to an earlier motion in limine, the Court has already ruled that the government may introduce evidence of the fact that McKenna died. Order, Jan. 22, 2021 (ECF No. 70), at 6. The Court found that the fact of McKenna's death is admissible both because it "tends to explain why OSHA initiated the investigation" and because it is "highly relevant" to the defendant's state of mind when making the statements at issue. Hrg. Tr. Jan. 20, 2021, 84-85; *see also* Hrg. Tr. Jan. 20, 2021, 76 (reasoning McKenna's death is "part of the narrative of this story" and "I don't think that that's a close call" in deciding to admit it). Nothing about the superseding indictment disturbs this ruling.[1]

Further, it is only because McKenna died *from a worksite accident*, rather than the plain fact of his death, that OSHA became involved, and the defendant had any motive to worry about potential liability; in contrast to a death unrelated in any way to his job, such as from a heart attack while sitting in the shade, McKenna's death is relevant to the offense charged. Indeed, the defendant acknowledged in an earlier motion that "an accident at the worksite is relevant to explain why OSHA initiated its investigation of Craigue & Sons." Mot. in Lim. #2 (ECF No. 36) at 4. The fact that McKenna's death was at a worksite is both intrinsic to the facts of the offense, and necessary context for determining the defendant's state of mind when making the

---

[1] The government notes that the defendant has renewed his objection to admission of this evidence in his Motion to Exclude Evidence/In Response to Superseding Indictment (ECF No. 91); the government addresses the substance of this argument in its response to that motion.

statements at issue.[2]  *Cf.  United States* v. *Souza*, 749 F.3d 74, 84, n.2 (1st Cir. 2014) ("intrinsic" evidence includes "the necessary description of the events leading up to" the charged crime); *United States* v. *Green*, 617 F.3d 233, 247 (3d Cir. 2010) (stating that evidence is admissible for purpose of "allowing the jury to understand the circumstances surrounding the charged crime" or "completing the story").  Within the parameters of the Court's other rulings, the government intends to introduce evidence at trial that McKenna died on the defendant's worksite; the indictment simply tracks those facts.  *See United States v. Scott*, 37 F.3d 1564, 1576-77 (10th Cir. 1994) (not error to read to jury indictment that included references to "channeling," "funneling," and "laundering" money, where reference to those means of hiding money from the IRS was supported by evidence at trial); *United States v. Marroquin-Lopez*, 634 Fed. App'x 758, 765 (11th Cir. 2015) (finding it in trial court's discretion to provide jury with indictment that included allegations tracking testimony admitted at trial); *cf. United States v. Klein*, 93 F.3d 698, 702 (10th Cir 1996) (error to submit to jury indictment alleging prejudicial facts that were not proven at trial); *United States v. England*, 966 F.2d 403, 408 (8th Cir. 1992) (same).

In addition, the statement "as a result of a workplace accident" does not carry risk of unfair prejudice.  This case is not about workplace safety.  The government has already agreed to exclude any evidence as to whether the defendant provided unsafe equipment or maintained unsafe worksites, and whether OSHA or any other agency cited him for workplace violations related to McKenna's death.  Gov. Resp. Mot. in Lim. #2 (ECF No. 57) at 3.  In the absence of any such evidence, reference to a "workplace accident" means exactly that: an accident, something for which no one person is at fault.  Reference to a death occurring in such an

---

[2] The government had previously agreed to exclude any evidence as to the extent and severity of McKenna's fatal injuries, and continues to agree that such evidence would be irrelevant.

3

accident does not encourage, let alone require, jurors to conclude that the defendant is somehow to blame.

Finally, the jury will be instructed that the indictment is not evidence, and it is presumed that jurors follow the court's instructions. *United States v. Altvater*, 954 F.3d 45, 55 (1st Cir. 2020) (citing the "long-standing presumption that jurors follow instructions" (internal quotation marks and citation omitted).

Accordingly, the government requests that the defendant's motion be denied.

A supporting memorandum of law has not been filed because relevant authority is cited herein.

Respectfully submitted,

JOHN J. FARLEY
Acting United States Attorney

Dated: May 4, 2021       By: /s/*Anna Dronzek*
                                                  Anna Dronzek
                                                  John Davis
                                                  Aaron Gingrande
                                                  Assistant United States Attorneys
                                                  United States Attorney's Office
                                                  53 Pleasant Street, 4th Floor
                                                  Concord, NH  03301
                                                  (603) 225-1552