UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>) No. 19-cr-142-LM<br>v. )<br>)<br>NATHAN CRAIGUE ) | |

**UNITED STATES' OBJECTION TO DEFENDANT'S
MOTION TO EXCLUDE EVIDENCE IN
RESPONSE TO SUPERSEDING INDICTMENT**

The United States objects to Defendant's Motion to Exclude Evidence in Response to Superseding Indictment (ECF #91) (the "Motion"). The Superseding Indictment modifies the original indictment by specifically alleging that Defendant's statements that his workers were not employees—made on two separate occasions to Occupational Safety & Health Administration Investigator Scott Kelly—were false as to Nicholas Ford (Count 1) and Christopher Erickson (Count 2) in addition to Kenneth McKenna (both counts). Evidence as to Ford and Erickson that Defendant seeks to exclude—including Defendant's failure to provide Ford and Erickson with tax forms, or pay them workers' compensation—is now directly relevant to the crimes charged. Because the probative value of the evidence is not outweighed at all, let alone "substantially" by unfair prejudice (as Rule 404(b) requires for exclusion), it should be admitted. Accordingly, Defendant's motion should be denied, and the Court should modify its Order of January 22, 2021 (ECF #70) (the "Order") in the ways proposed below.[1]

---

[1] This Objection addresses Defendant's arguments in the order in which they appear in the instant Motion in Sections I and II, and then proposes additional modifications to the Court's prior Order, which are not addressed in Defendant's Motion, in Section III.

1

## I. DEFENDANT'S RENEWED REQUEST TO GRANT MOTION IN LIMINE #2 AND MOTION TO EXCLUDE RULE 404(B) EVIDENCE SHOULD BE DENIED.

Defendant's Motion specifically argues for the exclusion of evidence of McKenna's and Erickson's prior workplace injuries, Defendant's tax treatment of Erickson, and Defendant's failure to pay workers' compensation for McKenna and Erickson. Nonetheless, Defendant renews his Motion in Limine #2 (ECF #36) and Motion to Exclude Rule 404(b) Evidence (ECF #65) (collectively, the "Renewed Motions") in their entirety. Defendant does not explain why the Superseding Indictment would change any of the Court's prior rulings in its January 22, 2021 Order on the many other issues raised in the Renewed Motions. Accordingly, the government hereby renews and incorporates by reference its objections to the Renewed Motions (ECF #57 and #66), and submits that the rulings from the Court's Order should remain undisturbed, except as argued below.

## II. DEFENDANT'S SPECIFIC OBJECTIONS TO GOVERNMENT'S PROPOSED MODIFICATIONS TO THE COURT'S ORDER OF JANUARY 22, 2021 LACK MERIT.

### A. **Erickson's July 2018 Injury at Same Job Site and Craigue's Offer to Pay for Erickson's Injury Instead of His Filing a Workers' Compensation Claim**

Certain evidence that the Court previously excluded in Section I(B) and II(C) of the Order regarding Erickson's July 2018 injury should be admitted in light of the Superseding Indictment. The Court previously granted Defendant's motion to exclude evidence and testimony that (1) one month prior to McKenna's death, Erickson fell off a roof at the same jobsite and was hospitalized as a result; (2) Defendant asked Erickson not to file a workers' compensation claim and instead offered to pay him in cash; and (3) Erickson later filed a workers' compensation claim but received no award because Defendant had not paid for workers' compensation insurance. *See* ECF #70 at 2 and 7. The Court's stated reason for

excluding the evidence about Erickson's workplace injury and Defendant's offer to pay Erickson for his injury (which the Court characterizes as Defendant's "basically brib[ing] him") is that it "is [an] emotionally evocative type of evidence." Transcript of Motion Hearing Before the Honorable Landya B. McCafferty, January 20, 2021 ("Tr.") at 28. The Court stated "he was injured on the site, same site, and this behavior with respect to Mr. Erickson really is just deplorable and the jury hears it and I think the case may be over." *Id*. The Court further explained that:

> Another problem . . . is that it's essentially going to Erickson's employment status and I want the jury to be training their focus on Mr. McKenna's employment status. The worker's comp evidence that I understand is coming up later, it deals with Mr. McKenna. It was sometime before. But that evidence seems to me to be highly relevant with respect to Mr. Craigue's knowledge. But, again, even if you take out everything about the injury, ultimately it's really only going to Erickson's employment status, which I think still has a danger of confusing the issues before the jury.

On these grounds, the Court found that the probative value of evidence of Erickson's injury and Defendant's response was substantially outweighed by the risk of unfair prejudice to Defendant.

