UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | No. 1:19-cr-142-01-LM |
| | ) | |
| **NATHAN CRAIGUE,** | ) | |
| | ) | |
| **Defendant** | ) | |

**GOVERNMENT'S OBJECTION TO DEFENDANT'S RENEWED
MOTION TO DISMISS ON MULTIPLICITY GROUNDS
OR IN THE ALTERNATIVE COMPEL THE GOVERNMENT TO
ELECT BETWEEN MULTIPLICITOUS COUNTS**

The United States of America, by John J. Farley, Acting United States Attorney for the District of New Hampshire, objects to the Defendant's Renewed Motion to Dismiss on Multiplicity Grounds or in the Alternative Compel the Government to Elect Between Multiplicitous Counts (ECF No. 92, filed April 20, 2021), for the same reasons set forth in the government's Objection to Defendant's Second Motion to Dismiss or in the Alternative Compel the Government to Elect Between Multiplicitous Counts (ECF No. 21, filed Feb. 26, 2020).

Further, in light of the superseding indictment, the government raises an additional ground in support of its objection: that the false statements alleged in Counts 1 and 2 are not "identical"[1] and therefore there is no basis to apply the "unitary harm" rule. *See United States v. Olsowy*, 836 F.2d 439, 443 (9th Cir. 1987) (holding that "where identical false statements . . . are made in response to identical

---

[1] In his renewed motion to dismiss, the defendant properly concedes that "the statements are not identical." (ECF No. 92 at 3.)

questions, the declarant may be convicted only once"). The defendant's false statement alleged in Count 1 of the superseding indictment was that "KM . . . and NF were subcontractors and were not employees of the defendant or his business," when in fact KM and NF "were employees and not subcontractors." In contrast, the defendant's false statement alleged in Count 2 was, "I've always treated [KM and CE] – they would come and go as they please, so I would always treat them as not employees," when in fact KM and CF were not subcontractors but employees.[2]

Thus, the statement charged in Count 1 involves the employment status of KM and NF, while the statement charged in Count 2 involves the employment status of KM and a different worker, CE. It follows that different factual proof of their falsehood is required, since evidence about NF's employment status is not the same as evidence about CE's employment status. *See United States v. Graham*, 60 F.3d 463, 467 (8th Cir. 1995). For this reason, the false statements alleged in the two counts in the indictment are not "identical," and the unitary harm rule does not apply. *See United States v. Stanfa*, 685 F.2d 85, 87-88 (3d Cir. 1982) (holding that separate counts of false declaration were not multiplicitous, where first question asked whether defendant had ever travelled with persons A or B to New York City, and second question asked whether defendant had ever gone out of town with

---

[2] The defendant's claim that "the false assertion – that Craigue did not have employees – is the same" in both counts of the Indictment, is incorrect. (ECF No. 92 at 3.) Neither Count 1 nor Count 2 alleges that the defendant asserted he did not have employees. Instead, Count 1 charges that the defendant falsely asserted that KM and NF were subcontractors and not employees, while Count 2 charges that the defendant falsely asserted that KM and CE were subcontractors and not employees.

2

person A, even though the falsity of both answers was proved by evidence of defendant's one trip to Newark and New York with person A and person B).

For the reasons stated, this Court should deny Craigue's Renewed Motion to Dismiss on Multiplicity Grounds or in the Alternative Compel the Government to Elect Between Multiplicitous Counts, or, in the alternative, defer resolution of the motion until after the trial.

| | | |
|---|---|---|
| Date: | May 4, 2021 | Respectfully submitted |
| | | JOHN J. FARLEY<br>Acting United States Attorney |
| | By: | /s/ John S. Davis<br>John S. Davis<br>Anna Dronzek<br>Aaron Gingrande<br>Assistant U.S. Attorneys<br>53 Pleasant Street, 4th Floor<br>Concord, NH 03301<br>(603) 225-1552 |