UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

United States of America

     v.                                        Criminal No. 19-cr-142-LM
                                Opinion No. 2021 DNH 082 P

Nathan Craigue

## O R D E R

The defendant, Nathan Craigue, is charged in a superseding indictment with two counts of making a false statement to a federal agent in violation of 18 U.S.C. § 1001(a)(2). Craigue moves to dismiss Count II of the superseding indictment, arguing, inter alia, that it fails to state an offense.[1] See doc. no. 93. The government objects. For the reasons stated below, the court concludes that Count II of the superseding indictment fails to state an offense under § 1001(a)(2) and must be dismissed.

## STANDARD OF REVIEW

Federal Rule of Criminal Procedure 12(b)(1) provides that a "party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Specifically, a challenge raising "a defect in the indictment," including the indictment's "failure to state an offense," must be raised in a pretrial motion "if the basis for the motion is . . .

---

[1] Craigue also seeks dismissal of both counts of the superseding indictment on additional grounds. See doc. nos. 89, 92, 93. The court will address those additional grounds in a separate order.

reasonably available and the motion can be determined without a trial on the

merits."  Fed. R. Crim. P. 12(b)(3)(B)(v).  When considering a motion to dismiss an

indictment under Rule 12(b), the court must assume the factual allegations in the

indictment to be true.  See United States v. Guerrier, 669 F.3d 1, 3-4 (1st Cir. 2011).


## BACKGROUND[2]

As of August 2018, Craigue was the owner and operator of Craigue & Sons

Home Exteriors.  In the summer of 2018, the company was hired to perform work on

a property located in Concord, New Hampshire.  Craigue tasked two individuals,

Kenneth McKenna and Nicholas Ford, with the project.  On August 28, 2018,

McKenna had an accident at the jobsite.  He later died from his injuries.

The day of the accident, an officer from the Occupational Safety and Health

Administration ("OSHA") visited the jobsite and spoke with Craigue.  Craigue told

the officer that McKenna and Ford were subcontractors and were not employees of

Craigue or his business.

On October 24, 2018, an OSHA officer questioned Craigue.[3]  The officer asked

Craigue whether McKenna and another of Craigue's workers, Christopher Erickson,

---

[2] To the extent the following facts are not alleged in the superseding
indictment, see doc. no. 79, they are drawn from the court's prior order denying
Craigue's motion to dismiss the original indictment on multiplicity grounds, see doc.
no. 27.  These facts are not dispositive of the instant motion and are recited only to
provide context.

[3] It is not clear from the allegations in the superseding indictment whether
the OSHA agent who questioned Craigue in October is the same agent who spoke
with Craigue at the jobsite in August.

were employees of Craigue's company.  In response, Craigue stated: "I've always

treated them – they would come and go as they please, so I would always treat them

as not employees."  Doc. no. 79 at 2.

      In 2019, a grand jury indicted Craigue on two counts of making a false

statement to a federal agent in violation of 18 U.S.C. § 1001(a)(2).  The government

obtained a two-count superseding indictment in March of 2021.  See doc. no. 79.

Craigue now moves to dismiss Count II of the superseding indictment, asserting

that it fails to state an offense.


## DISCUSSION

      A criminal defendant cannot "be held to answer for a capital, or otherwise

infamous crime, unless on a presentment or indictment of a Grand Jury," and has

"the right . . . to be informed of the nature and cause of the accusation."  U.S. Const.

amends. V, VI.  An indictment generally satisfies constitutional requirements "if it

specifies the elements of the offense charged, fairly apprises the defendant of the

charge against which he must defend, and allows him to contest it without fear of

double jeopardy."  United States v. Savarese, 686 F.3d 1, 6 (1st Cir. 2012); see also

United States v. Hamling, 418 U.S. 87, 117-18 (1974).  Here, the offense charged in

Count II of the superseding indictment is a violation of 18 U.S.C. § 1001(a)(2).

Under that statute, it is unlawful to knowingly and willfully make a materially

false statement in a matter within the jurisdiction of the federal government.[4]  See 18 U.S.C. § 1001(a)(2).  Thus, to state an offense under § 1001(a)(2), an indictment must allege, among other things, that the defendant made a false statement.  See id.; Savarese, 686 F.3d at 6; see also United States v. Sebaggala, 256 F.3d 59, 63 (1st Cir. 2001).

