UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                                                                 Criminal No. 19-cr-142-LM
                                                            Opinion No. 2021 DNH 084 P

Nathan Craigue

**O R D E R**

The government charged the defendant, Nathan Craigue, in a superseding indictment with two counts of making a false statement to a federal agent in violation of 18 U.S.C. § 1001(a)(2).  Craigue moves to dismiss both counts, asserting duplicity, multiplicity, lack of specificity, and vagueness.[1]  See doc. nos. 89, 92, 93.  Many of Craigue's contentions are renewals of arguments advanced in his motions to dismiss the original indictment.  See doc. nos. 15, 19.  The government objects.  The court resolves Craigue's motions as outlined below.

**STANDARD OF REVIEW**

Federal Rule of Criminal Procedure 12(b)(1) provides that a "party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits."  Fed. R. Crim. P. 12(b)(1).  Specifically, a challenge raising "a defect in the indictment," such as "duplicity," "multiplicity," and "lack of

---

[1] Craigue also moved to dismiss Count II for failure to state an offense.  See doc. no. 93.  The court has already dismissed Count II on this basis in a prior order.  See doc. no. 104.

specificity," must be raised in a pretrial motion "if the basis for the motion is . . . reasonably available and the motion can be determined without a trial on the merits."  Fed. R. Crim. P. 12(b)(3)(B)(i)-(iii).  When considering a motion to dismiss an indictment under Rule 12(b), the court must assume the factual allegations in the indictment to be true.  See United States v. Guerrier, 669 F.3d 1, 3-4 (1st Cir. 2011).  A motion to dismiss under Rule 12(b) may not be used "to test the sufficiency of the evidence behind an indictment's allegations."  Id. at 4.

## BACKGROUND[2]

As of August 2018, Craigue was the owner and operator of Craigue & Sons Home Exteriors.  In the summer of 2018, the company was hired to perform work on a property located in Concord, New Hampshire.  Craigue tasked two individuals, Kenneth McKenna and Nicholas Ford, with the project.  On August 28, 2018, McKenna had an accident at the jobsite.  He later died from his injuries.

The day of the accident, an officer from the Occupational Health and Safety Administration ("OSHA") visited the job site and spoke with Craigue.  Craigue told the officer that McKenna and Ford were subcontractors and were not employees of Craigue or his business.

---

[2] To the extent the following facts are not alleged in the superseding indictment, see doc. no. 79, they are drawn from the court's prior order denying Craigue's motion to dismiss the original indictment on multiplicity grounds, see doc. no. 27.  These facts are not dispositive of the instant motion and are recited only to provide context.

On October 24, 2018, an OSHA officer questioned Craigue.[3] The officer asked Craigue whether McKenna and another of Craigue's workers, Christopher Erickson, were employees of Craigue's company. In response, Craigue stated: "I've always treated them – they would come and go as they please, so I would always treat them as not employees." Doc. no. 79 at 2.

In 2019, a grand jury indicted Craigue on two counts of making a false statement to a federal agent in violation of 18 U.S.C. § 1001(a)(2). The government subsequently obtained a two-count superseding indictment. See doc. no. 79. Count I of the superseding indictment alleges that, on or about August 28, 2018, Craigue knowingly and willfully made a materially false statement in a matter within OSHA's jurisdiction by stating to an OSHA agent that McKenna and Ford were subcontractors and were not employees of Craigue or his business. Count II alleged that, on or about October 24, 2018, Craigue knowingly and willfully made a materially false statement in a matter within OSHA's jurisdiction by stating that McKenna and Erickson were not Craigue's employees, in that Craigue stated that he "treated" those two men as "not employees." Doc. no. 79.

## DISCUSSION

Craigue moves to dismiss both counts of the superseding indictment on numerous grounds. However, the court has already dismissed Count II of the

---

[3] It is not clear from the allegations in the superseding indictment whether the OSHA agent who questioned Craigue in October is the same agent who spoke with Craigue at the jobsite in August.

superseding indictment for failure to state an offense. See doc. no. 104. Therefore, the court will consider only whether Craigue's arguments demonstrate that Count I must be dismissed.

I.  Duplicity

Craigue argues that Count I must be dismissed because it is duplicitous. See doc. no. 89. In the alternative, he requests that the court give an appropriate unanimity instruction to remedy Count I's duplicity.

