UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

v.   Criminal No. 19-cr-142-LM

<u>Nathan Craigue</u>

**O R D E R**

In this case, the parties filed a second round of evidentiary motions after the government obtained a two-count superseding indictment (doc. no. 79).  The superseding indictment alleges that Craigue falsely claimed Nicholas Ford (Count I) and Christopher Erickson (Count II) were not his employees, in addition to claiming that Kenneth McKenna was not his employee.  The court heard oral argument on pending motions on May 11, 2021.  In an order dated May 14, 2021, the court dismissed Count II for failure to state an offense (doc. no. 104).  In this Order, the court addresses the government's motion (doc. no. 96) to modify the court's prior order (doc. no. 68), Craigue's renewed motions in limine (doc. nos. 91, 94), and several issues remaining for counsel to resolve.

1

I.     Government's Motion to Modify Order (doc. no. 96)

The court previously ruled that testimony regarding Ford and Erickson's employment status was inadmissible because their employment status was not at issue in the original indictment (doc. no. 68).  In light of the superseding indictment, the government moves to admit lay opinion testimony by Ford and Erickson regarding their employment statuses and admissions by Craigue about the same (doc. no. 96).  In other words, the government argues that Ford and Erickson should be allowed to testify about their own employment status.  Craigue objects (doc. no. 97).

The court also previously held that lay opinion statements made by either Craigue or McKenna regarding McKenna's employment status were admissible (doc. no. 68).  The court noted that whether a party believes they are creating an employee and employer relationship may be considered in determining if someone is an employee or an independent contractor.  See doc. no. 73 at 62-63; Saenger Org., Inc. v. Nationwide Ins. Licensing Assocs., Inc., 119 F.3d 55, 61 (1st Cir. 1997) (holding that the jury may consider the "understanding of the parties as to the nature of their relationship") (citing Restatement (Second) of Agency § 220(2)(i)).

Only Count I of the superseding indictment remains for trial.  Now that Ford is named in Count I (as well as McKenna), Ford's employment status is at issue and his personal opinions about his employment status are relevant.  See Saenger, 119 F.3d at 61.  Accordingly, the government's motion is granted regarding testimony from Ford and Craigue addressing Ford's employment status; this testimony is

admissible. But, consistent with the court's earlier ruling (doc. no. 68), Ford may offer no opinion as to McKenna's employment status or the status of anyone else who worked for Craigue. The government's motion is denied regarding testimony addressing Erickson's employment status; this testimony is inadmissible because Erickson's employment status is not at issue now that Count II has been dismissed.

II.     Craigue's Motion to Exclude Evidence in Response to the Superseding Indictment (doc. no. 91)

The court previously ruled that certain evidence concerning Ford and Erickson was inadmissible because the false statements alleged in the original indictment concerned only McKenna (doc. nos. 68, 70). In response to the superseding indictment, Craigue renews his prior requests to exclude evidence (doc. no. 91). The government objects and requests modifications to the court's prior evidentiary rulings (doc. no. 100).

In general, evidence concerning Ford is now admissible for the same reasons that evidence concerning McKenna is admissible; however, evidence concerning Erickson remains inadmissible in light of the dismissal of Count II. These rulings are detailed below.

1. Erickson's 2018 injury: the court previously excluded evidence that Erickson suffered a work-related injury in 2018 at the same jobsite as McKenna, that Craigue offered to pay Erickson's medical bills if Erickson agreed not file a workers' compensation claim, and that Erickson did not receive a workers' compensation award because Craigue had not paid workers' compensation insurance (doc. no. 70). Considering the dismissal of Count II of the superseding indictment, this evidence remains inadmissible.

3

2. <u>McKenna's 2017 injury</u>: the court previously admitted evidence that McKenna sustained an injury while working for Craigue in 2017 but excluded evidence regarding the cause, severity, or details of the injury (doc. no. 70). The superseding indictment does not change the court's analysis of this issue and the ruling remains the same.

3. <u>McKenna's 2005 injury</u>: the court previously ruled that evidence of the fact that McKenna suffered a work-related injury and received a workers' compensation award is admissible but excluded evidence regarding the cause, severity, or details of the injury (doc. no. 70). The superseding indictment does not change the court's analysis of this issue and the ruling remains the same.

4. <u>McKenna's 2018 injury and death</u>: the court previously ruled that the fact of McKenna's death was admissible but excluded evidence regarding the details of his fatal accident and the severity of his injuries (doc. no. 70). The superseding indictment does not change the court's analysis of this issue and the ruling remains the same.

5. <u>Tax treatment of workers</u>: the court previously ruled that evidence of McKenna's tax treatment was admissible, but evidence of Ford and Erickson's tax treatment was inadmissible (doc. no. 70). Based on Count I of the superseding indictment, evidence of Ford's tax treatment is now admissible.

6. <u>Craigue's statements before the New Hampshire Department of Labor</u>: the court previously ruled that certain statements Craigue made before the New Hampshire Department of Labor ("NHDOL") on October 15, 2018 were admissible only if they described Craigue's general work practices affecting McKenna, or if the statements regarding other workers could not reasonably be severed from a statement regarding McKenna (doc. no. 70). After the superseding indictment, Craigue's statements as to Ford are now admissible under those same terms as follows:

- That Craigue did not have employee files or payroll records for Ford;
- That Craigue stopped paying workers' compensation for Ford; and
- That Craigue did not have documents showing that Ford had his own business.

