THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA | ] |
| | ] |
| v. | ]  Cr. No. 19-cr-142-LM |
| | ] |
| | ] |
| NATHAN CRAIGUE | |

MOTION IN LIMINE/ADMISSION OF W-2

Pursuant to Federal Rule of Evidence 807 Craigue respectfully requests that the Court admit Kenneth McKenna's Wage and Tax Statement for 2008.

The government contends that Kenneth McKenna was an employee of Craigue. The government has cited a number of factors to support this conclusion, including the length of time that McKenna worked for Craigue. At a grand jury hearing held on May 15, 2019, Special Agent Sean Roberts with the U.S. Department of Labor, Office of the Inspector General, testified that Christopher Erickson stated that Kenneth McKenna had only worked for Craigue and had worked for him for about twenty years.

As part of its investigation, the government obtained a file box containing personal records of McKenna.   This file box was provided to the government by McKenna's daughter. In March of 2021, undersigned counsel reviewed the contents of the file box at the U.S. Attorney's Office. The file contained a 1040EZ Tax Form and a Wage and Tax Statement for 2008, indicating that McKenna was living in Texas in 2008 and working for the Kroger Company. *See Exhibit A* (redacted W-2 form and EZ form). McKenna's Wage and Tax Form for his employment at the Kroger Company is relevant because it demonstrates that McKenna did not work continuously with Craigue for the past twenty years as suggested by the government. It also

1

calls into question Erickson's personal knowledge of McKenna's work status with Craigue.

The Kroger Company has verified McKenna's employment in 2008. *See Exhibit B*. The Kroger Company, however, indicated that their record detention policy is seven years. Therefore, the company is not in possession of original employment documents of McKenna and the custodian is unable to make the appropriate certification for the Wage and Tax Form.

McKenna's Wage and Tax form is admissible pursuant to Federal Rule of Evidence 807. A statement may be admissible, even if inadmissible under a hearsay exception in Rule 803 or 804 if:

> (1) the statement is supported by sufficient guarantees of trustworthiness- after considering the totality of the circumstances under which it was made and evidence, if any, corroborating the statement; and
> (2) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts.

Fed.R.Evid. 807.   Courts have found W-2 and 1099 forms admissible pursuant to the business records exception. Fed. R. Evid. 803(6); see *United States v. Little, et al*., 2005 WL 2334711, *8 (E.D. Cal. 2005)(rejecting hearsay arguments and admitting 1099-B as business record); *United States v. Gambone*, 167 F. Supp. 2d 803, 830 (E.D. Pa. 2011)(concluding the 1099 forms were properly admitted as non-hearsay evidence fitting business records exception); *United States v. Hendrickson*, 2014 WL 3563441, *1 (E.D. Mich. 2014)(finding 1099 and W-2 meet business records exception).    While there is no custodian certification, McKenna's W-2 is authenticated by two means; first, the document was found in McKenna's personal belongings with a first-class stamped envelope addressed to McKenna, containing Kroger's return address on it; and second, the Kroger Company has verified his employment.   The Wage and Tax form and Kroger's verification demonstrate the authenticity of the document. The W-2 form retained in

McKenna's file box is, therefore, "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." Fed. R. Evid. 807(a)(3). The W-2 is offered to establish that McKenna was employed by Kroger in 2008.

The Court may also admit the W-2 as a fact that may be judicial noticed. Rule 201 provides in relevant part:

> (a) Scope:. This rule governs judicial notice of an adjudicative fact only, not a legislative fact.
>
> (b) Kinds of Facts That May Be Judicially Noticed: The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Fed.R.Evid. 201. The Wage and Tax Statement is a source whose accuracy cannot reasonably be questioned. *See United States v. Bello*, 194 F.3d 18, 22-24 (1st Cir. 1999)(discussing requirements of judicial notice); *cf. Massachusetts v. Westcott*, 431 U.S. 322 (1977)(records of Coast Guard judicially noticed); *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996)(taking judicial notice of agency documents).

**WHEREFORE,** Craigue respectfully requests that this Honorable Court admit McKenna's Wage and Tax Form.

Date: May 19, 2021

Respectfully submitted,
*/s/ Dorothy E. Graham*
Dorothy E. Graham
N.H. Bar No. 11292
Assistant Federal Defender
22 Bridge Street, 3rd floor
Concord, NH 03301
Tel. (603) 226-7360
E-mail: Dorothy_Graham@fd.org

**CERTIFICATE OF SERVICE**

     I hereby certify that the above document was served on the following person on May 19, 2021 and in the manner specified herein: electronically served through CM/ECF to AUSA John Davis, AUSA Aaron Gingrande and AUSA Anna Dronzek.

                                                */s/Dorothy E. Graham*
                                                Dorothy E. Graham