THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA | ] |
| | ] |
| v. | ]   Cr. No. 19-cr-142-LM |
| | ] |
| | ] |
| NATHAN CRAIGUE | |

**RENEWED MOTION TO EXCLUDE MCKENNA'S 2005 AND 2017 ACCIDENTS**

Nathan Craigue, through his attorneys, AFPD Dorothy Graham and AFPD Behzad Mirhashem, respectfully requests that the Court reconsider its decision to allow the government to introduce evidence of Kenneth McKenna's 2005 and 2017 jobsite accidents.  Craigue makes this argument pursuant to Federal Rules of Evidence 401, 402, 403, 602, and 801(c).

PROCEDURAL HISTORY

Craigue moved to exclude the following evidence: McKenna's 2005 jobsite injury; McKenna's 2017 jobsite injury; and his death at jobsite in 2018.  Doc. no. 36, 65.  On January 20, 2021, the court heard oral argument and subsequently issued a written order. Doc. 70. The court ruled that McKenna's injuries in 2005 and 2017, as well as his death at the jobsite in 2018, were admissible.  The cause, severity, or details of McKenna's injuries were deemed inadmissible. Subsequent to that ruling, the government obtained a two-count superseding indictment (doc. no. 79), and Craigue renewed his requests to exclude McKenna's 2005 and 2017 injuries and his 2018 injury and death.  Doc. no. 91.  The court ruled that the superseding indictment did not change the court's analysis of these issues and the prior order remained the same. Doc. no. 106.  The court ordered counsel for the government and the defense to address certain issues prior to trial, including

1

conferring and jointly proposing a limiting instruction regarding the purposes for which the jury may consider evidence of McKenna's 2005 and 2017 injuries.

## ARGUMENT AND REQUESTED RELIEF

While counsel acknowledges that the court has twice ruled the evidence admissible, counsel respectfully requests that the court reconsider its position. It would be extremely and unfairly prejudicial for the jury to hear, at a false statement trial, that McKenna was injured in 2005 and 2017, and died in 2018. Therefore, a reexamination of the admissibility of evidence of the injuries is requested on the following grounds.

Counsel makes this request after reviewing the transcript of the January 20, 2021 hearing and contemplating a potential limiting instruction; counsel, frankly, is struggling to articulate the purposes for which the jury could consider this evidence. For example, how is McKenna's 2005 injury actually probative of the work relationship between McKenna and Craigue in 2018? Based on McKenna's W-2 form found in his personal possessions, he did not work continuously for Craigue between 2005 and 2018. *See* Doc. no. 107. While the fact Craigue provided workers' compensation insurance coverage for McKenna in 2005 tends to show McKenna was an employee in 2005, McKenna's injury in 2005 does not make it any more probable that he was an employee 13 years later – especially given evidence that he was not continuously working with Craigue. *See* Fed. R. Evid. 401. The jury is tasked with deciding whether Craigue lied to OSHA on August 28, 2018 about the work status of Ford and McKenna on that date. Evidence of the injury in 2005 could lead to confusion of the issues. Fed. R. Evid. 403. Assuming arguendo that McKenna's workers' compensation insurance in 2005 is probative of his work status in 2018, such evidence

may be presented in a way less prejudicial to Craigue, without admitting evidence of McKenna's injury. This could be achieved by a stipulation that Craigue provided workers' compensation insurance to McKenna in 2005. *See Old Chief v. United States*, 519 U.S. 172, 186-91 (1997) (introducing nature of defendant's prior felony conviction was unfairly prejudicial where stipulation or admission was available).

The court ruled the 2017 injury is admissible based in part on the government's proffer of Christopher Erickson's grand jury testimony. Doc. no. 74 at 44-49; 74- 75. Specifically, the court found probative that McKenna was injured and did not have his own insurance or a way to pay for it. *Id*. at 74-75. However, Erickson should be precluded from testifying about McKenna's 2017 injury and lack of insurance because his testimony is based on inadmissible hearsay and he lacks personal knowledge.

At the motion in limine hearing, the government stated the following:

> Mr. McKenna, according to Mr. Erickson, did not make any worker's comp claim arising from the accident. Mr. Erickson spoke to Mr. McKenna about any conversation he might have had with Mr. Craigue about getting compensation and Mr. McKenna told Mr. Erickson that he talked to Mr. Craigue and Mr. Craigue said, basically, you're out of luck, and that no payment would be made. Mr. Erickson would further say that he and McKenna talked about McKenna making a worker's comp claim, but because Mr. McKenna was working under the table, he was not to bring it up. And Mr. Erickson said he believe that Mr. Craigue told Mr. McKenna not to bring that up, but I don't think Mr. Erickson witnessed that or overheard that.

*Id*. at 40. Erickson testified at the grand jury that the conversation between McKenna and Craigue was relayed to him by McKenna. Any testimony by Erickson concerning McKenna's request for workers' compensation would be inadmissible hearsay. Fed.R.Evid. 801(c). Because the basis of the court's ruling relies on evidence which will be inadmissible at trial, Craigue renews his request

3

to exclude McKenna's 2005 and 2017 injuries. Moreover, Erickson is not qualified to testify about Craigue's statement to McKenna because Erickson was not present during the conversation. *See* Fed.R.Evid. 602.

**WHEREFORE,** Craigue respectfully requests that this Honorable Court preclude the government from introducing evidence of McKenna's 2005 and 2017 injuries.

The government objects.

Respectfully submitted,

Date May 24, 2021

*/s/ Dorothy E. Graham*
Dorothy E. Graham
N.H. Bar No. 11292
Assistant Federal Defender
22 Bridge Street, 3rd floor
Concord, NH 03301
Tel. (603) 226-7360
E-mail: Dorothy_Graham@fd.org

### CERTIFICATE OF SERVICE

I hereby certify that the above document was served on the following person on May 24, 2021 and in the manner specified herein: electronically served through CM/ECF to AUSA John Davis, AUSA Aaron Gingrande and AUSA Anna Dronzek.

*/s/Dorothy E. Graham*
Dorothy E. Graham