THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ] | |
| ] | |
| v.                                                           ] | Cr. No. 19-cr-142-LM |
| ] | |
| ] | |
| NATHAN CRAIGUE | |

**SUPPLEMENT TO DEFENDANT'S RENEWED MOTION TO EXCLUDE
MCKENNA'S 2005 AND 2017 ACCIDENTS**

Nathan Craigue, through his attorneys, AFPD Dorothy Graham and AFPD Behzad Mirhashem, respectfully moves to supplement his renewed motion to exclude McKenna's 2005 and 2017 injuries/job-site accidents. Craigue makes this argument pursuant to Federal Rules of Evidence 401, 402, 403, and 801(c).

2015 Injury

When discussing the evidence of the 2005 injury, AUSA John Davis told the court during the motions in limine hearing on January 20, 2021 that he believed - although not certain - there was a state record of workers' compensation payments or a labor record that documented payments were made to McKenna. Doc. no. 74 at 70-71. The court ruled that McKenna's 2005 injury was admissible. Doc no. 70 at 5; doc. no. 74 at 73-74. Craigue has not received any NH Department of Labor record that documents payments received by McKenna or paid out to him. As with McKenna's 2017 injury, the government seeks to prove McKenna's 2005 injury through inadmissible hearsay. *See* Government Exhibit 103 (ID). The document, as well as testimony concerning the document, should be excluded as inadmissible hearsay.

1

2017 Injury

In addition to his argument that Erickson's testimony is inadmissible hearsay, Craigue also argues that the evidence is not probative of McKenna's understanding of his work status in 2018. Fed. R.Evid. 401-403.   The government contends that McKenna's discussion with Craigue about workers' compensation insurance in 2017 and Craigue's statement to McKenna that he was "out of luck" demonstrates McKenna's belief that he was an employee at that time.   While that conversation may have been probative of McKenna's understanding of his work status in 2017, it does not serve the same probative value for the 2018 work relationship.   According to Erickson's grand jury testimony, McKenna was aware in 2017 that he would not receive workers' compensation insurance.   The 2017 injury, therefore, does not tend to prove the proposition that McKenna was under the belief that he was an employee who would receive workers' compensation in 2018. Rather, the conversation about the 2017 injury tends to show that McKenna knew Craigue did not consider him an employee.

**WHEREFORE,** Craigue respectfully requests that this Honorable Court preclude the government from introducing evidence of McKenna's 2005 and 2017 injuries.

The government objects.

|||
|---|---|
| | Respectfully submitted, |
| Date May 30, 2021 | */s/ Dorothy E. Graham* <br> Dorothy E. Graham <br> N.H. Bar No. 11292 <br> Assistant Federal Defender <br> 22 Bridge Street, 3rd floor <br> Concord, NH 03301 <br> Tel. (603) 226-7360 <br> E-mail: Dorothy_Graham@fd.org |

## CERTIFICATE OF SERVICE

I hereby certify that the above document was served on the following person on May 30, 2021 and in the manner specified herein: electronically served through CM/ECF to AUSA John Davis, AUSA Aaron Gingrande and AUSA Anna Dronzek.

*/s/Dorothy E. Graham*
Dorothy E. Graham