UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 19-cr-142-LM |
| v. | ) |
| | ) |
| NATHAN CRAIGUE | ) |

## UNITED STATES' OBJECTION TO DEFENDANT'S RENEWED REQUEST TO EXCLUDE 2005 AND 2017 INJURIES

The United States of America, by John J. Farley, Acting United States Attorney for the District of New Hampshire, objects to Defendant's Motion in Limine regarding his Renewed Request to Exclude 2005 and 2017 Injuries of Kenneth McKenna (ECF #109) (the "Motion") as well as Defendant's Supplement to Renewed Motion to Exclude 2005 and 2017 injuries by Nathan Craigue (ECF #115) (the "Supplement"). Defendant's Motion is a motion for reconsideration: Defendant acknowledges that the Court has already ruled admissible certain limited facts regarding McKenna's 2005 and 2017 injuries on two prior occasions, *see* Motion at 2 ("counsel acknowledges that the court has twice ruled the evidence admissible"), but nonetheless requests the court consider admissibility of the evidence for a third time, *see* Motion at 1 (requesting "that the Court reconsider its decision to allow the government to introduce evidence of Kenneth McKenna's 2005 and 2017 jobsite accidents"). The Court should decline to do so. Two bites at the apple is more than enough; Defendant should not get a third. As a threshold issue, Defendant fails to meet the standard for reconsideration, since Defendant has failed to show new evidence warrants the Court's revisiting its prior rulings. But even if the Court were to do so, it should reach the same result: the evidence was properly admitted. Accordingly, the Court should deny Defendant's Motion.

1

### I.    DEFENDANT FAILS TO MEET THE STANDARD FOR RECONSIDERATION.

Although the Federal Rules of Criminal Procedure "do not expressly contemplate motions for reconsideration," courts in the First Circuit have entertained such motions, "generally borrow[ing] standards either from civil cases or from the local rules." *United States v. Iacaboni*, 667 F. Supp. 2d 215, 216 (D. Mass. 2009). The movant must "demonstrate that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." *Palmer v. Champion Mortgage,* 465 F.3d 24, 30 (1st Cir. 2006); *Global Naps, Inc. v. Verizon New England, Inc.,* 489 F.3d 13, 25 (1st Cir. 2007) ("As a general matter, a motion for reconsideration may only be granted if the original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations."); United States District of New Hampshire Local Rule 7.2(e) ("A motion to reconsider an interlocutory order of the court . . . shall demonstrate that the order was based on a manifest error of fact or law . . . ."). The First Circuit has noted that a motion for reconsideration is "an extraordinary remedy which should be used sparingly." *Palmer,* 465 F.3d at 30 (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

This is not a time where the extraordinary remedy of reconsideration is warranted: Defendant fails to show that there is "new" evidence to justify reconsidering the Court's prior ruling. The W-2 that Defendant references, from McKenna's time in Texas in 2008, has been available to the defense to view for over two years (reflected in document bates-stamped 19R48-DOL-OIG-01452 produced to defense on July 29, 2019 describing McKenna's personal records, which contain the W-2). Defense counsel has had knowledge of the W-2 itself since, at the latest, March 26, 2021 when defense counsel viewed the 2008 W-2 at the United States

Attorney's Office.  The date defense viewed this evidence was after the return of the superseding indictment, and over a month *before* the Court's issuance of its Order admitting evidence of McKenna's injuries for the second time.  *See* Court's Order Granting in Part and Denying in Part Defendant's Motion In Response to Superseding Indictment, dated May 14, 2021 (ECF #106) ("Second Order") (evidence of McKenna's injuries and associated workers' compensation admitted under sections II(2) and (3)).  Accordingly, the evidence is not "new" and fails to meet the standard for reconsideration. *Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 931 (1st Cir. 2014) (denying motion for reconsideration where information was previously available to plaintiff, and therefore not "new").  Defendant's motion must be denied.

## II.  EVEN IF THE COURT RECONSIDERS ITS PRIOR RULING, UPON DOING SO, THE COURT SHOULD ADMIT THE EVIDENCE.

Even if the Court finds that Defendant has met the threshold for a motion for reconsideration (which he has not), upon reconsidering the evidence, the Court should arrive at the same result: the evidence is admissible.  The Court has already found the evidence in question to be admissible, twice.  *See* Court's Order Granting in Part and Denying in part Defendant's Motion in Limine #2 as to Nathan Craigue, dated January 22, 2021 (ECF #70) ("First Order") at 2-3; Second Order at 4; Tr. 75 (describing this evidence as "important" and "probative").  As the Court has already acknowledged, whether Defendant paid workers' compensation for McKenna is relevant to whether he was an independent contractor or an employee.  *See* Tr. at 74 (Court explaining "the fact that he had an injury, and the fact that Mr. Craigue paid . . . that there was a worker's compensation award I do think is relevant . . . and I'm not seeing that its relevance is substantially outweighed by any other factors"); *cf. McCarthy* v. *Weathervane Seafoods*, No. 10-CV-395-JD, 2011 WL 4007406, at *2 (D.N.H. Sept. 8, 2011) (DiClerico, J.) (explaining that the New Hampshire "'Workers' Compensation Law,' is, by its

3

plain language, applicable only to employers and employees, as opposed to independent contractors.") (citing *In re Ann Miles Builder, Inc.,* 150 N.H. 315, 320 (2003)).

