UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

United States of America

     v.

Nathan Craigue

Criminal No. 19-cr-142-LM
Opinion No. 2021 DNH 094 P

## O R D E R

Defendant Nathan Craigue is charged in a superseding indictment with one count of making a false statement to a federal agent in violation of 18 U.S.C. § 1001(a)(2).  Presently before the court are two of Craigue's motions in limine.  See doc. nos. 107, 109.  The court resolves these motions as outlined below.

## BACKGROUND[1]

As of August 28, 2018, Craigue was the owner and operator of Craigue & Sons Home Exteriors.  In the summer of 2018, the company was hired to perform work on a property located in Concord, New Hampshire.  Craigue tasked two individuals, Kenneth McKenna and Nicholas Ford, with the project.  On August 28, 2018, McKenna had an accident at the jobsite.  He later died from his injuries.  The day of the accident, an officer from the Occupational Safety and Health Administration ("OSHA") visited the jobsite and spoke with Craigue.  Craigue

---

[1] To the extent the following facts are not alleged in the superseding indictment, see doc. no. 79, they are drawn from the court's prior order denying Craigue's motion to dismiss the original indictment on multiplicity grounds, see doc. no. 27.  These facts are not dispositive of the instant motions and are recited only to provide context.

allegedly told the officer that McKenna and Ford were subcontractors and were not employees of Craigue or his business.

The superseding indictment alleges that, on or about August 28, 2018, Craigue knowingly and willfully made a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of United States government by stating to the OSHA officer that McKenna and Ford were subcontractors and not employees.

## DISCUSSION

I.   Doc. no. 107

Craigue moves in limine to admit McKenna's W-2 from "Kroger" for the year 2008 pursuant to the residual hearsay exception.  See Fed. R. Ev. 807.  The government does not object to admission of this evidence.  Because the government does not object, the court grants doc. no. 107.

II.   Doc. no. 109

Craigue has previously moved pursuant to Federal Rules of Evidence 401, 402, 403, and 404(b) to exclude evidence that McKenna suffered injuries in 2005 and 2017 while working for Craigue.  See doc. nos. 65, 91.  In considering these challenges, the court has previously ruled that evidence of the fact that McKenna sustained an injury while working for Craigue in 2005 and again in 2017 is admissible, as is evidence that McKenna obtained a workers' compensation payment in connection with the 2005 injury but not the 2017 injury.  See doc. nos. 70, 106.  Craigue renews his relevance and Rule 403 challenges to evidence of

McKenna's prior injuries and attendant workers' compensation payments.  See doc. no. 109.  However, the court sees no grounds for revisiting its relevance determinations or its Rule 403 balancing as to this evidence.

In addition to renewing his challenges that this evidence is irrelevant and that any relevance is substantially outweighed by the danger of unfair prejudice, Craigue argues—for the first time—that the evidence is hearsay.  The court considers Craigue's hearsay challenges as to the 2005 and 2017 evidence separately below.

A.     The 2005 Injury and Subsequent Workers' Compensation Payment

The government previously provided Craigue with notice that it "intends to introduce evidence . . . showing that, in 2005, Mr. McKenna filed a claim for workers' compensation for an injury he sustained in the course of his work for Craigue & Sons," and that "Craigue & Sons paid Mr. McKenna's claim."  Doc. no. 61 at 5; see also Fed. R. Ev. 404(b)(3).  At a motion hearing on January 20, 2021, the government proffered that "there is a state record of the worker's comp payments so . . . there is a labor record that documents that that [2005] payment occurred."  Doc. no. 74 at 71.  The government has now provided this record to the court, along with the rest of its proposed exhibits.  The record is marked, for identification purposes only, as "Government Exhibit 103."

Craigue argues that this record is hearsay.  See Fed. R. Ev. 801(c).  The government responds that the record is not hearsay because Craigue filled it out himself; therefore, the government says, it is a statement of a party-opponent.  See

Fed. R. Ev. 801(d)(2).  In the alternative, the government contends that it will be able to lay a sufficient foundation for the record's admission under the business record exception to the rule against hearsay.  See Fed. R. Ev. 803(6).

The court does not have sufficient information at this time to determine whether the record is admissible as a statement of a party-opponent, as a business record, or under some other exception to the hearsay bar.  Accordingly, the court defers ruling on the admissibility of this record until trial.  However, it must be noted that, to the extent the government has independent evidence of the fact that McKenna suffered an injury in 2005 while working for Craigue, evidence of that injury is only relevant to explain why McKenna would have obtained a workers' compensation award.  If the court does not admit evidence that McKenna obtained a workers' compensation award in connection with his 2005 injury, the court will not admit evidence of the fact that McKenna suffered an injury in 2005.  The government may wish to take up the admissibility of Government Exhibit 103 with the court before it elicits other evidence that McKenna suffered an injury in 2005.

