THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA | ] |
| | ] |
| v. | ]   Cr. No. 19-cr-142-LM |
| | ] |
| | ] |
| NATHAN CRAIGUE | |

NOTICE OF INTENT TO IMPEACH/MATERIALS IN SUPPORT THEREOF

The defendant, Nathan Craigue, by and through his counsel, respectfully provides notice to the Court and to the government that he may seek to impeach Christopher Erickson with the following evidence: his arrest on October 8, 2018 for criminal mischief; an arrest/charge on the same day for breach of bail conditions; and evidence that he was sentenced to serve two to four years at the New Hampshire State Prison on March 10, 2015, with all of the minimum and maximum sentence suspended for five years.  This evidence is admissible pursuant to Federal Rules of Evidence 401 and 403 and the Sixth Amendment of the United States Constitution.

In support of this Motion, it is stated:

FACTS

The government intends to call Mr. Erickson to testify in this case regarding McKenna's work status with Craigue and Sons. The following timeline demonstrates the relevance of Erickson's arrests and suspended sentence for impeachment purposes:

| | |
|---|---|
| 3/10/15 to 3/10/2020 | Erickson's Conviction for Drug Felony 2-5 yrs suspended for 5 years |
| 8/30/18 | Erickson makes report to OSHA |
| 8/31/18 | Interview with Federal Officer Scott Kelly |
| 9/10/18 | Erickson signs Officer Scott Kelly's typed statement |

1

| | |
|---|---|
| 9/19/18 | Interview with Federal Officer Robert Carbone |
| 10/8/18 | Arrest for Criminal Mischief |
| 10/8/18 | Arrest for Breach of bail condition |
| 2/21/19 | Erickson Pleads to breach of bail offense |
| 6/28/19 | Erickson's Grand Jury Testimony |
| 7/11/19 | Erickson's Testimony at NH DOL (Erickson v. REI) regarding Workers' Compensation Claim |
| 9/24/20 | Erickson charged with DWI 3rd – still pending1 |

## LAW AND ARGUMENT

### Motive

"The Sixth Amendment to the Constitution guarantees a criminal defendant the right to confront the witnesses against him.   As essential component of this right is the defendant's prerogative to establish the biases, prejudices, or ulterior motives of these witnesses through cross-examination."   *United States v. Williams*, 985 F.2d 634, 639 (1st Cir. 1993); *see Davis v. Alaska,* 415 U.S. 308, 316 (1974)("Exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross examination"). Evidence of motive and bias is relevant to the jury's assessment of the witness's accuracy and credibility. Fed. R. Evid. 401 – 403; *See United States v. Abel*, 469 U.S. 45, 50-52 (1984)( Federal Rules of Evidence 401-403 contemplate impeachment by showing bias).

A witness's interest in pleasing the government to reduce the risk of criminal investigation, prosecution, or sanctions is a common motive and self-interest that may be explored through cross examination and extrinsic evidence. *See United States v. Bagley*, 473 U.S. 667 (1985) (witnesses could have been motivated by a possible "reward" from the government if testified to the

---

1  The Court previously granted counsel's request to question Erickson regarding his pending state criminal charge. Doc. no. 68 at 3.

2

government's satisfaction); *Davis,* 415 U.S. at 316 (the witness may have falsely identified the defendant in order to shift suspicion away from himself or because he feared that his probationary status would be jeopardized if he did not satisfactorily assist the police and prosecutor in obtaining a conviction.); *United States v. Ulloa*, 942 F. Supp. 2d 202, 206 (D.N.H. 2013) ("There is no question of the relevance of evidence that a witness has a motivation to lie to continue to curry favor with the government. What's more, a witness's self-interest or motive to testify falsely is generally considered to be a non-collateral issue, so extrinsic evidence is admissible to show bias.") (citations and quotation marks omitted).

At the time Erickson spoke with the government in this investigation, he had reason to cooperate and/or curry favor.   He had a state prison sentence hanging over his head.   At the time of his grand jury testimony, he had been charged with two new offenses – grounds for imposition of his state prison sentence. In order to effectively assess Erickson's credibility, the jury must be made aware of Erickson's interest and motivation in pleasing the government with his testimony and by cooperating with their prosecution.

.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date: June 4, 2021 | */s/ Dorothy E. Graham*<br>Dorothy E. Graham<br>N.H. Bar No. 11292<br>Assistant Federal Defender<br>22 Bridge Street, 3rd floor<br>Concord, NH 03301 |

3

Tel. (603) 226-7360
E-mail: Dorothy_Graham@fd.org

**CERTIFICATE OF SERVICE**

 I hereby certify that the above document was served on June 4, 2021 and in the manner specified herein: electronically served through CM/ECF to AUSA John Davis and AUSA Anna Dronzek.

*/s/Dorothy E. Graham*
Dorothy E. Graham