UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 08-231 (EGS) |
| ) | |
| THEODORE F. STEVENS, ) | |
| ) | |
| Defendant. ) | |

**MOTION OF THE UNITED STATES TO SET ASIDE THE VERDICT
AND DISMISS THE INDICTMENT WITH PREJUDICE**

In February 2009, the Acting Assistant Attorney General for the Criminal Division appointed undersigned counsel to conduct the post-trial litigation in this matter. In preparing to respond to defendant Theodore Stevens' various motions and in preparation for a possible evidentiary hearing, undersigned counsel began collecting and reviewing documents and interviewing potential witnesses. As the Court is aware, the Government has voluntarily provided to the defense documents and summaries of witness interviews.

The Government recently discovered that a witness interview of Bill Allen took place on April 15, 2008. While no memorandum of interview or agent notes exist for this interview, notes taken by two prosecutors who participated in the April 15 interview reflect that Bill Allen was asked about a note dated October 6, 2002, that was sent from the defendant to Bill Allen. The note was introduced at trial as Government Exhibit 495 and was referred to as the "Torricelli note." The notes of the April 15 interview indicate that Bill Allen said, among other things, in substance and in part, that he (Bill Allen) did not recall talking to Bob Persons regarding giving a bill to the defendant. This statement by Allen during the April 15 interview was inconsistent with Allen's recollection at trial, where he described a conversation with Persons about the

Torricelli note. In addition, the April 15 interview notes indicate that Allen estimated that if his workers had performed efficiently, the fair market value of the work his corporation performed on defendant's Girdwood chalet would have been $80,000. Upon the discovery of the interview notes last week, the Government immediately provided a copy to defense counsel.

Defendant Stevens was not informed prior to or during trial of the statements by Bill Allen on April 15, 2008. This information could have been used by the defendant to cross-examine Bill Allen and in arguments to the jury. The Government also acknowledges that the Government's Opposition to Defendant's Motion for a New Trial provided an account of the Government's interviews of Bill Allen that is inaccurate. *See* Opposition at 42-43 (Dkt. No. 269).

Given the facts of this particular case, the Government believes that granting a new trial is in the interest of justice. *See* Fed. R. Crim. P. 33(a). The Government has further determined that, based on the totality of circumstances and in the interest of justice, it will not seek a new trial. Accordingly, pursuant to Fed. R. Crim. P. 48(a), the Government moves to set aside the verdict and dismiss the indictment with prejudice.

Further, as the Court is aware, certain matters in this case previously have been referred to the Office of Professional Responsibility of the Department of Justice. The Government has supplemented the referral to include the facts concerning the April 15th Bill Allen interview. Once the inquiry into this matter is completed by the Office of Professional Responsibility, the Government will share the findings of that inquiry with the Court.

Respectfully submitted,

*/s/ Paul M. O'Brien*
PAUL M. O'BRIEN
Chief, Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
1400 New York Ave. NW
Washington, D.C. 20530
Tel: 202-514-0169
Fax: 202-514-6112

*/s/ David L. Jaffe*
DAVID L. JAFFE
Deputy Chief, Domestic Security Section

*/s/ William J. Stuckwisch*
WILLIAM J. STUCKWISCH (Bar No. 457278)
Senior Trial Attorney, Fraud Section

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of April, 2009, I caused a copy of the foregoing "MOTION OF THE UNITED STATES TO SET ASIDE THE VERDICT AND DISMISS THE INDICTMENT WITH PREJUDICE" to be delivered electronically to the following:

Brendan V. Sullivan, Jr., Esq.
Robert M. Cary, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005

Paul M. O'Brien

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )<br>)   No. 08-231 (EGS)<br>THEODORE F. STEVENS,   )<br>)<br>Defendant.   )<br>_____) | |

**[PROPOSED] ORDER**

Upon consideration of the Motion of the United States to Set Aside the Verdict and Dismiss the Indictment with Prejudice, it is

ORDERED that the Motion of the United States to Set Aside the Verdict and Dismiss the Indictment with Prejudice is GRANTED.

SO ORDERED.

                                                                                     _____
                                                                                     Emmet G. Sullivan
                                                                                      United States District Judge

                                                                                 Dated: _____