UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1: 19-cr-00142-LM |
| | ) | |
| NATHAN CRAIGUE | ) | |

**UNITED STATES' ASSENTED-TO MOTION TO FURTHER
REDACT TRIAL TRANSCRIPTS**

The United States, by its undersigned attorney, hereby requests that the Court order further redactions to certain transcripts that are to be publicly docketed in the above-captioned matter, in order to protect the identity of a third-party witness: specifically, the Court should order to be added to the trial transcripts the proposed redactions that appear in red boxes in the transcript excerpts attached as Exhibit A (transcript of Trial Day 4 of the above-captioned matter), and Exhibit B (transcript of Trial Day 5 of the above-captioned matter), both of which reflect the court reporters' existing redactions in black. The Court should order the transcripts to be redacted in this way to protect the identity of a witness about whom sensitive information was disclosed during the trial proceedings. Such information, if prematurely released, may affect the privacy interests of, or cause reputational and more serious harm to, the witness or to other persons.

The defendant, through his counsel, Behzad Mirhashem, Esq., and Dorothy Graham, Esq., assents to this motion.

A supporting memorandum of law has not been submitted because it is unnecessary in light of the nature of the relief requested.

Dated: August 20, 2021                              Respectfully submitted,

                                                    JOHN J. FARLEY
                                                    Acting United States Attorney

                          By:         /s/ Aaron Gingrande
                                                    Aaron G. Gingrande
                                                    John S. Davis
                                                    Assistant United States Attorneys
                                                    53 Pleasant Street, 4th Floor
                                                    Concord, New Hampshire 03301
                                                    (603) 225-1552

# EXHIBIT A

# Additional Redactions to Transcript of Trial Day 4

```
 1   Tom is that he does a lot of work with Shane Laliberte?
 2        A.   They -- they have a -- they have a contractual
 3   relationship where they do work for each other, yes.
 4        Q.   So like Tom would be a subcontractor for Laliberte
 5   if he put windows in for him?
 6        A.   I don't have -- I don't know that.
 7             MR. MIRHASHEM:  Okay.
 8             THE COURT:  Anything further, Attorney Davis?
 9             MR. DAVIS:  Nothing further.
10             THE COURT:  All right.  Mr. Clark --
11             THE WITNESS:  Yes.
12             THE COURT:  You're excused.  Thank you, sir.
13             THE WITNESS:  Thank you.
14             THE COURT:  You may call your next witness.
15             MR. DAVIS:  Scott Kelly.
16             MR. MIRHASHEM:  Your Honor -- your Honor, I'm just
17   asking for a sidebar.
18             THE CLERK:  Is it a sidebar?
19             THE COURT:  There's a sidebar, yes.
20             MR. DAVIS:  Can we have a sidebar, Judge?
21             THE COURT:  Yeah.  Just one moment.
22                              AT SIDEBAR
23             MR. MIRHASHEM:  Your Honor, I don't want to
24   cross-examine Scott Kelly until I know the information on
25   ▇▇▇▇▇▇   And I can explain why.
```

| | |
|---|---|
| 1 | I'm concerned that he's going to testify on direct |
| 2 | now and then we're not even going to know what's happening with |
| 3 | ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ So I'm just bringing that up so that |
| 4 | we can look forward. |
| 5 | THE COURT: Okay. Do you have a problem then with |
| 6 | when direct is over breaking for lunch and then you would have |
| 7 | the opportunity at that time before your cross to read through |
| 8 | the records? |
| 9 | MR. MIRHASHEM: As long as we have everything, |
| 10 | that's fine. I just want to be clear, your Honor. I'm sorry |
| 11 | for repeating myself, but our request for exculpatory evidence |
| 12 | is not limited to the ▉▉▉▉. Our claim is that they need to |
| 13 | check with the Concord Police Department and see what |
| 14 | exculpatory information there is about this person. They need |
| 15 | to check with Sean Roberts to see what he knew, and they need |
| 16 | to check with William Carroll to see what he knew before the |
| 17 | cross-examination. |
| 18 | And so those are areas that I think are going to |
| 19 | come up during the testimony of Agent Kelly. |
| 20 | THE COURT: Okay. Well, let's do his direct and at |
| 21 | the end of his direct, when you're ready to cross, we will |
| 22 | figure out what to do and where to go. Does that make sense? |
| 23 | MR. MIRHASHEM: Thank you. |
| 24 | MR. DAVIS: We have received the records now. We |
| 25 | have them in the courtroom. |