The Superseding Indictment significantly changes the Rule 404(b) analysis. Whether Erickson, not just McKenna, was or was not Defendant's employee is now directly relevant to the crime charged, as the revised wording of Count 2 makes clear. As the Court has already acknowledged, whether Defendant paid workers' compensation for McKenna is relevant to whether he was an independent contractor or instead an employee. *See* Tr. at 74 (Court explaining "the fact that he had an injury, and the fact that Mr. Craigue paid . . . that there was a worker's compensation award I do think is relevant . . . and I'm not seeing that its relevance is substantially outweighed by any other factors"); *cf. McCarthy* v. *Weathervane Seafoods*, No. 10-CV-395-JD, 2011 WL 4007406, at *2 (D.N.H. Sept. 8, 2011) (DiClerico, J.) (explaining that the

3

New Hampshire "'Workers' Compensation Law,' is, by its plain language, applicable only to employers and employees, as opposed to independent contractors.") (citing *In re Ann Miles Builder, Inc.,* 150 N.H. 315, 320 (2003)); *Petition of City Cab of Manchester, Inc.*, 139 N.H. 220, 223 (1994) (deciding whether employer cab country was required to pay workers' compensation by assessing whether taxi drivers were employees or, instead, independent contractors). This same logic now applies equally to Defendant's payment of workers' compensation for Erickson.

Moreover, the evidence of Defendant's offer to pay for Erickson's injury directly, and his plea to Erickson not to file a workers' compensation claim, is independently relevant: It shows Defendant's knowledge that he should have been paying workers' compensation for Erickson, even though he was not. If, when Erickson was injured on Defendant's jobsite, Defendant had come to the hospital and told Erickson to pay for his own injury since he was an independent contractor, or if Erickson had said he had insurance for his injury and would pay on his own, this would have been highly relevant, *exculpatory* evidence. The fact that Craigue instead did the opposite, asking Erickson not to file a workers' compensation claim and volunteering to pay for (and in fact paying for, albeit only a small portion of the total) Erickson's injuries himself, is highly relevant, *inculpatory* evidence the government should be permitted to present to the jury.

Defendant argues Defendant's admission in the DOL hearings that he stopped paying workers' compensation in 2016 is sufficient for the government's purposes, and the evidence regarding Erickson's injury and Defendant's offer to pay is cumulative. But the evidence is of a different kind. Indeed, the evidence that Craigue did not pay workers' compensation for any year after 2016 is evidence that would ordinarily help the *defense* in the *Darden* analysis, not the government, since independent contractors do not receive workers' compensation insurance from clients and Defendant made the statements to OSHA in 2018, when he was no longer paying

workers' compensation to the workers. The defense is likely to point to the fact that Craigue did not pay workers' compensation after 2016 to show Defendant understood Erickson to be an independent contractor.

The evidence at issue here—Defendant's offer to pay for Erickson's injury in 2018, and Defendant's plea to Erickson not to file for workers' compensation—is the only evidence that supports the government's position regarding Defendant's non-payment of workers' compensation *after* 2016: it shows Defendant knew he should be paying workers' compensation to cover the risk of his employees' workplace accidents (like Erickson's). Without the evidence that Defendant volunteered to pay Erickson for his injury and pleaded with him not to file a workers' compensation claim, the defense could irrefutably argue Defendant simply did not believe he had an obligation to pay for workers' compensation after 2016.

Furthermore, the evidence the government seeks to introduce that Erickson actually applied for workers' compensation as a result of his injury showed that Erickson believed he was entitled to it, and hence, that he believed he was an employee. Defendant's offer to pay for treatment of Erickson's injury shows Defendant's understanding that Erickson did not carry his own insurance—i.e., Erickson was not an independent contractor. This is unique evidence of the parties' understanding of their relationship, the importance of which the Court has already acknowledged. *See* Transcript of Hearing Before the Honorable Landya B. McCafferty, January 12, 2021 at 62-63 (Court's reasoning that "To the extent the *Darden* factors make [Craigue and McKenna] and what they thought relevant factors, then I'm inclined to say . . . he's not just another layperson; he is a layperson whose opinion would actually be a factor under *Darden*."); *see Nationwide Mutual Insurance Co.* v. *Darden*, 503 U.S. 318, 324 (1992) (citing as a source of factors to consider in determining whether a worker is an employee or independent contractor

Restatement (Second) of Agency 220(2)(i), which states that the parties' beliefs about their relationship is a relevant factor); *United States v. Powers*, 702 F.3d 1, 12 (1st Cir. 2012) (upholding admission of witness's testimony that he did not consider himself an independent contractor in conspiracy to defraud case).