Count II of the superseding indictment alleges:

On or about October 24, 2018, . . . the defendant, Nathan Craigue, in a matter within the jurisdiction of the executive branch of the Government of the United States, namely, an investigation by the Occupational Safety and Health Administration ("OSHA"), U.S. Department of Labor, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation, by stating to an OSHA Compliance Safety & Health Officer that [McKenna] and [Erickson] were not employees of the defendant or his business, specifically, when the Officer asked him whether [McKenna] and [Erickson] were employees of his company, the defendant stated, "I've always treated them – they would come and go as they please, so I would always treat them as not employees," when, in truth and in fact, as the defendant then and there knew, [McKenna] and [Erickson] were employees and not subcontractors.

Doc. no. 79 at 2 (capitalization and bolding omitted).  Stated succinctly, Count II alleges that Craigue falsely stated McKenna and Erickson were not his employees by stating that he "always treated" McKenna and Erickson as "not employees."  Id.

Craigue argues that Count II fails to state an offense because the false statement alleged does not track the statement he is alleged to have made.  See doc. nos. 93; doc. no. 15 at 14.  The false statement alleged in Count II is a statement

---

[4] Section 1001 also prohibits the falsification or concealment of a material fact by a "trick, scheme, or device."  18 U.S.C. § 1001(a)(1).  Count II does not allege that Craigue violated this subsection.

that McKenna and Erickson were not Craigue's employees.  However, the statement

Craigue is alleged to have made is a statement that he "treated" McKenna and

Erickson "as not employees."  In light of the discrepancy between the false

statement alleged and the statement he is alleged to have made, Craigue contends

that Count II fails to allege that his statement is false.[5]

Craigue's argument has merit.  Even if it is objectively true that McKenna

and Erickson were Craigue's employees, that would not necessarily disprove

Craigue's statement that he treated them as though they were not.  Numerous

courts of appeals—including the First Circuit—have upheld the dismissal of

indictments charging false statement offenses where the government alleges a

falsity which fails to "track" the statement alleged to be false.  United States v.

Finucan, 708 F.2d 838, 846-48 (1st Cir. 1983) ("[I]n order for a charge of perjury to

be sustained, the 'true' paragraph must 'track' the false testimony." (quoting United

States v. Tonelli, 577 F.2d 194, 199 (3d Cir. 1978))); see Tonelli, 577 F.2d at 198-99

(indictment which alleged that defendant falsely claimed he never "handled the

transmission" of checks by stating that he "never handled any checks" failed to

allege a false statement); United States v. Gatewood, 173 F.3d 983, 986-88 (6th Cir.

---

[5] The court recognizes that Craigue's argument is a renewal of his contention
that Count II of the original indictment fails to state an offense.  The court also
recognizes that the court interpreted Craigue's argument somewhat differently in
reviewing the sufficiency of the original indictment.  See United States v. Craigue,
Crim. No. 19-cr-142-LM, 2020 WL 1027818, at *3 (D.N.H. Mar. 3, 2020).  The
government was given notice of the court's current construction and was
subsequently afforded an opportunity to respond at a motion hearing on May 11,
2021.

1999) (dismissing § 1001 charge alleging that defendant falsely claimed he made "full payment" to certain subcontractors by certifying "that he had made payments" to those subcontractors; "[t]he indictment presents a false dichotomy, because certifying that one has made payments to subcontractors is not inconsistent with having yet to pay the subcontractors in full"); United States v. Williams, 536 F.2d 1202, 1206-07 (7th Cir. 1976) (dismissing perjury count which alleged that defendant falsely claimed that she saw her co-defendant's husband at a particular address on a particular day by answering "yes" when asked if she "continue[d] to see" him at that address on that day); United States v. Cowley, 720 F.2d 1037, 1043-44 (9th Cir. 1983) (concluding that perjury count failed to state an offense where count alleged that defendant falsely claimed he had been given checks by stating that he had been given an envelope); cf. United States v. Vesaas, 586 F.2d 101, 103 (8th Cir. 1978) (dismissing § 1001 charge alleging that defendant falsely claimed he did not own property in joint tenancy with his deceased mother; indictment failed to allege a false statement because it is legally impossible to own property in joint tenancy with a deceased person); United States v. Good, 326 F.3d 589, 591-92 (4th Cir. 2003) (affirming dismissal of § 1001 charge where indictment charged defendant with falsely stating she had not been convicted of certain specified crimes on an employment application; although defendant had been convicted of embezzlement, embezzlement was not one of the listed crimes).[6]