A count is duplicitous if it alleges that the defendant committed "two or more distinct offenses." United States v. Prieto, 812 F.3d 6, 11 (1st Cir. 2011); see, e.g., United States v. Newell, 658 F.3d 1, 26 (1st Cir. 2011) (explaining that a single count which "alleges that [the defendant] killed B on Monday, C on Tuesday, and D on Wednesday" is duplicitous). Duplicitous counts are impermissible for several reasons. First, a defendant charged with multiple offenses in a single count "might not know which charge to prepare to defend against." Prieto, 812 F.3d at 11; see also Newell, 658 F.3d at 27 ("In aggregating multiple instances of the same crime, the prosecution may bundle together alleged offenses that are strongly supported by the evidence with ones that are only moderately, or even weakly, supported by the evidence."). "A second concern is that a jury could find a defendant guilty without actually reaching unanimity." Prieto, 812 F.3d at 11; see, e.g., United States v. Valerio, 48 F.3d 58, 63 n.2 (1st Cir. 1995) ("[I]f Count X of an indictment charges a defendant with having committed two offenses, A and B, a conviction would be

4

possible even if Jurors 1-6 found only that the defendant committed offense A, and jurors 7-12 found only that the defendant committed offense B."). In addition, a duplicitous count may "prejudice [the] defendant in sentencing, in appellate review, and in guarding against double jeopardy." 1A Andrew D. Leipold, Federal Practice and Procedure: Criminal § 143 (5th ed.).

Count I alleges that Craigue violated 18 U.S.C. § 1001(a)(2). That statute provides that it is unlawful to knowingly and willfully make a materially false statement in a matter within the jurisdiction of the federal government. See 18 U.S.C. § 1001(a)(2). Count I alleges that Craigue violated § 1001(a)(2) by:

> stating to an OSHA . . . Officer that [McKenna] . . . and [Ford] were subcontractors and were not employees of the defendant or his business, when, in truth and in fact, as the defendant then and there knew, [McKenna] and [Ford] were employees and not subcontractors.

Doc. no. 79 at 1. Count I does not specify precisely what Craigue is alleged to have said to the OSHA officer—it does not, for example, quote Craigue's alleged statement. See Leipold, supra § 143 (noting that duplicity analyses are controlled by "the allegations themselves, and not the evidence presented at trial"); United States v. Muñoz-Franco, 986 F. Supp. 70, 71 (D.P.R. 1997).

Craigue contends that Count I alleges multiple offenses because § 1001(a)(2) is intended to punish the utterances of individual falsities. Therefore, Craigue contends, falsely asserting that two workers are not employees constitutes two offenses under § 1001(a)(2): one for the alleged falsity regarding McKenna's employment status, and another for the alleged falsity regarding Ford's employment status.

5

Craigue's argument is not persuasive. "[C]ourts have found it appropriate to charge multiple false statements in a single count where the statements were all made in the same event or on the same document." United States v. McCafferty, No. 1:10CR387, 2011 WL 933771, at *9 (N.D. Ohio Mar. 16, 2011) (collecting cases). For example, in United States v. Canas, 595 F.2d 73 (1st Cir. 1979), the defendant was charged with violating 18 U.S.C. § 1014[4] in connection with documents he submitted to apply for a bank loan. See Canas, 595 F.2d at 75. The false statement count listed six documents submitted by the defendant to the bank. See id. at 75 & n.4. On appeal, the defendant argued that the count was duplicitous. See id. at 78. According to the defendant, because the indictment alleged that each of the six documents contained falsities, the submission of each document constituted a separate offense. See id. The First Circuit rejected this argument, reasoning that, although "several false statements were submitted" to the bank, they were submitted as part of a single loan application. Id. at 78-79.

The First Circuit's holding in Canas is in accord with the holdings of numerous other courts rejecting similar duplicity challenges to similar false statement charges. See United States v. Schmeltz, 667 F.3d 685, 686-88 (6th Cir. 2011) (count alleging that defendant falsified a document in three respects was not duplicitous); United States v. Goodrich, 919 F.2d 1365, 1368 (9th Cir. 1990) ("[I]t is well-settled law that more than one specification of falsity may be included in a

---

[4] Like § 1001, § 1014 proscribes the making of "any false statement." 18 U.S.C. § 1014. However, it applies to false statements made "for the purpose of influencing in any way the action of" various banks and other similar entities. Id.

single count of perjury, as was done here. This does not make that count duplic[itous] . . . ." (citation omitted)); United States v. Mangieri, 694 F.2d 1270, 1281 (D.C. Cir. 1982) ("[T]he making of a number of false statements to a lending institution in a single document constitutes only one criminal violation under 18 U.S.C. § 1014." (quoting United States v. Sue, 586 F.2d 70, 71 (8th Cir. 1978) (per curiam))); Sue, 586 F.2d at 71; United States v. Sahley, 526 F.2d 913, 918 (5th Cir. 1976) (concluding that "making three false assertions . . . on but a single document" constituted one offense); see also McCafferty, 2011 WL 933771, at *9 (rejecting duplicity challenge where allegedly false statements contained in the count "were made in the course of a single interview over a short period of time"); United States v. Fassnacht, No. 01 CR 0063, 2002 WL 63523, at *5 (N.D. Ill. Jan. 15, 2002) (rejecting duplicity challenge to indictment alleging three misrepresentations that "were all made on the same day in the same interview" and related to the same events).