4

7. <u>Craigue's statements to the NHDOL investigator</u>: the court previously ruled that that certain statements Craigue made to an NHDOL investigator were admissible only if they described Craigue's general work practices affecting McKenna, or if the statements regarding other workers could not reasonably be severed from a statement regarding McKenna (doc. no. 70). After the superseding indictment, Craigue's statements as to Ford are now admissible under those same terms as follows:

   - That Craigue assigned work and provided equipment to Ford;
   - That Craigue could not provide contracts stating that Ford bore liability for the work he performed;
   - That Craigue could not provide contracts stating that Ford was required to obtain his own worker's compensation insurance; and
   - That Craigue could not provide a Federal Identification number for Ford.

8. <u>Employment status</u>: the court previously ruled that testimony regarding the details and status of Ford and Erickson's employment was inadmissible (doc. no. 70). Based on Count I of the superseding indictment, evidence regarding the details and status of Ford's employment is now admissible.

9. <u>Cash payments</u>: the court previously ruled that evidence that Craigue paid Ford and Erickson in cash was inadmissible (doc. no. 70). Additionally, the government previously agreed to instruct its witnesses not to use the phrase "under the table" in describing Craigue's method of paying McKenna unless the witness is testifying to Craigue's use of that phrase. Based on Count II of the superseding indictment, evidence that Ford was paid in cash is now admissible, and the government's agreement not to solicit the phrase "under the table" also applies to Ford.

III. <u>Craigue's Motion to Exclude McKenna's Cause of Death as Referenced in the Indictment (doc. no. 94)</u>

The court previously excluded evidence concerning the details or severity of McKenna's 2018 injuries as well as evidence of unsafe work equipment or worksites

(doc. no. 70). In light of that ruling, Craigue requests that the court avoid exposing the jury to language from the indictment that suggests McKenna's death was caused by a workplace accident (doc. no. 94). Count I of the indictment charges Craigue with falsely stating that McKenna, "who had died <u>as a result of</u> a workplace accident earlier that day," and Ford were subcontractors and not employees (doc. no. 79) (emphasis added). In other words, the indictment could be read as suggesting that a jobsite accident caused McKenna's death. Craigue argues that providing this language to the jury would violate the spirit of the court's prior order. The government objects, arguing that no unfair prejudice would result from including the phrase and any potential prejudice would be cured by an instruction that the indictment is not evidence (doc. no. 99).

At the January 20, 2021 hearing, the government assented to exclusion of evidence regarding the extent and severity of McKenna's fatal injuries. <u>See</u> doc. no. 74 at 81. In its order on the issue, the court noted the government's assent and made clear that the fact of McKenna's death is admissible. <u>See</u> doc. no. 70 at 6.

At the May 11, 2021 hearing, the court explained that it would summarize the indictment in the jury instructions, rather than give a copy of the indictment to the jury. The court explained that it would be inclined to replace the phrase "who had died as a result of a workplace accident earlier that day" with the phrase "who died at the workplace earlier that day." The government assented to the proposed change. Craigue agreed with the new language as well.

IV. <u>Remaining Issues to be Resolved by Counsel</u>

The court previously ordered counsel to address certain issues prior to trial (doc. nos. 68, 70). What follows is a list of these remaining issues.

1. <u>Erickson's recent DUI arrest</u>: the court previously ruled that Craigue may question Erickson regarding his pending state criminal charge (doc. no. 68). Counsel will meet and confer to address whether the jury will hear the specific charge against Erickson or only the potential consequences. Counsel may draft a proposed limiting instruction, explaining to the jury that the pending charge goes to Erickson's bias and motive.

2. <u>Erickson's illegal drug use</u>: the court previously ruled that Craigue may question Erickson about his drug use around the time of McKenna's death, that Erickson's medical records are admissible for impeachment, and that Craigue may question Erickson about his current drug use outside the presence of the jury to attempt to lay a proper foundation before asking him about his current drug use in front of the jury (doc. no. 68). Counsel may meet and confer and propose appropriate limiting instructions with respect to the evidence of Erickson's drug use. Counsel shall also confer concerning the possibility that Erickson may assert at trial a Fifth Amendment privilege and provide the court with an update before trial regarding the same.

3. <u>McKenna's 2017 injuries</u>: the court previously ruled that evidence of the fact that McKenna sustained an injury in 2017 while working for Craigue and did not receive a workers' compensation award is admissible (doc. no. 70). Counsel may meet and confer and jointly propose a limiting instruction addressing the permissible purposes for which the jury may consider this evidence.

4. <u>McKenna's 2005 injuries</u>: the court previously ruled that evidence of the fact that McKenna suffered a work-related injury in 2005 and received a workers' compensation award is admissible (doc. no. 70). Counsel may meet and confer and jointly propose a limiting instruction regarding the purposes for which the jury may consider this evidence.

5. <u>Craigue's recorded statement to OSHA</u>: the court previously ruled that hearsay and other inadmissible statements that Craigue made to OSHA shall be redacted (doc. no. 70). Counsel shall meet and confer regarding the portions of Craigue's statements that should be redacted. To the extent the

parties are unable to reach full agreement, Craigue may renew and supplement his request to exclude portions of this recorded statement.

## CONCLUSION

For above reasons, the government's motion (doc. no. 96) to modify the court's prior order (doc. no. 68) is granted as to Ford and denied as to Erickson. Craigue's motion to exclude evidence in response to the superseding indictment (doc. no. 91) is granted in part and denied in part, as detailed in this order. Craigue's motion to exclude McKenna's cause of death as referenced in the indictment (doc. no. 94) is granted. Finally, counsel will address the unresolved issues listed in Section IV of this order.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

May 14, 2021

cc: Counsel of Record