Defendant's arguments in his Motion that McKenna's injuries and any workers' compensation for them is irrelevant are arguments for the jury, not reasons for the Court to reverse its prior ruling. The W-2 evidence also does not justify reconsideration. That McKenna moved to Texas for a short time in 2008 does not render Defendant's filing a report for workers' compensation based on McKenna's 2005 injury, and his non-payment of workers' compensation for McKenna's injury in 2017, any less relevant. The evidence will show that McKenna went right back to work for Craigue when he returned to New Hampshire after his brief time living and working in Texas. Defendant's history of paying workers' compensation both before and after McKenna moved to Texas for less than a year, coupled with Defendant's interaction with McKenna upon McKenna's injury in 2017, shows Defendant knew he was required to pay workers' compensation to cover the risk of his employees' workplace accidents. If, when McKenna was injured on Defendant's jobsite in 2017, Defendant had come to the hospital and told McKenna he expected him to pay for his own injury since he was an independent contractor, or if McKenna had said he had insurance for his injury and would pay on his own, this would have been highly relevant, exculpatory evidence. The fact that, instead, McKenna inquired of Defendant about workers' compensation after his 2017 injury and Defendant let him know he was out of luck shows McKenna believed he was entitled to workers' compensation (and hence, that he believed he was an employee), and shows Defendant knew McKenna would expect him to pay for workers' compensation.

This is unique evidence of the parties' understanding of their relationship, the importance of which the Court has already acknowledged. *See* Transcript of Hearing Before the Honorable

Landya B. McCafferty, January 12, 2021 at 62-63 (Court's reasoning that "To the extent the *Darden* factors make [Craigue and McKenna] and what they thought relevant factors, then I'm inclined to say . . . he's not just another layperson; he is a layperson whose opinion would actually be a factor under *Darden*."); *see Nationwide Mutual Insurance Co.* v. *Darden*, 503 U.S. 318, 324 (1992) (citing as a source of factors to consider in determining whether a worker is an employee or independent contractor Restatement (Second) of Agency 220(2)(i), which states that the parties' beliefs about their relationship is a relevant factor); *United States v. Powers*, 702 F.3d 1, 12 (1st Cir. 2012) (upholding admission of witness's testimony that he did not consider himself an independent contractor in conspiracy to defraud case). Additionally, now that Defendant's offer to pay for *Erickson's* injury in 2018 has been excluded in light of the Court's recent dismissal of Count 2 of the Superseding Indictment, the evidence relating to McKenna's 2017 injury is the only evidence that supports the government's position regarding Defendant's non-payment of workers' compensation after 2016.

      For all of the above reasons, the evidence is highly probative.[1] The probative value of the evidence is also not substantially outweighed by unfair prejudice. The government has already agreed not to introduce details or circumstances of McKenna's injuries, mitigating any unfair prejudice or emotional response to those facts from the jury. Furthermore, the evidence is not

---

[1] Defendant additionally argues in his Supplement that the 2005 injury and 2017 injury and interaction between McKenna and Defendant about workers' compensation is based on inadmissible hearsay. The 2005 injury and Defendant's filing the report of McKenna's injury for workers' compensation is not hearsay: it will come in through a record of employee injury submitted by Defendant himself. The 2017 injury is also not hearsay. Erickson had firsthand knowledge and observations of McKenna's injury. While the discussion McKenna had with Defendant about workers' compensation for the injury will come in through Erickson's testimony, the statements in the conversation are not being offered to prove the truth of the matter asserted: rather, the conversation shows McKenna's expectation of receiving workers' compensation from Defendant, and Defendant's knowledge of that expectation.

"unfairly" prejudicial, as meeting the Rule 404(b) standard requires. *See United States v. Soto*, 799 F.3d 68, 90 (1st Cir. 2015) ("unfair prejudice" is "reserved for evidence that invites the jury to render a verdict on an improper emotional basis or for evidence that is shocking or heinous and likely to inflame the jury"). There is no unfair prejudice in admitting evidence that Defendant actually paid McKenna's workers' compensation claim in 2005, since that was a proper, lawful action that cannot be considered a prior "bad act." Evidence of the 2017 injury and Defendant's failure to pay workers' compensation is not propensity evidence showing Defendant is more likely to commit the crime charged because he committed a prior bad act: it is direct evidence of Defendant's guilt in the charged crime, since it shows his knowledge that he should have been paying workers' compensation for McKenna. Furthermore, the Court took measures in its Orders to minimize any unfairly prejudicial effects of the evidence: The Court excluded evidence regarding the cause, severity, and details of McKenna's 2005 injury, *see* First Order at 5-6, as well as McKenna's 2017 injury, *see* First Order at 3; Tr. 75 (the Court reasoned "The fact that [McKenna] was injured, that he went to the hospital and, you know, that he did not have his own insurance or a way to pay for it I think is separately relevant and I - - I think that any prejudice can be minimized by keeping out the details, prejudicial details, of the injury.") Finally, the Court agreed to give a limiting instruction regarding the permissible purposes for which the jury may consider the evidence—namely, the parties' understanding of their relationship. *Id.* These measures are more than sufficient to address any unfair prejudice in admitting the evidence.

### III. CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion.

Dated: May 31, 2021            Respectfully submitted,

                                         JOHN J. FARLEY
                                         Acting United States Attorney

By:        /s/ Aaron Gingrande
                                         Aaron G. Gingrande
                                         John S. Davis
                                         Anna Dronzek
                                         Assistant U.S. Attorneys
                                         53 Pleasant Street, 4th Floor
                                         Concord, New Hampshire 03301