B.   The 2017 Injury and Subsequent Lack of a Workers' Compensation Payment

The government previously notified Craigue of its intent to introduce evidence and testimony from Christopher Erickson[2] that, in the summer of 2017, McKenna injured himself while working for Craigue and that, "[t]o Mr. Erickson's knowledge, Mr. McKenna never received workers' compensation" in connection with

---

[2] Erickson was another of Craigue's workers.

4

this injury.  Doc. no. 61 at 4.  At the January 20, 2021, motion hearing, the

government made the following proffer with respect to this evidence:

> Mr. DAVIS: Erickson was present with McKenna at the jobsite in
> Concord and was there when McKenna fell.  McKenna drove himself to
> the hospital, but Erickson went with him.  Mr. Craigue was not on the
> site, but he did come to the hospital within a couple of hours and they
> were all three at the hospital for five to six hours.  Mr. McKenna was
> out for five to six weeks after that.
>
> Mr. McKenna, according to Mr. Erickson, did not make any worker's
> comp claim arising from the accident.  Mr. Erickson spoke to Mr.
> McKenna about any conversations he might have had with Mr.
> Craigue about getting compensation and Mr. McKenna told Mr.
> Erickson that he talked to Mr. Craigue and Mr. Craigue said, basically,
> you're out of luck, and that no payment would be made.
>
> Mr. Erickson would further say that he and McKenna talked about
> McKenna making a worker's comp claim, but because Mr. McKenna
> was working under the table, he was not to bring it up, but I don't
> think Mr. Erickson witnessed that or overheard that.

Doc. no. 74 at 39-40.  Craigue argues that any testimony from Erickson concerning

McKenna and Craigue's conversation about workers' compensation is hearsay.

The court notes that Craigue's response to McKenna—that McKenna was out

of luck, that there would be no workers' compensation payment, and that McKenna

was not to bring up the possibility of obtaining such a payment—is not hearsay

because it is a statement of a party-opponent.  See Fed. R. Ev. 801(d)(2).  However,

based on the government's proffer, Erickson did not overhear Craigue's response to

McKenna's request.  McKenna merely told him what Craigue said after the fact.

Thus, the government must show that McKenna's conveyance of Craigue's response

to Erickson does not contravene the bar on hearsay.  Cf. Fed. R. Ev. 805 ("Hearsay

within hearsay is not excluded by the rule against hearsay if each part of the

combined statements conforms with an exception to the rule."). In addition, the government must show that any request made by McKenna to Craigue for workers' compensation does not run afoul of the rule against hearsay.

The government contends that neither McKenna's request nor Craigue's response are being offered to prove the truth of the matter(s) asserted; rather, the government says, "the conversation shows McKenna's expectation of receiving workers' compensation from [Craigue], and [Craigue's] knowledge of that expectation." Doc. no. 117 at 5 n.1. The government is correct that an out-of-court statement is only hearsay if it is offered to prove the truth of the matter asserted in the statement. See Fed. R. Ev. 801(c); United States v. Cruz-Diaz, 550 F.3d 169, 176 (1st Cir. 2008). "[A]n out-of-court statement may be admitted over a hearsay objection if the statement is offered . . . merely to show that a party had knowledge of a material fact or issue." Echo Acceptance Corp. v. Household Retail Servs., Inc., 267 F.3d 1068, 1090 (10th Cir. 2001). Here, evidence bearing on whether McKenna or Craigue thought McKenna could obtain a workers' compensation payment in connection with his 2017 work injury is relevant to McKenna's employment status. See Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 323-24 (1992); Restatement (Second) of Agency § 220(2)(i); Saenger Org., Inc. v. Nationwide Ins. Licensing Assocs., Inc., 119 F.3d 55, 61 (1997). And, independent of the truth of the content of their conversation—i.e., regardless of whether McKenna truly was "out of luck" with respect to workers' compensation—the mere fact that McKenna and Craigue had a discussion about McKenna's ability to obtain a workers' compensation payment sheds light on whether they thought McKenna could obtain such a payment.

6

Thus, the court concludes—on a provisional basis—that Erickson's testimony regarding Craigue and McKenna's conversation does not offend the rule against hearsay if offered for the reasons put forth by the government.  The court's ruling is subject to change based on how Erickson testifies at trial.  To the extent the court's provisional ruling does not change, the court will instruct the jury regarding the purposes for which it may consider Erickson's testimony.  And the court reiterates that the relevance of evidence that McKenna suffered an injury in 2017 is tied to evidence that Craigue and McKenna discussed McKenna's ability to obtain a workers' compensation payment.  If the conversation is ultimately inadmissible, so too is evidence of the fact of McKenna's 2017 injury.

## CONCLUSION

Doc. no. 107 is granted.  Doc. no. 109 is denied to the extent it seeks to exclude evidence on relevance and Rule 403 grounds.  It is also denied to the extent it seeks to exclude evidence of McKenna's 2017 injury and his conversation with Craigue about obtaining a workers' compensation payment on hearsay grounds. The court defers ruling on doc. no. 109 to the extent it challenges the admissibility of Government Exhibit 103 (ID) on hearsay grounds.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

June 3, 2021
cc: Counsel of Record