1    THE COURT: All right. He just hasn't had time to
2  look at them and he needs time to look at them and wants to do
3  that before the cross.
4    MR. DAVIS: Yes. And we haven't disclosed them yet,
5  so we're just looking at them ourselves.
6    THE COURT: Okay. All right. Well, it may be a
7  long lunch break.
8    Okay.
9              CONCLUSION OF SIDEBAR
10   THE CLERK: Mr. Kelly, would you please take the
11 witness stand and raise your right hand.
12   **SCOTT KELLY**, having been first duly sworn, testified
13 as follows:
14   THE CLERK: Thank you. Please state your full name;
15 spell your last name for the record.
16   THE WITNESS: Full name is Scott Wayne Kelly, my
17 last name is K-e-l-l-y.
18   THE CLERK: Thank you very much, sir. Please be
19 seated.
20              DIRECT EXAMINATION
21 BY MR. DAVIS:
22   Q.   And, Mr. Kelly, you're permitted under the court
23 rules to be the sole person in the courtroom to remove his
24 mask, if you so choose. So I invite you to do that, if you
25 would.

1  you're testifying, and so please don't talk to anybody during
2  the break about your testimony.
3         And the jury knows my instructions as well.  I'm not
4  going to repeat those to you, but we will take our lunch break
5  now and see you at 1:30.
6         THE CLERK:  All rise for the jury.
7            (Jury excused for the lunch recess.)
8         THE COURT:  Officer Kelly, you may step down and you
9  are relieved until 1:30.
10        Thank you, sir.
11        THE WITNESS:  Okay.
12        THE COURT:  Can counsel just give me a sense -- let
13 me turn on my mic -- the sense of the anticipated timing.
14 Here's my concern.  I keep the jury here for an hour for lunch
15 and then we find out for some reason that you can't go forward
16 with cross because you need to go through paperwork, you need
17 to make decisions.  And ultimately I just want to be able to
18 send the jury home ultimately if that's what's going to happen
19 today and I want to do it earlier rather than later.
20        So if counsel can just keep the Court informed, I'll
21 be in the building.  I'll be here for the hour.  And just let
22 me know where we're headed with this.  That would be very
23 helpful.
24        And if there are no concerns, you're going to be
25 able to do cross right at 1:30, then you don't need to notify

1  me of anything.
2              MR. MIRHASHEM:  Can I just ask, is the plan -- if I
3  review the material and ultimately there's a ruling that there
4  is some -- I think my understanding is already ▮▮▮▮ has
5  said enough that I should be allowed to cross-examine about
6  drug use in the relevant time period and really the ▮▮▮▮ is
7  what still needs to be resolved.
8              So my question is is the Court thinking that we're
9  going to resume with -- oh, you've already said that ▮▮▮▮
10 is going to come tomorrow, because I was thinking about -- I
11 was kind of in the middle of my cross with him.  Ideally, in
12 the normal course of events, I would have crossed him before
13 this agent testified.  So I'm little bit concerned that now I'm
14 going to be crossing him not knowing what ▮▮▮▮ ultimately
15 is going to say about his -- what was his drug use state in the
16 weeks that he was avoiding this person, what did he say to him.
17             So that's my concern.  I mean, I -- I was just
18 thinking that ▮▮▮▮ once we resolved this issue, is going
19 to be the next witness.  That was what I had been thinking.
20             THE COURT:  Well, I did release ▮▮▮▮ this
21 morning in the presence of counsel and ultimately we talked
22 about the sequence of events today.  It's going in as we
23 discussed.  So I don't know what to say about that.  To the
24 extent you need to call other witnesses or recall witnesses,
25 I'll let you make that decision.  Perhaps you can consult with

1 the government about timing. I will let you both agree to put
2 on witnesses in whatever order you both agree to.
3 But right now, Officer Kelly's testifying and you
4 will cross-examine him before you -- you do any voir dire or --
5 or any further cross of ▓▓▓▓▓▓ I don't see any other way to
6 do this.
7 MR. MIRHASHEM: I'll just mention that I did bring
8 this up before we started Officer Kelly's testimony. I did
9 note that I -- I said that I foresaw a problem with calling him
10 when I don't have information ▓▓▓▓▓▓ And then I thought
11 that the agreement was, well, he's going to testify on his
12 direct and then we're going to see what happens next.
13 But I understand. We'll certainly look at the
14 materials and then let the Court know.
15 THE COURT: Right. You may look at them and you may
16 be fine with cross-examining Kelly today. So just let me know
17 what agreements you reach.
18 MR. DAVIS: Just -- just a couple of points, Judge.
19 Thank you.
20 It isn't a big file, so it shouldn't take too long.
21 I do think that we're going to need or ask for a protective
22 order and what I'm hoping we can do is make an oral agreement
23 and make them subject to a protective order and give them to
24 them unredacted right now so that we can move here. But
25 obviously there's -- there's names in here and things that