For all of the above reasons, the evidence is highly probative. The probative value of the evidence is also not substantially outweighed by unfair prejudice. The government has already agreed not to introduce details or circumstances of Erickson's injury, mitigating any unfair prejudice or emotional response to those facts from the jury. Furthermore, while the fact that Defendant offered to pay for Erickson's injury is undoubtedly prejudicial, it is not "unfairly" prejudicial, as meeting the Rule 404(b) standard requires. *See United States v. Soto*, 799 F.3d 68, 90 (1st Cir. 2015) ("unfair prejudice" is "reserved for evidence that invites the jury to render a verdict on an improper emotional basis or for evidence that is shocking or heinous and likely to inflame the jury"). The evidence is not simply propensity evidence showing Defendant is more likely to commit the crime charged because he committed a prior bad act: it is direct evidence of Defendant's guilt in the charged crime, since it shows his knowledge that he should have been paying workers' compensation for Erickson as his employee all along. The defense can argue Defendant volunteered to pay Erickson as a favor, not out of a sense of obligation, but the jury should be permitted to hear all the evidence so it can draw its own conclusions. Any unfair prejudice caused by introduction of this evidence can be addressed with a limiting instruction, similar to the instruction the Court intends to give regarding McKenna's 2017 workplace injury.

Accordingly, Section I(B) and II(C) of the Court's Order should be modified to admit evidence that (1) one month prior to McKenna's death, Erickson was injured on a job site; (2) Defendant asked Erickson not to file a workers' compensation claim and instead offered to pay

him in cash (and Defendant did pay him $400 in cash); and (3) Erickson later filed a workers' compensation claim but received no award because defendant had not paid for workers' compensation insurance. The government agrees to exclude evidence regarding the cause, severity, or details of Erickson's injury—including the fact that Erickson's injury occurred on the same jobsite where McKenna experienced his fatal fall—so as to minimize unfair prejudice to Defendant.

### B. McKenna's 2017 Work Injury/Failure to Receive Workers' Compensation

Defendant also moves to exclude evidence about McKenna previously ruled admissible by the Court in Section I(C) of the Order: namely, that McKenna sustained an injury while working on Defendant's jobsite in 2017, and that McKenna did not receive a workers' compensation award in relation to that injury. Order at 2-3. Defendant has failed to explain why the Superseding Indictment should change the Court's rulings as to evidence about McKenna. References to McKenna were not changed in the Superseding Indictment, and the Court has already found the evidence in question admissible pursuant to Rule 404(b) analysis. Order at 2-3; Tr. 75 (describing this evidence as "important" and "probative").

Defendant argues the Court should reconsider its decision because "[i]n light of the government's request to now introduce Erickson's worksite injury a month prior . . . the cumulative effect unduly and unfairly prejudices the defendant." Motion at 4. But if the Court admits the evidence regarding Erickson's injury and Defendant's offer to pay for it, it would do so on the ground that it has special relevance and is not substantially outweighed by unfair prejudice. Admission of that evidence as to *Erickson* should not preclude admission of other, relevant and probative evidence as to *McKenna*, especially where Count 2 charges that Defendant's statement is false as to each respective employee.

7

Furthermore, the "cumulative effect" of this evidence will not be substantially more unfairly prejudicial than probative. The Court took measures in its Order to minimize any unfairly prejudicial effects of the evidence. The Court excluded evidence regarding the cause, severity, and details of McKenna's injury. Order at 3; Tr. 75 (the Court reasoned "The fact that [McKenna] was injured, that he went to the hospital and, you know, that he did not have his own insurance or a way to pay for it I think is separately relevant and I - - I think that any prejudice can be minimized by keeping out the details, prejudicial details, of the injury.") Finally, the Court agreed to give a limiting instruction regarding the permissible purposes for which the jury may consider the evidence. *Id.* These measures are more than sufficient to address any unfair prejudice in admitting the evidence.

### C. McKenna's 2005 Work Injury and Worker's Compensation Claim

The Motion renews Defendant's objection to the Court's prior ruling, in Section I(F) of the Order, that McKenna suffered a work-related injury in 2005 and received a workers' compensation award (paid for by Defendant's business) for it. For the same reasons that the Court should not reconsider its ruling as to admissibility of McKenna's 2017 workplace injury and workers' compensation claim, *see supra* Section II(B), the Court should not reconsider its ruling regarding McKenna's 2005 injury and claim. The evidence has the special relevance of showing Defendant's knowledge he should be paying workers' compensation for McKenna, the Court has already concluded the evidence is admissible under Rule 404(b), and the Superseding Indictment does not change references to McKenna. The Court has mitigated any risk of unfair prejudice by excluding evidence of the severity, cause and details of the 2005 injury, and by offering a limiting instruction about the evidence generally. Order at 5-6. Finally, there is no unfair prejudice in admitting evidence that Defendant actually paid McKenna's workers'

compensation claim in 2005, since that was a proper, lawful action that cannot be considered a prior "bad act."