---

[6] Not every court of appeals has approved of such a requirement, however. See . See United States v. Subeh, No. 04-CR-6077T, 2006 WL 219968, at *8

In <u>Finucan</u>, a bookkeeper for a used car dealership was charged with perjury in connection with her testimony before a grand jury.  See <u>Finucan</u>, 708 F.3d at 840. Count Ten of the indictment charged the defendant with falsely claiming that certain auto registration stamps did not belong to one of the persons who ran the dealership.  See <u>id.</u> at 840, 846; <u>see also</u> <u>id.</u> at 849-51 (quoting the indictment at length).  Count Ten quoted excerpts of her grand jury testimony, alleging that these excerpts contained the falsity.  See <u>id.</u> at 849-51.

However, while the excerpted testimony showed that the defendant made claims about how the stamps were used and about the sources of her knowledge, nowhere in those excerpted portions did she claim that the stamps did not belong to her employer.  See <u>id.</u> at 846-47, 850-51.  "The charge that she knew who owned the stamps and lied about her knowledge cannot, of course, be sustained by the fact that she" made other statements regarding the stamps' use.  <u>Id.</u>  Because the alleged falsity did not "track" the testimony alleged to be false, the First Circuit concluded that the district court did not err in dismissing Count Ten.  <u>Id.</u> at 846-47.

The government argued in <u>Finucan</u> that the indictment was sufficient because an assertion as to who owned the stamps could be inferred from the defendant's excerpted testimony.  See <u>id.</u> at 847.  While the First Circuit stated that

_____

(W.D.N.Y. Jan. 24, 2006), <u>report and recommendation adopted</u>, 2006 WL 1875407 (W.D.N.Y. July 5, 2006) (noting that, in the Second Circuit, "[t]o the extent that a truth paragraph . . .  fails to provide a direct contrast, the truth paragraph should be considered 'merely surplusage.'" (quoting <u>United States v. Marchisio</u>, 344 F.2d 653, 662 (2d Cir. 1965), <u>overruled on other grounds by</u> <u>United States v. Mandanici</u>, 205 F.3d 519 (2d Cir. 2000))).

"[t]his might indeed be a fair implication of the testimony," it observed that the statute prohibited the making of statements that are themselves false, not the making of statements which carry false implications.  Id.  Thus, where "the government hinges its charge on the false implications of a statement that is not alleged to be false in itself," the indictment fails to state an offense and must be dismissed.  Id. at 847-48.

Here, the deficiencies seen in Count II of Craigue's superseding indictment mirror those identified in Finucan.  Count II is incoherent.  It alleges that an OSHA officer asked Craigue whether McKenna and Erickson were employees of Craigue's company.  In response to the officer's question, Craigue allegedly stated that he "treated" the two men as "not employees."  Doc. no. 79 at 2.  Count II alleges that this statement constitutes an assertion that McKenna and Erickson "were not employees of the defendant or his business," and that this assertion is false because McKenna and Erickson were, in fact, the defendant's employees.  Id.  However, the indictment presents a "false dichotomy"; even if it is true that McKenna and Erickson were Craigue's employees, that would not disprove Craigue's statement that he treated them as though they were not.  Gatewood, 173 F.3d at 987.  And, while it may be reasonable to infer an implicit assertion as to McKenna and Erickson's employment status from Craigue's express assertion regarding their treatment, § 1001(a)(2) does not criminalize the making of statements that can be proven false only by implication.  See 18 U.S.C. § 1001(a)(2); Gatewood, 173 F.3d at 987; see also Bronston v. United States, 409 U.S. 352, 359 (1973) ("It is no answer to

say that here the jury found that petitioner intended to mislead the examiner.  A jury should not be permitted to engage in conjecture whether an unresponsive answer, true and complete on its face, was intended to mislead or divert the examiner . . . .").