      Here, Count I alleges that Craigue violated § 1001(a)(2) by "stating to an OSHA . . . Officer that [McKenna] . . . and [Ford] were subcontractors and were not employees of the defendant or his business." Doc. no. 79 at 1. While the indictment does not make clear whether Craigue made these alleged assertions regarding McKenna and Ford in a single sentence or in multiple sentences separated by some span of time, the indictment does allege that they were made on the same day to the same OSHA officer. See McCafferty, 2011 WL 933771, at *9; see also Goodrich, 919 F.2d at 1368 ("The essential conduct that constitutes the making of a false material

declaration is ordinarily the same regardless of the number of questions and answers it takes to elicit the tale . . . ."). Moreover, each assertion related to the employment status of Craigue's workers. See McCafferty, 2011 WL 933771, at *9. In these circumstances, the court finds that Count I alleges only one offense under 18 U.S.C. § 1001(a)(2).[5] Accordingly, the court denies Craigue's motion to dismiss Count I on duplicity grounds.

Craigue argues in the alternative that, if the court does not dismiss Count I as duplicitous, it should nevertheless issue a special unanimity jury instruction requiring the jury to unanimously agree that Craigue knowingly and willfully made a materially false statement about the employment status of a single worker. Craigue asserts that such an instruction is necessary to cure Count I's duplicity. However, the court has already determined that Count I is not duplicitous. Apart from arguing that Count I is duplicitous, Craigue offers no other justification for a special unanimity instruction.[6] See United States v. Ackell, 907 F.3d 67, 79 (1st

---

[5] Indeed, a contrary conclusion would presumably permit the government to charge Craigue with two counts of violating § 1001(a)(2) on the basis of his alleged assertion that McKenna and Ford were not his employees. See Mangieri, 694 F.2d at 1282; see also McCafferty, 2011 WL 933771, at *9 ("While the defendant believes that confining these related statements to one count is improper, the government would argue that separating them out into five separate crimes might have the effect of punishing the defendant beyond congressional intent.").

[6] Although special unanimity instructions are often given to cure duplicitous counts, such instructions may be given in some circumstances even when there is no duplicity to cure. See, e.g., Isabelle v. Mansfield, 568 F. Supp. 2d 85, 100-01 (D. Mass. 2008) (quoting United States v. Sayan, 968 F.2d 55, 65 (D.C. Cir. 1992)) (noting that special unanimity instruction may be required when there is a genuine risk of juror confusion if such an instruction is not given).

Cir. 2018). The court therefore denies Craigue's request for a special unanimity instruction on the basis of duplicity. See United States v. Lopez-Cotto, 884 F.3d 1, 11-12 (1st Cir. 2018) (concluding that district court erred by giving unanimity instruction to cure nonexistent duplicity). During a motion hearing on May 11, 2021, the court discussed with counsel some remaining concerns the court has regarding jury unanimity in this case. The parties will have an additional opportunity to object to the court's draft jury instructions in advance of trial.

II. Craigue's Additional Arguments

Craigue moves to dismiss the superseding indictment, in its entirety, on multiplicity grounds.[7] See doc. no. 92. "A prosecution is multiplicitous when it charges a defendant more than once for what is essentially a single crime." United States v. Smith, 919 F.3d 1, 15 (1st Cir. 2019), cert. denied, 140 S. Ct. 203, 205 (2019) (internal quotation marks omitted). However, because the court has dismissed Count II of the superseding indictment, Craigue is now charged with only one crime. The court therefore rejects Craigue's multiplicity argument as moot.

Craigue also renews his arguments that Count I is insufficiently specific and that § 1001(a)(2) is void for vagueness as applied to his alleged conduct. See doc. no. 93. The court previously rejected these arguments when Craigue raised them in

---

[7] Craigue previously moved to dismiss the original indictment on multiplicity grounds. See doc. no. 19. The court denied that motion in a written order. See United States v. Craigue, Crim. No. 19-cr-142-LM, 2020 WL 3545156 (D.N.H. June 29, 2020) (doc. no. 27).

seeking dismissal of the original indictment. See United States v. Craigue, Crim. No. 19-cr-142-LM, 2020 WL 1027818, at *2-4 (D.N.H. Mar. 3, 2020) (doc. no. 23). Craigue advances no argument that the superseding indictment differs from the original such that it presents additional specificity or vagueness concerns. Therefore, the court rejects Craigue's renewed specificity and vagueness challenges for the same reasons it rejected his original challenges. See id.

## CONCLUSION

Doc. nos. 89 and 92 are denied. The court has already granted doc. no. 93 in part. The remaining portions of doc. no. 93 are denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

May 14, 2021

cc: Counsel of Record.