1 shouldn't be disclosed.
2           But, anyway, we can -- we can address that.  But I
3 do -- this is very sensitive material, obviously, and we want
4 it protected.
5           The other thing is my guess is that one thing that
6 could happen here is Mr. Mirhashem is ready not in one hour,
7 but two hours, to cross Mr. Kelly.  That is, you know, once we
8 disclose -- once he eats a little lunch, it may take him more
9 than until 1:30 to feel like he's got what he's got.
10          I'm just -- and so I don't know if -- if he says I
11 need until 2:00 or I need until 2:30, is that something the
12 Court would indulge or would the Court -- you know, would the
13 Court rather just say if we're going to do that, send him home
14 now.  Whatever is fine with us, but I'm just -- I just -- it
15 may be hard for the defense, in fairness, to be ready at 1:30.
16          THE COURT:  All right.  I'll cross that bridge and
17 make that decision.
18          MR. DAVIS:  Okay.
19          THE COURT:  I think you both know my priority is to
20 keep the case on time for the jury's sake.  If I have to send
21 them home, I'll explain that in open court and make that
22 decision at the time.  Okay?
23          THE CLERK:  All rise.
24          (Lunch recess taken at 12:36 p.m.)
25

# EXHIBIT B

# Additional Redactions to Transcript of Trial Day 5

1  officer says he would not have engaged -- I mean, the wording,
2  I may be off, but he basically said he would have kept Agent
3  Roberts posted about this.
4          This is discovery that was provided to us.  It's
5  nothing but ███████ ████████████ █████████.  ██████████
6  has -- you know, every time one of our clients gets convicted
7  the next day there's a press release on their website.  This
8  matters.  I had a client who just lost a job two days ago
9  based on their press releases.  Why should there be any
10 limitation on our client's ability to tell the world about
11 what happened to him?
12         MR. DAVIS:  Judge, we ask that the report -- we
13 have no objection to the Court seeing it.
14         The report documents our phone call to Mr. Carroll
15 late yesterday after court.  The Department of Labor agent
16 worked assiduously overnight to get it done, and we sent it
17 within ten minutes to the defense.  We have no objection to
18 the Court seeing it of course.
19         We do ask that it be subject to the same protective
20 order because it clearly reveals that ███ ████ █████████████
21 ████ █, and being ██████████ ████ █, and discusses how that
22 came about in May of 2019, and so in the same spirit that the
23 █████████ was sealed, we would ask that this be sealed.
24         Now, if there are -- so we -- you can do a press
25 release, whatever you want, about the case being dismissed,

```
 1  but --
 2              MR. MIRHASHEM:  We don't do press releases.  Our
 3  client -- my suggestion -- I'm sorry.  I didn't mean to
 4  interrupt.
 5              MR. DAVIS:  Anyway, I mean, part of the point of
 6  this is to protect what's left of the ████████████ ████
 7  ██████ █████████.  He didn't do anything wrong.  ████████
 8  ████████████████ ██████████████████████████████████████████.
 9  There's nothing derogatory in their ████ about him.  That
10  ████████████ has been kept secret, and we have investigated --
11  at your request we've disclosed -- you have everything that we
12  have about it.  All we ask is don't put in the press that ████
13  ████ █████ ███████████████.
14              MR. MIRHASHEM:  I'm certainly not going to put
15  anything in the press.  My concern is when our clients under a
16  threat of prolonged imprisonment testify pursuant to a 5K
17  agreement, the whole world learns at trial of their
18  cooperation.
19              This person got ████████████████████████ our
20  client.  We don't have any interest in harming him.  But when
21  somebody ████████████ █████████ and we have his ████████████
22  ████████████, then I guess in litigation we can see what he
23  understood or didn't understand.
24              I talk to clients and say you can cut five years
25  off your sentence, but you've got to know that then you're
```