### D. McKenna's Injuries at the 2018 Jobsite and Death

Defendant also renews his motion to exclude evidence concerning the extent of McKenna's 2018 injuries and death (*see* Defendant's Motion in Limine #2 (ECF #36))—evidence the court has already found admissible in Section II(A) of the Order.  As the Court found on the record, the fact of McKenna's death is properly admitted as "part of the narrative of this story."  Tr. 76 (reasoning "I don't think that that's a close call" in deciding to admit evidence of McKenna's death).  The Superseding Indictment does not change the admissibility of this evidence.  The Court has already mitigated unfair prejudice by excluding evidence of the details and severity of McKenna's 2018 injuries, and by permitting Defendant to elicit testimony from Nicholas Ford that McKenna felt dizzy and took a rest just prior to his fatal fall.  Order at 6; Tr. 82 (describing the Court's reasoning that such testimony "makes it sound like [McKenna] died on the worksite . . . but it doesn't demonize and blame Mr. Craigue for the death").  These measures are sufficient to mitigate any risk of unfair prejudice.

### E. Tax Treatment of McKenna, Erickson, and Ford

While not specifically itemized in Section II of his Motion, Defendant argues that evidence of his lack of tax forms and records for his workers should be excluded because the evidence is not relevant and its probative value is substantially outweighed by unfair prejudice. Defendant has failed to explain how the Superseding Indictment should change the Court's prior rulings on this evidence, which it previously found admissible.  Order at 2.  Specifically, the Court stated that the tax treatment "with respect to McKenna is relevant" and "it survives 404(b)" since "[i]t has a special relevance outside of propensity because it tends to prove the

9

*Darden* factors and it is -- its probative value is not substantially outweighed by unfair prejudice or any of the other problems, confusing the jury, undue delay, waste of time, et cetera." Tr. 23. Defendant's argument does nothing to disturb the Court's prior findings on this point.

The government does, however, request that the Court modify the portion of Section I(A) of the Order that grants Defendant's motion to exclude Mr. Craigue's tax treatment of "other workers" for the reasons "stated on the record." Order at 2. Specifically, the government requests admission of this evidence as to Erickson and Ford, since it is directly relevant to the charges in the indictment and is not substantially more unfairly prejudicial than probative. The Court had previously reasoned, on the record, that Count 2 in the original indictment did not "render *Erickson's* employment status inextricably intertwined with the charged crime." Tr. at 13 (emphasis added). The Court explained, "The fact that he asserted that he did not treat Erickson as an employee is part of the description, but . . . [t]he charged crime is that he lied about Mr. McKenna, not that he lied about Erickson . . . ." *Id.* The Court expressed a concern about juror confusion, stating:

> The defendant's not on trial for evading tax laws, nor is he on trial for making a false statement . . . regarding Mr. Erickson's employment status. So I think the need to avoid distracting the jury with Erickson's employment status is particularly important, given that Count Two of the indictment, as I said, confusingly charges that the defendant made a false statement regarding McKenna's employment status by stating that the defendant treated both McKenna and Erickson as not employees.

*Id.* at 24. The Court concluded "I want [the jury] focused on the charged crime, charged crimes, which are two false statements about Mr. McKenna's employment status." *Id.* at 13.

The Superseding Indictment fixes the confusing wording of the original indictment by properly alleging that Defendant's statement is false as to Erickson in Count 2, in addition to being false as to McKenna. Accordingly, the concern of juror confusion that led the Court to

10

exclude the tax treatment of Erickson is no longer an issue: Defendant's tax treatment of Erickson is directly relevant to the crime charged in Count 2, and Defendant's tax treatment of Ford is directly relevant to the crime charged in Count 1.  This is because, as the Court has already found, tax treatment is relevant to the *Darden* analysis, and the counts now allege that Defendant's statements about worker employment status were false as to each respective worker.