For these reasons, Count II of the superseding indictment fails to allege that Craigue made a false statement.  It therefore fails to state an offense under 18 U.S.C. § 1001(a)(2).  See Gatewood, 173 F.3d at 987.

The government resists this conclusion, arguing that Craigue made the charged statement in response to an OSHA officer's question and that the issue of whether his answer was false in light of that question is a matter for the jury.  "It is true that where an answer may or may not be false depending on possible interpretations of an ambiguous question, it is for the jury to decide whether the" statement is false.  Finucan, 708 F.2d at 848 (emphasis added).  Here, however, analyzing Count II's sufficiency does not require an assessment of whether the OSHA officer's question was ambiguous.  Rather, the court's conclusion stems from the fact that "the government cannot prove that the defendant's testimony, although incomplete and evasive, was . . . actually a false response to the question posed."  Id. at 847-48; see also Bronston, 409 U.S. at 355 n.3, 359-62 (emphasizing that nonresponsive answers to official questioning should be remedied through posing more precise questions, not through criminal prosecutions).  Phrased differently, this is not a case where the defendant argues he cannot be convicted for making a false statement because the statement he is alleged to have made was, as

a factual matter, "literally true," see, e.g., United States v. Hixon, 987 F.2d 1261, 1265-67 (6th Cir. 1993), and this court's ruling does not rest on a conclusion that Craigue's alleged statement is literally true.  Rather, Craigue cannot be made to stand trial on Count II because Count II fails to allege that his statement was literally false.

The government notes that Finucan involved a perjury prosecution, whereas the instant case involves 18 U.S.C. § 1001(a)(2).  Indeed, many cases applying a tracking requirement similar to Finucan involved perjury charges.  See, e.g., Cowley, 720 F.2d 1037, 1043-44.  However, this court has uncovered no authority for the proposition that the requirement to allege a false statement in order to state a § 1001(a)(2) offense differs from the requirement to allege a false statement in order to state an offense under 18 U.S.C. §§ 1621 and 1623.  See Subeh, 2006 WL 219968, at *8 n.14 (applying this body of case law to a § 1001(a)(2) prosecution; noting a dearth of authority suggesting that it should not apply to § 1001).  But see United States v. Boskic, 545 F.3d 69, 92 (1st Cir. 2008) (suggesting the possibility that this case law may not apply "outside the context of adversary questioning").  It is notable that the circumstances surrounding Craigue's alleged statement on October 24 are analogous to circumstances often seen in perjury prosecutions— Craigue is alleged to have made the charged statement to a government labor official in response to that official's questioning during an investigation that was preceded by the on-the-job death of one of Craigue's workers.  See doc. no. 79.  And,

10

in Gatewood, the Sixth Circuit applied the tracking requirement to an indictment alleging a violation of § 1001.  See Gatewood, 173 F.3d at 986-88.

The government also contends that Craigue's quoted statement is the equivalent of stating McKenna and Erickson were not his employees.  The government argues that Craigue's treatment of the two men determines whether they were his employees.  It is true that an employer's treatment of his workers is highly relevant to whether they are properly classified as employees or contractors under the common law agency test applicable to this prosecution.[7]  See, e.g., A.C. Castle Constr. Co., Inc. v. Acosta, 882 F.3d 34, 39 (1st Cir. 2018).  However, a worker may be an employee even if his employer does not afford him all the treatment to which employees are entitled.  Indeed, the government's case against Craigue may hinge on the fact that a worker may be correctly classified as an employee even if his employer does not treat him as an employee by, for example, providing him with needed tax documents in connection with his wages.  Thus, the government is incorrect in arguing that Craigue's assertion regarding McKenna and Erickson's treatment is equivalent to an assertion that they are not, in fact, Craigue's employees.