The Court's finding on the record about unfair prejudice about the tax evidence for McKenna applies equally to the tax evidence for Ford and Erickson: namely, the Court's finding that evidence Defendant failed to pay taxes on wages or provide tax forms does not create "unfair prejudice" because that categorization "is reserved for evidence that really does invite the jury to render a verdict on an improper emotional basis or for evidence that's certainly more shocking than this."  Tr. at 23; *see also United States v. Soto*, 799 F.3d 68, 90 (1st Cir. 2015) ("unfair prejudice" is "reserved for evidence that invites the jury to render a verdict on an improper emotional basis or for evidence that is shocking or heinous and likely to inflame the jury"); *United States v. Nazario-Quinones*, 442 F. Supp. 3d 504, 509–10 (D.P.R. 2020) (admitting 404(b) evidence of defendants' withholding of municipal employees' wages over defendant's objection on 403 grounds, since it did not invite the jury to render a verdict on an improper emotional basis) (citing *Soto*, 799 F.3d at 90).

Accordingly, the Court should modify Section I(A) of the Order to admit evidence and testimony as to Defendant's tax treatment of Erickson and Ford, in addition to Defendant's tax treatment of McKenna.

### III. OTHER MODIFICATIONS TO THE COURT'S JANUARY 22, 2021 ORDER

The government respectfully submits that, in addition to the modifications to Sections I(A), I(B) and II(C) of the Court's Order proposed above, in light of the Superseding Indictment and the fact that the statement in Count 1 is now specifically alleged to be false as to Ford in addition to McKenna, and the statement in Count 2 is now specifically alleged to be false as to Erickson in addition to McKenna, the Court should make the following additional modifications to the Order:

- **Section I(D)(4)**: The Court should modify this Section of the Order to admit Defendant's statements at the civil penalty hearing before the New Hampshire Department of Labor on October 15, 2018 (the "NH DOL Hearing") that Defendant did not have employee files or payroll records for Erickson and Ford (*i.e.*, regardless of whether such statements describe Defendant's general work practices affecting McKenna or cannot be severed from a statement regarding McKenna), for the same reasons that the Court admitted evidence that the Defendant did not have these files or records for McKenna.

- **Section I(D)(5)**: The Court should modify this Section of the Order to admit Defendant's statements at the NH DOL Hearing that Defendant stopped paying for workers' compensation insurance for Erickson and Ford, for the same reasons that the Court admitted these statements about workers' compensation insurance for McKenna.

- **Section I(D)(6)**: The Court should modify this Section of the Order to admit Defendant's statements at the NH DOL Hearing that Defendant did not have documents showing that Erickson and Ford had their own business, for the same reasons that the Court admitted statements that Defendant did not have documents showing McKenna had his own business.

- **Section I(E)(2)**: The Court should modify this Section of the Order to admit Defendant's statements to the NH DOL Investigator that he assigned work to, and provided work equipment for, Erickson and Ford, for the same reasons that the Court admitted statements that Defendant assigned work to, and provided work equipment for, McKenna.

- **Section I(E)(3)**: The Court should modify this Section of the Order to admit Defendant's statements to the NH DOL Investigator that he could not provide contracts stating that Erickson and Ford bore liability for the work they performed, for the same reasons that the Court admitted statements that Defendant could not provide contracts that McKenna bore liability for the work he performed.

- **Section I(E)(4)**: The Court should modify this Section of the Order to admit Defendant's statements to the NH DOL Investigator that he could not provide contracts stating that Erickson and Ford were required to obtain their own workers' compensation insurance, for the same reasons that the Court admitted Defendant's statements that he could not provide contracts that McKenna was required to obtain his own workers' compensation insurance.

- **Section I(E)(5)**: The Court should modify this Section of the Order to admit Defendant's statements to the NH DOL Investigator that he could not provide a Federal Identification number for Erickson and Ford, for the same reasons that the Court admitted Defendant's statements that he could not provide a Federal Identification number for McKenna.

- **Section II(B)**: The Court should strike this Section of the Order, since the employment status of Erickson and Ford is now directly relevant to the false statements charged.

- **Section II(D)(2)**: The Court should modify this Section of the Order to admit evidence that Defendant paid Erickson and Ford in cash, for the same reasons that the Court admitted evidence that Defendant paid McKenna in cash.

## IV.   CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion, and should modify the January 22, 2021 Order in the ways described above.

Dated: May 4, 2021                    Respectfully submitted,

                                      JOHN J. FARLEY
                                      Acting United States Attorney

                        By:           /s/ Aaron Gingrande
                                      Aaron G. Gingrande
                                      John S. Davis
                                      Anna Dronzek
                                      Assistant U.S. Attorneys
                                      53 Pleasant Street, 4th Floor
                                      Concord, New Hampshire 03301