The court notes, however, that an indictment generally "need not say much" to adequately set forth the elements of the offense charged, and that inquiries into

---

[7] The court has previously ruled that, in order to determine the employment status of a worker who was the subject of an allegedly false statement, the jury will apply the multi-pronged common law test for distinguishing contractors from employees articulated in Nationwide Mutual Insurance Co. v. Darden, 503 U.S. 318, 323-34 (1992).

an indictment's sufficiency should not "embrace technical niceties at the expense of common sense." United States v. Stepanets, 879 F.3d 367, 372 (1st Cir. 2018).  At the same time, Craigue has a constitutional right to insist that his indictment allege that he engaged in conduct satisfying each element of the charged offense. See Hamling, 428 U.S. at 117-18; see also United States v. Lara, 970 F.3d 68, 86 (1st Cir. 2020) (concluding that indictment alleging a violation of 18 U.S.C. § 922(g) contained a "clear or obvious defect" because, although the indictment alleged that the defendant acted with the required knowing mens rea, it alleged only that defendant knowingly possessed firearms, not that he did so with knowledge of his status as a felon).  Under Finucan—which has never been overruled—the indictment fails to allege a required element of the crime.  While the indictment must be read from a commonsense perspective, the court cannot turn a blind eye to clear defects.  See Lara, 970 F.3d at 86.

In concluding that Count II fails to state an offense, the court does not mean to suggest that an indictment alleging a violation of § 1001(a)(2) is required to specify the "objective truth" in contrast to the defendant's allegedly false statement. United States v. Butt, 745 F. Supp. 34, 37-38 & n.3 (D. Mass. 1990) (distinguishing Finucan on this basis); see also United States v. Serola, 767 F.2d 364, 369-70 (7th Cir. 1985) (identifying a circuit split on the question of whether "an indictment for perjury is insufficient unless the indictment contains a 'truth paragraph' detailing what the government believes to be the objective truth of the accused perjuror's testimony").  Had Count II of the superseding indictment simply alleged that

Craigue made a false statement by stating that he treated McKenna and Erickson as non-employees, without further specification as to what that falsity was, it is possible that the court's analysis in this case may be different.[8]  See United States v. Portac, Inc., 869 F.2d 1288, 1295-96 (9th Cir. 1989) (holding that, because the "indictment alleged that these answers were false[,] the opposite truth is apparent without the need for a particular averment"); Serola, 767 F.2d at 370 ("[W]hen an indictment . . . contains clear, direct, unambiguous and precise questions and answers [such] that the nature and extent of the alleged falsity is fairly self-evident, the defendant has had adequate notice and a 'truth paragraph' is not required.").

For similar reasons, the court cannot cure Count II's defect by striking the allegations that Craigue stated McKenna and Erickson were not his employees when, in truth and in fact, the two men were his employees.  Striking these allegations from Count II would alter the charge against Craigue.  See, e.g., United States v. Dowdell, 595 F.3d 50, 67-68 (1st Cir. 2010) (noting that, while the court may make "ministerial corrections of clerical errors" in indictments, the indictment's "charges may not be broadened through amendment except by the grand jury itself" (quotation omitted)).

As returned by the grand jury, Count II alleges that Craigue falsely stated McKenna and Erickson were not his employees.  If the court were to strike verbiage from the indictment such that it would merely allege that Craigue made a false statement when he stated that he "treated" McKenna and Erickson as non-

---

[8] Such an indictment might, of course, raise other issues.

13

employees, that would change the false statement alleged.  Instead of alleging, as the indictment currently does, that Craigue falsely claimed McKenna and Erickson were not employees, the altered indictment would allege that he falsely claimed he treated McKenna and Erickson as non-employees.  See Portac, 869 F.2d at 1295-96. But, for the reasons already discussed, a claim that one treats a worker as a non-employee is not interchangeable with a claim that the worker is not an employee.

For these reasons, the court concludes that Count II fails to allege that Craigue's statement is false.  Because a count charging a violation of § 1001(a)(2) must allege that the defendant made a false statement, Count II fails to state an offense.  It is therefore defective and must be dismissed.

## CONCLUSION

Doc. no. 93 is granted in part.  Count II of the superseding indictment is dismissed for failure to state an offense.  The court reserves ruling on the other grounds raised in doc. no. 93.  It will address those grounds, as well as Craigue's additional motions to dismiss (doc. nos. 89 & 92), in a separate order.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

May 14, 2021
cc:  Counsel of Record

14